**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar # 146125)

**LAW OFFICES OF PAUL L. REIN**

200 Lakeside Drive, Suite A
OAKLAND, CALIFORNIA 94612
(510) 832-5001

PAUL L. REIN (State Bar # 43053)

Attorneys for Plaintiff CHARLES BLACKWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BLACKWELL,

      Plaintiff,

      vs.

CITY AND COUNTY OF SAN
FRANCISCO, 1268 GRANT AVENUE
LLC, CHRISTOPHER P. FOLEY and DOES
ONE through TEN, inclusive,

      Defendants.

Case No. C 07 4629 JL

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF (1) TITLE II OF THE AMERICANS WITH DISABILITIES ACT; (2) TITLE III OF THE AMERICANS WITH DISABILITIES ACT; (3) THE REHABILITATION ACT OF 1973; (4) CALIFORNIA GOVERNMENT CODE SECTION 4450 ET SEQ. AND CALIFORNIA CIVIL CODE SECTION 54(a); (5) CALIFORNIA CIVIL CODE SECTIONS 51 AND 52; (6) CALIFORNIA GOVERNMENT CODE SECTION 11135; AND (7) CALIFORNIA HEALTH & SAFETY CODE SECTION 19955 ET SEQ. AND CALIFORNIA CIVIL CODE SECTION 54 ET SEQ.**

**JURY TRIAL DEMANDED**

    Plaintiff Charles Blackwell ("Plaintiff") complains and alleges as follows:

/ / /

COMPLAINT FOR DAMAGES       1     U.S. DISTRICT COURT CASE NO.

## I.    INTRODUCTION

1.    This case involves the denial of accessible facilities to Plaintiff, a qualified disabled person, on the public sidewalk at 1268 Grant Avenue, San Francisco, California ("1268 Grant Avenue"). As the result of such denial of accessible facilities, Plaintiff suffered severe physical personal injuries as well as denial of his civil rights. Plaintiff is a "person with a disability" or "physically handicapped person," who is visually impaired, and is unable to safely or with full and equal access use portions of public facilities which are not fully accessible to physically disabled persons who have visual disabilities.

2.    On February 8, 2007, Plaintiff was walking on the public sidewalk at 1268 Grant Avenue when he slipped and fell on the sidewalk elevator door cover located on the public sidewalk. As a result, Plaintiff sustained serious personal injuries including, but not limited to a broken left arm. Plaintiff was denied his rights to full and equal access at this sidewalk, and was denied his civil rights under both California law and federal law, as herein below described, because this sidewalk was not, and is not now, properly accessible to physically disabled persons such as Plaintiff. Plaintiff seeks injunctive relief to require Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to make this sidewalk accessible to disabled persons and to ensure that any disabled person who attempts to use this sidewalk will be provided safe and accessible paths of travel on the public sidewalk at 1268 Grant Avenue. Plaintiff also seeks recovery of damages for his physical personal injuries and discriminatory experiences and denial of access and denial of his civil rights, which denials are continuing as a result of the failure of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to provide an accessible sidewalk to physically disabled persons such as Plaintiff. Plaintiff also seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

## II.    JURISDICTION

3.    This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* Pursuant to this Court's

1   supplemental jurisdiction, attendant and related claims for relief arising from the same facts are

2   also brought under California law, including but not limited to violations of California

3   Government Code §§ 4450, *et. seq.*; Health & Safety Code §§ 19955, *et seq.*, including § 19959;

4   Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54(a), and 55.

5   **III.   VENUE**

6        4.      Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on (1)

7   Plaintiffs' information and belief that some or all of the defendants reside in this judicial district;

8   (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial

9   district; and (3) "a substantial part of property that is the subject of the action is situated" in this

10  judicial district.

11  **IV.   INTRADISTRICT ASSIGNMENT**

12       5.      Intradistrict assignment to the San Francisco Division is appropriate pursuant to

13  Civil L.R. 3-2(c) because "a substantial part of the events or omissions which give rise to the

14  claim occurred or in which a substantial part of the property that is the subject of the action is

15  situated" occurred in San Francisco County.

16  **V.    THE PARTIES**

17       6.      Plaintiff is and at all time relevant to this Complaint was a physically disabled

18  person, and a "person with disabilities," as these terms are used under California and Federal,

19  including but not limited to Section 504 of the Rehabilitation Act and Titles II and III of the

20  Americans with Disabilities Act of 1990. The terms "physically disabled person," and a "person

21  with disabilities" will be used interchangeably throughout this Complaint. Plaintiff is visually

22  impaired.

23       7.      Defendant City and County of San Francisco (the "City") is a public entity and

24  municipal corporation organized and existing pursuant to the laws of the State of California, is

25  the owner of the public sidewalk at 1268 Grant Avenue, and is subject to Title II of the

26  Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

27  to the requirements of California State law requiring full and equal access to public facilities

28

1  pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

2  referred to in this Complaint.

3      8.      Defendant 1268 Grant Avenue LLC was the owner of the real property located at

4  1268 Grant Avenue on February 8, 2007 and, as such, was responsible in whole or in part for the

5  condition of the sidewalk elevator door cover located on the public sidewalk, and is subject to

6  Title III of the Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation

7  Act of 1973, to the requirements of California State law requiring full and equal access to public

8  facilities pursuant to Government Code Sections 11135 and 4450, and to all other legal

9  requirements referred to in this Complaint.

10      9.      Defendant Christopher P. Foley is the current owner of the real property located at

11  1268 Grant Avenue and, as such, is responsible in whole or in part for the condition of the

12  sidewalk elevator door cover located on the public sidewalk, and is subject to Title III of the

13  Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

14  to the requirements of California State law requiring full and equal access to public facilities

15  pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

16  referred to in this Complaint.

17      10.      Plaintiff is ignorant of the true names and capacities of the defendants sued in this

18  litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these

19  fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of

20  these defendants once they have been ascertained.  Plaintiff is informed and believes and

21  thereupon alleges that each of the fictitiously named defendants is in some manner responsible

22  for the injuries and damages to Plaintiff alleged in this Complaint.

23      11.      Plaintiff is informed and believes that each of the defendants herein is the agent,

24  employee, representative, joint venture and/or common enterprise affiliate of each of the other

25  defendants, and performed all acts and omissions stated herein within the scope of such agency

26  or employment or representative capacity or joint venture or common enterprise and is

27  responsible in some manner for the acts and omissions of the other defendants in proximately

28  causing the damages complained of herein.

COMPLAINT FOR DAMAGES                    4          U.S. DISTRICT COURT CASE NO.

1    **VI.    COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT**

2        12.    On February 27, 2007, Plaintiff timely filed a Tort Claim with the City, a copy of

3    which is attached as Exhibit A.

4        13.    On March 8, 2007, the City denied Plaintiff's Tort Claim, a copy of which is

5    attached as Exhibit B.

6    **VII.    CLAIMS FOR RELIEF**

7    **FIRST CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE II**

8    **OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

9    **(Against Defendant City and County of San Francisco)**

10        14.    Plaintiff incorporates by reference each of the preceding paragraphs as though

11    fully set forth herein, and further alleges as follows:

12        15.    Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public

13    Services" provision of Title II of the Americans with Disabilities Act of 1990 ("ADA").  Title II,

14    Subpart A prohibits discrimination by any "public entity", including any state or local

15    government, as defined by 42 USC Section 12131, section 201 of the ADA.

16        16.    Pursuant to 42 USC Section 12132, Section 202 of Title II, no qualified individual

17    with a disability shall, by reason of such disability, be excluded from participation in or be

18    denied the benefits of the services, programs or activities of a public entity, or be subjected to

19    discrimination by any such entity.  Plaintiff was at all times relevant herein a qualified individual

20    with a disability as therein defined.

21        17.    The City has failed in its responsibilities under Title II to provide its services,

22    programs and activities in a full and equal manner to disabled persons as described hereinabove,

23    including failing to insure that the public paths of travel in and around 1268 Grant Avenue are

24    accessible to disabled persons including Plaintiff.  As a proximate result of the City's actions and

25    omissions, the City has knowingly and intentionally discriminated against Plaintiff, in violation

26    of Title II of the ADA, and of the regulations adopted to implement the ADA.

27        18.    As a result of the City's discrimination in violation of Section 202 of the ADA,

28    Plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the

1  Rehabilitation Act of 1973 (29 USC Section794a). Plaintiff also seeks injunctive relief to

2  require the City to remove the barriers to access complained of, and to provide all remedies,

3  including damages, statutory attorneys' fees, litigation expenses and costs, including those

4  remedies specified by Sections 203 and 505 of the ADA and by California Code of Civil

5  Procedure Section 1021.5, according to proof.

6        19.   **INJUNCTIVE RELIEF:** To the date of filing this Complaint, the specified

7  public facilities continue to be inaccessible for safe and independent entry and use by physically

8  disabled persons such as Plaintiff. Plaintiff requests that an injunction be ordered requiring that

9  the City take prompt action to modify the aforementioned public facilities to render them

10  accessible to and usable by Plaintiff and other similarly situated physically disabled persons.

11  Plaintiff seeks injunctive relief to prohibit the acts and omissions of the City as complained of

12  herein which are continuing on a day-to-day basis and which have the effect of wrongfully

13  excluding Plaintiff and other members of the public who are physically disabled, including

14  persons who are visually impaired, from full and equal access to these public facilities. Such

15  acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in

16  that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to

17  discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable,

18  so long as such acts and omissions of the City continues, to achieve equal access to and use of

19  these public buildings and facilities, and cannot return to use these facilities until they are made

20  properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally

21  required access has been provided. The acts of the City have proximately caused and will

22  continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

23        20.   **DAMAGES:** Plaintiff seeks damages pursuant to Title II of the ADA with regard

24  to his denial of access on February 8, 2007, as alleged above. Plaintiff is informed and believes

25  and thereupon alleges that the City had actual and constructive notice prior to February 8, 2007

26  that the public paths of travel in and around 1268 Grant Avenue were not accessible to disabled

27  persons including Plaintiff, but the City failed to correct the correct the condition as described

28  above. As such, Plaintiff seeks additional damages pursuant to Title II of the ADA because the

City's failure to correct the access problems after Plaintiff gave specific notice of his experiences

and injuries of February 8, 2007 including his Tort Claim of February 27, 2007, attached as

Exhibit A, made the City's failure to take any action to correct such deficiencies, as well as the

City's actions and/or inactions in continuing to maintain all such access barriers, an intentional

violation of Title II of the ADA.

21.    Wherefore, Plaintiff prays for damages against Defendants City and County of

San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

each of them, as set forth below.

**SECOND CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE**

**III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**(Against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through**

**Ten)**

22.    Plaintiff incorporates by reference each of the preceding paragraphs as though

fully set forth herein, and further alleges as follows:

23.    In 1990, the United States Congress made findings pursuant to 42 United States

Code Section 12101 regarding physically disabled persons, finding that laws were needed to

more fully protect "some 43,000,000 Americans [with] one or more physical or mental

disabilities;" that "historically, society has tended to isolate and segregate individuals with

disabilities;" that "such forms of discrimination against individuals with disabilities continue to

be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals

with disabilities are to assure equality of opportunity, full participation, independent living, and

economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and

unnecessary discrimination and prejudice denies people with disabilities the opportunity to

compete on an equal basis and to pursue those opportunities for which our free society is

justifiably famous...."

24.    In passing the ADA (42 U.S.C. § 12101(b)), Congress provided as follows:

It is the purpose of this Act

(1)  to provide a clear and comprehensive national mandate for the
elimination of discrimination against individuals with disabilities;

(2)  to provide clear, strong, consistent, *enforceable standards* addressing
discrimination against individuals with disabilities;

(3)  to ensure that the Federal Government plays a central role in enforcing
the standards established in this Act on behalf of individuals with
disabilities; and

(4)  to invoke the sweep of congressional authority, including the power to
enforce the fourteenth amendment and to regulate commerce, in order to
address the major areas of *discrimination faced day-to-day* by people with
disabilities. (Italics added.)

25.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*).  The subject properties and facilities are among the "private entities" which are considered "public accommodations" for purposes of this title.

26.    Pursuant to Section 302 of 42 U.S.C. Section 12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27.    The specific prohibitions against discrimination include as follows:

§302(b)(2)(A)(ii):  "a failure to make reasonable modifications in policies,
practices, or procedures when such modifications are necessary to afford
such goods, services, facilities, privileges, advantages, or accommodations
to individuals with disabilities...;"

§302(b)(2)(A)(iii):  "a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied service,

segregated, or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities...

where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a

barrier under clause (iv) is not readily achievable, a failure to make such

goods, services, facilities, privileges, advantages, or accommodations

available through alternative methods if such methods are readily

achievable."

28.     The acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P.

Foley and Does One through Ten, and each of them, as set forth herein, were in violation of

Plaintiff's rights under the ADA, and the regulations promulgated therein as set forth in  28 Code

of Federal Regulations Part 36 *et seq.*

29.     The removal of each of the barriers complained of by Plaintiff as hereinabove

alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA.

As noted hereinabove, the removal of each and every one of the architectural barriers

complained of herein also was required under California law.  Further, structural repairs or

additions since January 26, 1992 have independently triggered requirements for removal of

barriers to access for disabled persons pursuant to Section 303 of the ADA, 42 U.S.C. § 12183,

as well as pursuant to California Health and Safety Code Section 19959.

30.     Further, Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

through Ten, and each of them, independently have violated all referenced standards since

January 26, 1992, by the manner in which they have constructed, altered, and maintained the

public sidewalk at 1268 Grant Avenue, creating a dangerous condition for disabled persons such

as Plaintiff who attempts to use the public sidewalk at 1268 Grant Avenue.

31.     Plaintiff is informed and believes and therefore alleges that as of February 8,

2007, and as of the filing of this Complaint, the premises have denied and continue to deny full

and equal access to Plaintiff and to other disabled persons, in other respects, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of his disability, thus wrongfully denied to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of Section 302 of the ADA, 42 U.S.C. § 12182.

32.     Pursuant to Section 308 of the ADA, U.S.C. § 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of Section 302 and Section 303 of the ADA.  Plaintiff is informed and believes and therefore alleges that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, have continued to violate the law and to deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Plaintiff's encounter on February 8, 2007, as previously alleged.  Pursuant to Section 308(a)(2) of the ADA, "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

33.     Plaintiff seeks relief pursuant to the remedies set forth in Section 204(a) of the Civil Rights Act of 1964, (42 U.S.C. § 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the ADA.  Plaintiff is a qualified disabled person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use each of the properties and the premises specified hereinabove.

34.     Wherefore, Plaintiff prays for damages against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

/ / /

/ / /

**THIRD CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF SECTION**

**504 OF THE REHABILITATION ACT OF 1973**

**(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

**Christopher P. Foley and Does One through Ten)**

35.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

36.    The City is a governmental agency existing under the laws of the State of California with responsibility, *inter alia*, for the public facilities, including sidewalks and specifically the public sidewalk at 1268 Grant Avenue.  Plaintiff is informed and believes and therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, have been recipients of Federal financial assistance and that part of that financial assistance is used to fund the operations, construction and/or maintenance of the specific public facilities described herein.

37.    By the actions or inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in denying Plaintiff disabled accessible facilities at the public facilities specified herein, and in failing to provide access in multiple ways as herein described, including but not limited to the failure to provide an accessible paths of travel on the public sidewalk at 1268 Grant Avenue, Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, have violated Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, 29 USC Section 794, and the regulations promulgated thereunder.

38.    By the actions or inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in denying Plaintiff, a disabled person, his rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against Plaintiff solely by reason of his physical disability, By the actions or inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

1  Christopher P. Foley and Does One through Ten, and each of them, have violated Plaintiff's

2  rights under Section 504 of the Rehabilitation Act of 1973 and the regulations promulgated

3  thereunder.  Plaintiff seeks damages for denial of his civil rights, for interference with his right to

4  access public accommodations, and for resulting physical, mental and emotional injury, all to his

5  damage and according to proof.

6         39.     Further, Plaintiff has a need to and wishes to return to the facilities described

7  herein, and will do so when they are made properly accessible to persons with disabilities.

8  Plaintiff seeks injunctive relief and requests that this Court order By the actions or inactions of

9  Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley

10  and Does One through Ten, and each of them, to correct the access deficiencies complained of

11  herein so that Plaintiff will not continue to be discriminated against and/or deterred from entering

12  and accessing the public sidewalk at 1268 Grant Avenue on the same basis as non-disabled

13  persons, and seeks recovery of statutory attorneys' fees, litigation expenses and costs.  Plaintiff

14  has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff will

15  continue to suffer irreparable injury by the deprivation of meaningful access to the public

16  sidewalk at 1268 Grant Avenue, and the public facilities operated by defendants therein.

17         40.     Wherefore, Plaintiff prays for damages and injunctive relief against Defendants

18  City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

19  through Ten, and each of them, as set forth below.

20  **FOURTH CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATIONS OF**

21  **CALIFORNIA'S DISABLED ACCESS STANDARDS AND CALIFORNIA'S**

22  **GOVERNMENT CODE SECTION 4450 ET SEQ. AND RESULTING VIOLATION OF**

23  **CALIFORNIA CIVIL CODE SECTION 54(a)**

24  **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

25  **Christopher P. Foley and Does One through Ten)**

26         41.     Plaintiff incorporates by reference each of the preceding paragraphs as though

27  fully set forth herein, and further alleges as follows:

28

1    42.    Plaintiff is informed and believes and therefore alleges that the specified public

2  facilities owned, operated, leased, constructed, altered and maintained by Defendants City and

3  County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

4  Ten, and each of them, are buildings, structures or related facilities within the meaning of

5  California Government Code Sections 4450 *et seq.*  Plaintiff is further informed and believes and

6  therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

7  Christopher P. Foley and Does One through Ten, and each of them, have constructed, altered, or

8  repaired parts of these public buildings, structures and related facilities since 1968 within the

9  meaning of California Government Code Sections 4450 and 4456, thereby requiring provision of

10  access to persons with disabilities, as required by law, and statutory attorneys' fees, litigation

11  expenses and costs, including but not limited to public interest attorneys' fees pursuant to

12  California Code of Civil Procedure Section 1021.5.

13    43.    The actions and omissions of Defendants City and County of San Francisco, 1268

14  Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as

15  herein alleged constitute a denial of access to and use of the described public facilities by

16  physically disabled persons within the meaning of California Government Code Section 4450 *et*

17  *seq.* As a proximate result of the actions, inactions and/or omissions of Defendants City and

18  County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

19  Ten, and each of them as described above, Defendants City and County of San Francisco, 1268

20  Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them,  have

21  discriminated against Plaintiff, in violation of California Government Code Section 4450 *et seq.*,

22  and of Title 24-2 regulations adopted to implement Section 4450.

23    44.    Plaintiff has no adequate remedy at law, and unless the relief requested herein is

24  granted, Plaintiff will continue to suffer irreparable harm as a result of the failure of Defendants

25  City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

26  through Ten, and each of them, to fulfill their obligations to provide meaningful access to the

27  public sidewalk at 1268 Grant Avenue and to related public facilities.

28

45.    **INJUNCTIVE RELIEF:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to grant full and equal access to Plaintiff in the respects complained of and to require Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Government Code Section 4450 *et seq.*, and California Civil Code Section 55, and other applicable law. Plaintiff further requests that this Court award damages pursuant to Civil Code Section 54.3 and other applicable law and attorneys' fees, litigation expenses, and costs  pursuant to Government Code Section 4450 *et seq.*, Civil Code Section 54.3, Code of Civil Procedure Section 1021.5 and other law, all as hereinafter prayed for by Plaintiff.

46.    **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff suffered multiple violations of his civil rights, including but not limited to rights under Civil Code Sections 54(a), all to his damages pursuant to Civil Code Section 54.3, including physical personal injury, physical, mental and emotional damages, general and special damages including medical expenses and residual medical injuries, all as hereinafter stated and according to proof. The actions and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by Defendants City and

1   County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

2   Ten, and each of them, in violation of the subject laws, to use these public facilities on a full and

3   equal basis as other persons.

4         47.   **FEES AND COSTS:**  As a result of the actions and omissions of Defendants City

5   and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

6   through Ten, and each of them, Plaintiff has been required to incur attorneys' fees, litigation

7   expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

8   provisions of the law protecting access for disabled persons and prohibiting discrimination

9   against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorneys' fees,

10   litigation expenses, and costs, pursuant to the provisions of California Civil Code Sections 54.3

11   and 55, and California Government Code Section 4450 *et seq.*  Additionally, Plaintiff's lawsuit is

12   intended to require that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

13   Christopher P. Foley and Does One through Ten, and each of them, make their facilities

14   accessible to all disabled members of the public, justifying "public interest" attorneys' fees,

15   litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

16   Section 1021.5 and other applicable law.

17         48.   Wherefore, Plaintiff prays for damages against Defendants City and County of

18   San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

19   each of them, as set forth below.

20   **FIFTH CLAIM FOR RELIEF FOR VIOLATION OF THE UNRUH CIVIL RIGHTS**

21   **ACT, CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF**

22   **DISABILITY**

23   **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

24   **Christopher P. Foley and Does One through Ten)**

25         49.   Plaintiff incorporates by reference each of the preceding paragraphs as though

26   fully set forth herein, and further alleges as follows:

27         50.   At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code

28   Section 51(b), provided in pertinent part:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

51.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code Section 51(f), provided in pertinent part:  "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

52.    Plaintiff suffered damages as above described as a result of the violations of California Civil Code Section 51(b) and 51(f) by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in multiple regards, including but not limited to violations of the ADA, as described in the First Claim for Relief, *supra*, the contents of which claim for relief is incorporated herein by reference.

53.    California Civil Code Section 52(a) provides that each such violation described above entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto...."

54.    Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

/ / /

/ / /

/ / /

/ / /

/ / /

1    **SIXTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA GOVERNMENT**

2    **CODE SECTION 11135 FOR DISCRIMINATION UNDER PROGRAM RECEIVING**

3    **FINANCIAL ASSISTANCE FROM THE STATE OF CALIFORNIA**

4    **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

5    **Christopher P. Foley and Does One through Ten)**

6         55.    Plaintiff incorporates by reference each of the preceding paragraphs as though

7    fully set forth herein, and further alleges as follows:

8         56.    Plaintiff is informed and believes and thereupon alleges that the administration,

9    supervision and maintenance by Defendants City and County of San Francisco, 1268 Grant

10    Avenue LLC, Christopher P. Foley and Does One through Ten, of the property and buildings

11    which are the subject of the action, are funded in whole or in part by the State of California.

12         57.    Defendants have failed to make their programs, services, and activities readily

13    accessible to and useable by disabled persons in violation of California Government Code

14    Section 11135 *et seq.*

15         58.    At all times herein mentioned, California Government Code Section 11135

16    provided as follows:

17              No person in the State of California shall, on the basis of ethnic

18            group identification, religion, age, sex, color, or disability, be unlawfully

19            denied the benefits of, or be unlawfully subjected to discrimination under,

20            any program or activity that is funded directly by the state or receives any

21            financial assistance from the state.  With respect to discrimination on the

22            basis of disability, programs and activities subject to subdivision (a) shall

23            meet the protections and prohibitions contained in Section 202 of the

24            Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the

25            federal rules and regulations adopted in implementation thereof, except that

26            if the laws of this state prescribe stronger protections and prohibitions, the

27            programs and activities subject to subdivision (a) shall be subject to the

28            stronger protections and prohibitions.

59.     Plaintiff has no adequate remedy at law, and unless the requested relief is granted, Plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public. Further, Plaintiff suffered damages, as specified, as the result of denial of his civil rights on the date alleged above and on a continuous basis since that date due to being deterred from returning to the public sidewalk at 1268 Grant Avenue because he faced potential further injury and damages. Because Plaintiff seeks improvement of access for physically disabled persons, which will benefit a significant portion of the public, Plaintiff seeks attorneys' fees, litigation expenses and costs pursuant to California Code of Civil Procedure Section 1021.5, as to this claim for relief and as to all claims for relief in this Complaint in which Plaintiff seeks injunctive relief.

60.     Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

**SEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE SECTION 19955 *ET SEQ*. AND CIVIL CODE SECTION 54 *ET SEQ*. FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION (Against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten)**

61.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

62.     Plaintiff and other similarly situated physically disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code Section 19955 *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of California Health & Safety Code Section 19955 *et seq.*

63.     California Health & Safety Code Sections 19955 and 19955.5 were enacted, "To ensure that public accommodations or facilities constructed in this state with private funds

adhere to the provisions of Chapter 7 (commencing with § 4450), of Division 5 of Title 1 of the Government Code." Plaintiff is informed and believes and thereupon alleges that the provisions of both California Health and Safety Code Sections 19955 and 19955.5 apply to the public facilities and public accommodations which are located within the property owned and operated by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them.    Title 24, California Code of Regulations, formerly known as the California Administrative Code and now known as the California Building Code, was in effect at the time of each alteration which, Plaintiff is informed and believes and thereupon alleges occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.    Plaintiff is informed and believes and thereupon alleges that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject premises, facilities, and buildings during the period Title 24 has been in effect.

64.    Plaintiff is informed and believes and therefore alleges that as of February 8, 2007, and as of the filing of this Complaint, this public sidewalk and related facilities were and are not properly accessible to persons with disabilities – and will continue to be inaccessible in the future – until this public sidewalk and related facilities, and the exterior paths of travel along 1268 Grant Avenue are brought into compliance with all applicable Federal and State of California code requirements.

65.    Further, each and every violation of the ADA as alleged in the Second Claim for Relief Action hereinabove, the contents of which are incorporated by reference herein, also constitutes a separate and distinct violation of California Civil Code Section 54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code Sections 54.3 and 55.

66.    Further, each and every violation of the ADA as alleged in the Second Claim for Relief Action hereinabove, the contents of which are incorporated by reference herein, also constitutes a separate and distinct violation of California Civil Code Section 54.1(d), thus

1   independently justifying an award of damages and injunctive relief pursuant to California law,

2   including but not limited to Civil Code Sections 54.3 and 55.

3       67.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and

4   omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

5   Ten, and each of them, as complained of herein which are continuing on a day-to-day basis to

6   have the effect of wrongfully excluding Plaintiff and other members of the public who are

7   physically disabled from full and equal access to this public sidewalk and related facilities.  Such

8   acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in

9   that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to

10  discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable,

11  so long as such acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley

12  and Does One through Ten, and each of them, continue, to achieve equal access to and use of

13  this public sidewalk and related facilities, and is deterred from using this public sidewalk and

14  related facilities until they are made properly accessible to disabled persons.  Plaintiff alleges

15  that he intends, once legally required access has been provided, to make use of this public

16  sidewalk and related facilities.  The acts of Defendants 1268 Grant Avenue LLC, Christopher P.

17  Foley and Does One through Ten, and each of them, have proximately caused and will continue

18  to cause irreparable injury to Plaintiff if not enjoined by this Court.

19      68.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

20  continuing refusal by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

21  through Ten, and each of them, to grant full and equal access to Plaintiff in the respects

22  complained of and to require Defendants 1268 Grant Avenue LLC, Christopher P. Foley and

23  Does One through Ten, and each of them, to comply forthwith with the applicable statutory

24  requirements relating to access for disabled persons.  Such injunctive relief is provided by

25  California Health & Safety Code Section 19953 and California Civil Code Section 55, and other

26  applicable law.  Plaintiff further requests that this Court award damages pursuant to Civil Code

27  Section 54.3 and other applicable law, attorneys' fees, litigation expenses, and costs, pursuant to

28

1    Health & Safety Code Section 19953, Civil Code Section 54.3 and 55, Code of Civil Procedure

2    Section 1021.5 and other applicable law, all as prayed for below.

3        69.    **DAMAGES:** As a result of the denial of equal access to these facilities, and due

4    to the acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

5    One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and

6    maintaining this public sidewalk and related facilities, Plaintiff suffered physical, mental and

7    emotional injuries, and general and special damages, and violations of his civil rights, including

8    but not limited to rights under California Civil Code Sections 54 and 54.1, all to his damages

9    pursuant to Civil Code Section 54.3, including statutory treble damages, as set forth below.  The

10   actions and/or inactions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

11   One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis

12   that he was and is physically disabled and unable, because of the architectural barriers created

13   and/or maintained by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

14   through Ten, and each of them, in violation of the subject laws, to use this public sidewalk and

15   related facilities on a full and equal basis as other persons.

16       70.    **TREBLE DAMAGES :**  Plaintiff is informed and believes and therefore alleges

17   that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

18   each of them, have continued to maintain inaccessible premises despite knowledge that their

19   premises denied full and equal access to disabled persons, including Plaintiff.  As a result,

20   Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

21   of them, are liable for treble damages pursuant to California Civil Code Section 54.3.

22       71.    **FEES AND COSTS:** As a result of the acts, omissions, and conduct of

23   Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

24   of them, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as

25   provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law

26   protecting access for disabled persons and prohibiting discrimination against disabled persons.

27   As a result, Plaintiff seeks recovery of all reasonable attorneys' fees, litigation expenses, and

28   costs, pursuant to the provisions of California Civil Code Section 54.3 and 55, and California

1  Health & Safety Code Section 19953 *et seq.* Additionally, Plaintiff's lawsuit is intended to

2  require that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

3  Ten, and each of them, make this public sidewalk and related facilities properly accessible to all

4  disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses

5  and costs, pursuant to the provisions of California Code of Civil Procedure Section 1021.5 and

6  other applicable law.

7    72.    Wherefore, Plaintiff prays for damages against Defendants City and County of

8  San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

9  each of them, as set forth below.

10                                   **PRAYER**

11    WHEREFORE, Plaintiff prays as follows:

12    1.    That this Court issue a preliminary and permanent injunction directing defendants

13  as current owners, operators, lessors, and/or lessees of the premises hereinabove described to

14  modify the above described premises  and related  facilities so that each provides full and equal

15  access to all persons, including persons with physical disabilities; and issue a preliminary and

16  permanent injunction directing defendants to provide facilities usable by plaintiff and similarly

17  situated persons with disabilities, and which provide full and equal access, as required by law;

18    2.    That this Court retain jurisdiction over the defendants until such time as the Court

19  is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of

20  inaccessible public facilities as complained of herein no longer occur, and can not recur;

21    3.    That this Court award to Plaintiff all appropriate damages, including but not

22  limited to statutory damages, general damages, special damages, and treble damages, in amounts

23  within the jurisdiction of the Court, all according to proof;

24    4.    That this Court award to Plaintiff all reasonable statutory attorneys' fees, litigation

25  expenses, and costs of this proceeding as provided by law;

26    5.    That this Court award prejudgment interest pursuant to California Civil Code

27  Section 3291; and

28  / / /

6.    For such other, further relief as this Court may deem proper.

Dated:  September 7, 2007

MOSLEY & GEARINGER LLP

By: _Brian Gearinger_

BRIAN GEARINGER
Attorneys for Plaintiff CHARLES BLACKWELL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff Charles Blackwell demands trial by jury in this action.

Dated: September 7, 2007

MOSLEY & GEARINGER LLP

By: _Brian Gearinger_

BRIAN GEARINGER

Attorneys for Plaintiff CHARLES BLACKWELL

# EXHIBIT A

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

**1. Claimant's Name and Home Address** (Please Print Clearly)
CHARLES BLACKWELL
15 MAYBECK TWIN DRIVE
City BERKELEY   Zip 94708
Telephone Daytime (510) 883-0311   Evening

**2. Send Official Notices and Correspondence to:**
— CLAIMANT —
City _____   Zip _____
Telephone Daytime _____   Evening _____

**3. Date of Birth**
8/11/50

**4. Social Security Number**
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

**5. Date of Incident**
2/8/07

**6. Time of Incident (AM or PM)**
3:00 PM (APPROX)

**7. Location of Incident or Accident**
GRANT & VALLEJO STREET

**8. Claimant Vehicle License Plate #, Type and Year**

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

WHILE CROSSING THE STREET AT GRANT & VALLEJO WALKING TOWARD COLUMBUS ON A DOWNHILL GRADE I STEPPED ON A METAL PLATE (5' x 5' SQUARE) ON THE SIDEWALK & IMMEDIATELY SLIPPED AND FELL

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| | | |

**10. Description of Claimant's injury, property damage or loss**
INJURIES SUFFERED INCLUDE A BROKEN LEFT UPPER ARM REQUIRING AMBULANCE TRANSPORT TO SF GENERAL HOSPITAL FOR TREATMENT

**11.** Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions)

**ITEMS**

| | | |
|---|---|---|
| MEDICAL BILLS | $ | NOT FULLY |
| PAIN AND SUFFERING | $ | COMPUTED TO BE DETERM. |
| | $ | |
| | $ | |

**TOTAL AMOUNT**
Court Jurisdiction: Limited Civil ☐   Unlimited Civil ☑

**12. Witnesses (if any) Name       Address       Telephone**
1. UNKNOWN AT THIS TIME
2.

**13.**
Signature of Claimant or Representative   Charles Blackwell   Date 2/21/07

Print Name _____   Relationship to Claimant _____

**Do Not Write In This Space**

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

CA/FORM 2. 2/01

# EXHIBIT B

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY


DENNIS J. HERRERA
City Attorney

Michael D. Haase
Assistant Chief of Claims

DIRECT DIAL:    (415) 554-5845
E-MAIL:    MIKE.HAASE@SFGOV.ORG

March 8, 2007

Charles Blackwell
15 Maybeck Twin Dr.
Berkeley, CA  94708

RE:    Claim of Charles Blackwell / Claim Number 07-02246

Department:    DPWSTRP  DPW Street Repair
Incident Date:    February 8, 2007
Claim Filed:    February 27, 2007

NOTICE OF ACTION UPON CLAIM                    PLEASE TAKE NOTICE THAT

An investigation of your claim filed with the City and County of San Francisco has revealed no indication of liability on the part of the City and County.  Accordingly, your claim is DENIED.

You should refer your claim to:

1268 Grant Avenue, LLC
c/o Chris Faley
350 Greenwich Street
San Francisco, CA 94133

Any inquiries should be directed to that entity.

WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a state court action on this claim.  See Government Code section 945.6.  This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

DENNIS J. HERRERA
City Attorney

Michael D. Haase
Assistant Chief of Claims

Claim of:      Charles Blackwell                Claim Filed:   February 27, 2007

I, Cecilia Lam say:  I am a citizen of the United States, over eighteen years of age, and not a party to the within action; that I am employed by the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, Suite 250, San Francisco, CA 94102.

That on March 8, 2007 I served:

NOTICE OF ACTION UPON CLAIM

by placing a true copy thereof in an envelope addressed to:

Charles Blackwell
15 Maybeck Twin Dr.
Berkeley, CA  94708

and by then sealing and depositing said envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California.  The mailbox that I deposited said envelope is regularly maintained by the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct:

Executed on March 8, 2007 at San Francisco, California.

Cecilia Lam

DECLARATION OF SERVICE BY MAIL