P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>                    Defendants. | Case No. C 07-4629-JL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and 12(e))**<br><br>Date:        December 5, 2007<br>Time:        9:30 a.m.<br>Courtroom:   Courtroom F, 15th Floor |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 5, 2007 at 9:30 a.m. or as soon thereafter as

the matter may be heard by the above-entitled court located at 450 Golden Gate Ave., San

Francisco, CA, defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY will

move the court to dismiss each cause of action in plaintiff's Complaint pursuant to FRCP 12(b)(6)

on the basis that the Complaint fails to state a claim upon which relief can be granted, and

specifically that Title III of the Americans With Disabilities Act and the related state claims do not

apply because the elevator door cover mentioned in the Complaint is not located within

defendant's public facility but rather within a public sidewalk, and also because plaintiff lacks

standing to assert such claims because he never attempted to access defendant's public facility. -1-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1    The motion will be based on this Notice of Motion and motion, Defendant's Request for

2    Judicial Notice, the memorandum of points and authorities filed herewith, and the pleadings and

3    papers filed herein.

4

5    Dated: October 26, 2007

6                                                    COLOMBATTO KLIMENKO LLP

7

8                                     By: _____

9                                          MICHAEL K. TCHENG
                                           Attorneys for Defendants
10                                         1268 GRANT AVENUE LLC,
                                           CHRISTOPHER P. FOLEY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF
CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and
12(e))

**Colombatto Klimenko LLP**
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1

## **PROOF OF SERVICE**

2      I, Patricia Freytes, certify and declare as follows:

3      I am over the age of 18 years, and not a party to this action. My business address is 130
Sutter Street, 7ᵗʰ Floor, San Francisco, California 94104. I am employed in the County of San
4 Francisco where this service occurs.

5      On the date set forth below, following ordinary business practice, I served a true copy of
the foregoing document(s) described as:

6

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE CLAIM
7   UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE
DEFINATE STATEMENT (FRCP 12(b)(6) AND 12(e))

8

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
9   STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE
FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) AND 12(e))

10

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO
11    DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN
BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE
12                STATEMENT (FRCP 12(b)(6) AND 12(e))

13  ☐

(BY FAX) I transmitted via facsimile transmission from a facsimile transmission machine
14     whose business facsimile number is (415) 391-2904 to the following fax number(s) set
forth below, or as stated on the attached service list, on this date before 5:00 p.m.
15
The above-described transmission was reported as complete without error by a
16     transmission report issued by the facsimile transmission machine upon which the said
transmission was made immediately following the transmission. A true and correct copy
17     of the said transmission report is attached hereto and incorporated herein by this reference.

18  ☑  (BY MAIL) I am readily familiar with my employer's normal business practice for
collection and processing of correspondence for mailing with the U.S. Postal Service.
19     Correspondence so collected and processed is deposited with the U.S. Postal Service that
same day in the ordinary course of business. I placed for deposit in the United States
20     Postal Service in a sealed envelope, with postage fully prepaid, to the addressee(s) below.

21  ☐
(BY PERSONAL SERVICE) I personally delivered the above document(s) by hand
22     between 9:00 a.m. and 5:00 p.m. to the office of the addressee(s) below.

☐
23     (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained
by Federal Express an express service carrier, or delivered to a courier or driver authorized
24     by said express service carrier to receive such envelope(s) to be delivered by overnight
delivery, with delivery fees paid or provided for, addressed to the person(s) on whom it is
25     to be served below.

26

27

28

**Colombatto Klimenko, LLP**
130 Sutter Street, Seventh Floor
San Francisco, California 94104-4038

RE:  BLACKWELL V. CCSF
USDC CASE NO. C07-4629-JL

Brian Gearinger
Mosley & Gearinger LLP
825 Van Ness Avenue, 4th Floor
San Francisco, CA 94109
Facsimile: (415) 440-3103

Paul L. Rein
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612
Facsimile: (510) 832-4787

Scott D. Wiener
Deputy City Attorney
Fox Plaza
1390 market Street, 6th Floor
San Francisco, CA 94102
Facsimile: (415) 554-3837

☑    (State) I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 26, 2007

_____
Patricia Freytes

**Colombatto Klimenko, LLP**
130 Sutter Street, Seventh Floor
San Francisco, California 94104-4038

RE:    BLACKWELL V. CCSF
USDC CASE NO. C07-4629-JL

1  P. RICHARD COLOMBATTO (SBN 79895)
2  MICHAEL K. TCHENG (SBN 160811)
   COLOMBATTO KLIMENKO LLP
3  130 Sutter Street, 7th Floor
   San Francisco, California 94104
4  Telephone: (415) 391-6182
   Facsimile: (415) 391-2904

5  Attorneys for Defendants
6  1268 GRANT AVENUE LLC,
   CHRISTOPHER P. FOLEY

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 CHARLES BLACKWELL,                    | Case No. C 07-4629-JL
12            Plaintiff,                 | **POINTS AND AUTHORITIES IN**
                                         | **SUPPORT OF MOTION TO DISMISS FOR**
13    vs.                                | **FAILURE TO STATE CLAIM UPON**
                                         | **WHICH RELIEF CAN BE GRANTED OR**
14 CITY AND COUNTY OF SAN FRANCISCO,     | **IN THE ALTERNATIVE FOR A MORE**
   1268 GRANT AVENUE LLC, CHRISTOPHER    | **DEFINATE STATEMENT (FRCP 12(b)(6)**
15 P. FOLEY and DOES ONE through TEN,    | **and 12(e))**
   inclusive,
16                                       | Date:       December 5, 2007
            Defendants.                  | Time:       9:30 a.m.
17                                       | Courtroom:  Courtroom F, 15th Floor

18                          **I. INTRODUCTION**

19        Plaintiff, a visually disabled man, alleges that he was walking on a public sidewalk in San

20 Francisco and suffered personal injury when he slipped and fell on a metal sidewalk elevator door

21 cover. The elevator is used by an adjacent restaurant building and is completely contained within a

22 public sidewalk. Significantly, plaintiff does not allege that he was attempting to access the restaurant

23 or that he has ever tried to access the restaurant.

24        Review of the Complaint reveals all of plaintiff's causes of action assert defendants

25 discriminated against disabled persons by failing to provide an accessible path -- there is no claim for

26 premises liability or garden variety negligence. Based on allegations that the elevator door cover was

27 "located on the public sidewalk" plaintiff names the CITY AND COUNTY OF SAN FRANCISCO

28                                                                          -1-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

("CCSF") and alleges violation of Title II of the ADA and related state claims. Plaintiff also names moving defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY ("OWNERS") who own the restaurant building adjacent to the public sidewalk. Plaintiff alleges the OWNERS violated Title III of the ADA related state claims.

The OWNERS respectfully assert the allegations of the Complaint take the case outside the scope of Title III. There is no doubt that Title III requires an owner of a restaurant to take measures to provide the disabled access but here there is no allegation that plaintiff ever attempted to access the restaurant. Indeed, plaintiff describes that he crossed the street and was walking away from the restaurant at the time of the accident. Under the Title III an owner has no duty to make an adjacent public sidewalk accessible. The allegations require a finding that plaintiff lacks standing to pursue a Title III claim.

## II. PERTINENT ALLEGATIONS

Plaintiff CHARLES BLACKWELL alleges he is visually impaired and a qualified disabled person. He further alleges:

> "On February 8, 2007, Plaintiff was walking on [a] public sidewalk at 1268 Grant Avenue when he slipped and fell on [a] sidewalk elevator door cover located on the public sidewalk. As a result he suffered serious personal injuries including, but not limited to a broken left arm. Plaintiff was denied his rights to full and equal access at this sidewalk, and was denied his civil rights under both California law and federal law, as herein described below, because this sidewalk was not, and is not now, properly accessible to physically disabled persons such as Plaintiff."

(Exhibit A to Defendants' Request for Judicial Notice, Plaintiff's Complaint, p.2:9-15.)

An exhibit to the Complaint provides further description of the accident. Plaintiff attaches his Claim Against The City And County Of San Francisco as Exhibit A to his Complaint. (Exhibit A to Defendants' Request for Judicial Notice, Plaintiff's Complaint, Exhibit A thereto.)[1] Therein he lists the location of the accident as "Grant and Vallejo Street " and under the heading "Basis of Claim" he states:

//

---

[1] Exhibits to a complaint are properly reviewable as part of the complaint in a Rule 12(b) proceeding. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc. (9th Cir. 1989) 896 F2d 1542, 1555.

-2-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1    "While walking across the street at Grant and Vallejo walking towards
2    Columbus on a downhill grade I stopped on a metal plate (5' x 5' square) on
     the sidewalk & immediately slipped and fell."

3    Review of the balance of the Claim reveals no mention of the restaurant building.

4    While the Complaint alleges moving defendants are the owner of real property located at 1268

5    Grant Avenue there are no allegations anywhere in the complaint that plaintiff was attempting to

6    access the building at the time of the accident, had ever tried to access the building in the past, or had

7    any intention to access the building in the future.  (Exhibit A to Defendants' Request for Judicial

8    Notice, Plaintiff's Complaint, p.4:3-16, and et seq.)  The only condition complained of is the sidewalk

9    elevator door cover and it is alleges that moving defendants are "…responsible in whole or in part for

10   the condition of the sidewalk elevator door cover located on the public sidewalk.")  (Exhibit A to

11   Defendants' Request for Judicial Notice, Plaintiff's Complaint, p.4:3-16, and et seq.)

12                              **III. ARGUMENT**

13   **A.    PLAINTIFF LACKS STANDING TO ASSERT A TITLE III CLAIM**

14   In <u>Pickern v. Holiday Quality Foods</u> (9th Cir. 2002) 293 F.3d 1133, the 9th Circuit discussed

15   the standing requirement in the context of a Title III case as follows:

16        "If Doran's statements are true, he has suffered and is suffering an injury
17        within the meaning of Title III of the ADA. However, his injury must also
          satisfy the "case" or "controversy" requirement of Article III of the
          Constitution. As the Supreme Court has recently construed that
18        requirement, a plaintiff must show three things:

19            First [he must have] suffered an injury in fact - an invasion of a
              legally protected interest which is (a) concrete and particularized,
20            and (b) actual or imminent, not conjectural or hypothetical.
              Second, there must be a causal connection between the injury and
21            the conduct complained of. …Third, it must be likely, as opposed
              to merely speculative, that the injury will be redressed by a
22            favorable decision.

23        *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351,
          112 S. Ct. 2130 (1992) (quotations and citations omitted)."

24   Below <u>Lujan</u> is applied in the context of a Title III case.  The cited authorities make it

25   abundantly clear that when plaintiff has never attempted to access a public accommodation he may

26   not assert a Title III claim.  Plaintiff lacks standing because he has not suffered an injury in fact within

27

28                                                                                      -3-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1  the meaning of Title III.  Alternatively plaintiff lacks standing because any injury he incurred would

2  not be redressed by a favorable decision.

3          **1.      Plaintiff's Allegations Establish That Plaintiff Did Not Suffer An Injury**
            **In Fact Within The Meaning Of Title III**
4
5          In order for a Title III plaintiff to meet the "injury in fact" requirement he would have to suffer

6  an injury as the result of defendant's failure to comply with applicable ADA duties.  As was stated in

   Pickern:
7
8              " The only question is whether Doran is suffering a sufficiently "concrete
               and particularized" and "actual or imminent" injury to satisfy the Court's
9              "injury in fact" requirement.

10             "By particularized, we mean that the injury must affect the plaintiff in a
               personal and individual way." Lujan, 504 U.S. at 560 n. 1. In the context
11             of the ADA, we understand that to mean that Doran must himself suffer an
               injury as a result of the Paradise store's noncompliance with the ADA. We
12             hold that in stating that he is currently deterred from attempting to gain
               access to the Paradise store, Doran has stated sufficient facts to show
13             concrete, particularized harm."

14  Pickern v. Holiday Quality Foods (9th Cir. 2002) 293 F.3d 1133, 1137-1138.

15         In Steger v. Franco, Inc. (8th Cir. 2000) 228 F.3d 889, 892-893 the court applied the "injury in

16  fact" standard and affirmed a district court's dismissal of a number of plaintiffs claims on the basis

    that they had never been denied access to the subject building and thus could not demonstrate an
17
    injury.  The court explained its holding as follows:
18
19             "Steger, Lane, Woods, and Young argue that even though they have not been
               denied access to the CCB, they have been injured nonetheless because they
20             are disabled and may enter the building in the future. Neither Lane nor Woods
               testified at the preliminary injunction hearing, and no evidence was presented
21             regarding their knowledge of the building's barriers or their likelihood to visit
               the building in the imminent future. Steger testified that she could not
22             remember ever being in the CCB and did not know whether the building was
               accessible to her. She presented no evidence that she intended to enter the
23             building in the future. Consequently, neither Steger, Lane, nor Woods suffered
               injury, and the district court correctly dismissed their claims."
24  Id. at p. 893.

25         Under the allegations of this case plaintiff fails to meet the "injury in fact" requirement.  Title

26  III is concerned with preventing discrimination against disabled persons by setting standards

27  regarding access to public accommodations.  Completely in line with this policy courts have required

28  that a Title III plaintiff prove an injury in fact that was caused by defendant's failure to comply with

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-4-

the standards.  At a very minimum plaintiff must have attempted to access the establishment.  Just like in Steger plaintiff's claims should be dismissed because he fails to allege he ever attempted to obtain access to moving defendants' building.

### 2. The Sidewalk Elevator Door Cover Is Not Part Of Defendant's Public Accommodation And Thus Is Outside The Scope Of Title III

28 C.F.R. pt. 36 contains regulations designed to implement Title III. (See 28 C.F.R. § 36.101.)  Appendix A to 28 C.F.R. Part 36 contains detailed requirements on what constitutes an accessible public accommodation and precise definitions as to what parts of an establishment must comply with the requirements.  Although most of the requirements apply to new construction they will be cited below to demonstrate that the elevator door cover is not a part of defendant's public accommodation and therefore is outside the scope of Title III.

Plaintiff's claim is that the public sidewalk was not accessible within the meaning of Title III.  Specifically he claims that a sidewalk elevator door cover located on the public sidewalk fails to meet the accessibility requirements apparently because it is too slippery.  It is true that Title III requires that "[g]round and floor surfaces **along accessible routes**... shall be stable, firm, slip-resistant, and shall comply with 4.5." (28 C.F.R. pt. 36, app. A, stand. 4.5.1 (with bold added).)  However under the ADA a building owner is not required to provide accessible routes outside the "site."  The following requirements apply to "accessible routes":

> **"4.3 Accessible Route.**
>
> **4.3.1 General.** All walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with 4.3.
>
> **4.3.2 Location.**
> (1) At least one accessible route **within the boundary of the site** shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or **sidewalks** to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. ..."

(28 C.F.R. pt. 36, app. A, stand. 4.3 - 4.3.2 (with bold added).)  The definitions show moving defendants' duty is to provide an accessible route within the site up to a public sidewalk.

A "site" is defined as: "[a] parcel of land bounded by a property line or a designated portion of a public right-of-way." (28 C.F.R. pt. 36, app. A, stand. 3.5.)  The definition leaves no doubt that the

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and 12(e))

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

elevator door cover is not on moving defendant's site because it is located on a public sidewalk. As such moving defendants did not have the duty to make the elevator door cover accessible within the meaning of Title III.

In <u>Alford v. City of Cannon Beach</u> (D. Or. 2000) 2000 U.S. Dist. LEXIS 20730, these same definitions were used by a city to defeat plaintiff's claim that the city was required to provide "accessible routes" outside of the Title III "site" at issue therein. The court stated:

> "These standards do not support plaintiffs' argument. Standard 4.3.2.(1), read with the proper definitions of "accessible route" and "site," requires the provision of a continuous, unobstructed path, within the boundary of a parcel of land, from such places as a public transportation stop, accessible parking, or a public street or sidewalk, to the accessible building entrance. "Site" does not include city streets. The regulation does not require blanket construction of new sidewalks along city streets."

<u>Id.</u> at *71-*72.

Also in <u>Pickern v. Pier 1 Imps. (U.S.), Inc.</u> (9th Cir. 2006) 457 F.3d 963, 967 the court upheld an order granting summary judgment on the basis that a Title III defendant had no duty to install a ramp on a small strip of grass owned by a City. The court rejected a "tortured interpretation" of "site" offered by plaintiff.

Based on the above authority an elevator door cover located on a public sidewalk is not within the scope of Title III. This argument dovetails with the legislative scheme making governmental entities responsible to make public streets and sidewalks accessible under Title II of the ADA. "Facilities operated by government agencies or other public entities as defined in this section do not qualify as places of public accommodation. The actions of public entities are governed by title II of the ADA and will be subject to regulations issued by the Department of Justice under that title. (28 C.F.R. pt. 36, App. B at 681.)

### 3. Alternatively Plaintiff Lacks Standing Because Any Injury He Incurred Would Not Be Redressed By A Favorable Decision

In <u>Molski v. Mandarin Touch Rest.</u> (D. Cal. 2005) 385 F. Supp. 2d 1042, 1045 the court addressed <u>Lujan's</u> requirement that the injury is of the type that can be redressed by a favorable decision. <u>Manderin</u> is one of a large number of cases that found standing lacking because it was doubtful that plaintiff would ever be back to defendant's establishment.

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-6-

1    "In evaluating whether an ADA plaintiff has established a likelihood of future injury, courts

2    have looked to such factors as: (1) the proximity of the place of public accommodation to plaintiff's

3    residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's

4    plans to return, and (4) the plaintiff's frequency of travel near defendant. *Arby's*, 359 F. Supp. 2d at

5    947 n.10. Assuming, arguendo, that Molski has established standing to pursue claims for damages, the

6    Court nonetheless finds that an application of these factors demonstrates that Molski has not

7    established a likelihood of future injury, and thus, lacks standing to pursue injunctive relief under the

8    ADA." Molski v. Mandarin Touch Rest. (D. Cal. 2005) 385 F. Supp. 2d 1042, 1045; see also: DeLil

9    v. El Torito Rest. (1997 U.S. Dist.) LEXIS 22788, No. C93-3900, 1997 WL 714866, at 3 (N.D. Cal.

10   1997)(holding that a plaintiff failed to establish likelihood of future harm in part because she lived

11   over 100 miles from restaurant); Brother v. Tiger Partner, LLC (M.D. Fla. 2004) 331 F. Supp. 2d

12   1368, 1373 (finding plaintiff failed to establish likelihood of future harm in part because he lived 280

13   miles from hotel); Hoepfl v. Barlow (E.D. Va. 1995) 906 F. Supp. 317, 320 (finding plaintiff failed to

14   establish likelihood of future harm where she had moved to a different state than defendant doctor).

15   Cf. Parr v. L&L Drive-In Rest. (D. Haw. 2000) 96 F. Supp. 2d 1065, 1079-80 (finding that, in a close

16   case, factors including proximity of plaintiff's residence to defendant restaurant tipped scales in his

17   favor).

18         Here not only are there no allegations that plaintiff has ever been to the restaurant, he fails to

19   allege any facts supporting an inference that he will ever try to access the restaurant.

20   **B.     THE RELATED STATE LAW CLAIMS SHOULD ALSO BE DISMISSED**

21         Plaintiff also includes several state disability claims as follows:

22   • Cause of action no. 3 is against all defendants for Violation of Section 504 of the
         Rehabilitation Act of 1973
23

24   • Cause of action no. 4 is against all defendants for "Violations Of California's Disabled
         Access Standards And California's Government Code Section 4450 And Resulting
         Violation Of California Civil Code Section 54(a)"
25

26   • Cause of action no. 5 is against all defendants for "Violation Of The Unruh Civil Rights
         Act, California Civil Code Sections 51 And 52, On The Basis Of Disability"

27   • Cause of action no. 6 is against all defendants for "Violation Of California Government
         Code Section 11135 For Discrimination Under Program Receiving Financial Assistance
28       From The State Of California"
                                                                                              -7-

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON
WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP
12(b)(6) and 12(e))

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

- Cause of action no. 7 is against moving defendants for "Violation Of California Heath And Safety Code Section 19955 *ET SEQ* And Civil Code Section 54 *ET. SEQ.* For Denial Of Full And Equal Access To A Public Accommodation"

Generally each of the above statutes adopts Title III ADA standards as a minimum standard relating to accessibility. Cal. Civ. Code § 51(f); Cal. Civ. Code § 54(c); see also Cal. Civ. Code § 54.1(d); Cal. Government Code § 4450(c). Review of the statutes and referenced codes do not show any deviation from Title III's definition of "site" that would made a private building owner required to make an adjacent public sidewalk accessible. As such the state discrimination claims should also be dismissed.

## C.    LEAVE TO AMEND SHOULD NOT BE GRANTED

Rule 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block (9th Cir. 2001) 250 F.3d 729, 732. Under the Rule, dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80; Navarro, 250 F.3d at 732.

Here plaintiff was injured while walking down the street. He was not attempting to access the restaurant. As such plaintiff lacks standing to assert claims for discrimination based on his disability status. Unless plaintiff can, in good faith, so amend his Complaint leave to amend should not be granted because the facts of this case will never fall inside the scope of Title III.

## D.    ALTERNATIVELY THE MOTION UNDER RULE 12(e) SHOULD BE GRANTED AND PLAINTIFF DIRECTED TO PROVIDE A MORE DEFINATE STATEMENT OF CASE

Above it is asserted that plaintiff's allegations establish: 1) at the time of the accident plaintiff was not in or adjacent to defendant's building, and 2) plaintiff was not seeking to access defendant's building. In the event the court determines plaintiff's Complaint is vague and ambiguous with respect to these issues defendants request plaintiff be ordered to clarify: 1) where the accident occurred and/or 2) plaintiff's intend to access defendant's building.

//

//

//

//

-8-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV. CONCLUSION**

Plaintiff lacks standing to assert disability access claims against moving defendants and each cause of action should be dismissed. Plaintiff's allegation that the accident occurred on a public sidewalk outside the confines of moving defendant's "site" takes this case outside the scope of Title III. The result is that this is an ordinary slip and fall case with regards to moving defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY.

Dated: October 26, 2007

COLOMBATTO KLIMENKO LLP

By: _____
MICHAEL K. TCHENG
Attorneys for Defendants
1268 GRANT AVENUE LLC, CHRISTOPHER
P. FOLEY

**Colombatto Klimenko LLP**
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-9-

1   P. RICHARD COLOMBATTO (SBN 79895)
    MICHAEL K. TCHENG (SBN 160811)
2   COLOMBATTO KLIMENKO LLP
    130 Sutter Street, 7th Floor
3   San Francisco, California 94104
    Telephone: (415) 391-6182
4   Facsimile: (415) 391-2904

5   Attorneys for Defendants
    1268 GRANT AVENUE LLC,
6   CHRISTOPHER P. FOLEY

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  CHARLES BLACKWELL,                    Case No. C 07-4629-JL

12              Plaintiff,                **DEFENDANT'S REQUEST FOR
                                          JUDICIAL NOTICE IN SUPPORT OF
13       vs.                              MOTION TO DISMISS FOR FAILURE TO
                                          STATE CLAIM UPON WHICH RELIEF
14  CITY AND COUNTY OF SAN FRANCISCO,     CAN BE GRANTED OR IN THE
    1268 GRANT AVENUE LLC, CHRISTOPHER    ALTERNATIVE FOR A MORE
15  P. FOLEY and DOES ONE through TEN,    DEFINATE STATEMENT (FRCP 12(b)(6)
    inclusive,                            and 12(e))**

16
                                          Date:      December 5, 2007
17              Defendants.               Time:      9:30 a.m.
                                          Courtroom: Courtroom F, 15th Floor
18

19       Defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY hereby request

20  the court to take judicial notice of Plaintiff's Complaint in the above entitled action that is attached

21  hereto as Exhibit A.

22  Dated: October 26, 2007

23                                        COLOMBATTO KLIMENKO LLP

24

25                                By:    _____
                                          MICHAEL K. TCHENG
26                                        Attorneys for Defendants
                                          1268 GRANT AVENUE LLC,
27                                        CHRISTOPHER P. FOLEY

28                                                                    -1-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

EXHIBIT A

1

**MOSLEY & GEARINGER LLP**

2    825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA

3    94109-7837
(415) 440-3102

4

5    BRIAN GEARINGER (State Bar # 146125)

6    **LAW OFFICES OF PAUL L. REIN**

7    200 Lakeside Drive, Suite A
OAKLAND, CALIFORNIA 94612

8    (510) 832-5001

9    PAUL L. REIN (State Bar # 43053)

10    Attorneys for Plaintiff CHARLES BLACKWELL

11

12                      UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14    CHARLES BLACKWELL,                    Case No. C 07 4629 JL

15              Plaintiff,
                                           **COMPLAINT FOR DAMAGES AND**
16         vs.                             **INJUNCTIVE RELIEF FOR**
                                           **VIOLATIONS OF (1) TITLE II OF**
17    CITY AND COUNTY OF SAN               **THE AMERICANS WITH**
      FRANCISCO, 1268 GRANT AVENUE         **DISABILITIES ACT; (2) TITLE III OF**
18    LLC, CHRISTOPHER P. FOLEY and DOES   **THE AMERICANS WITH**
      ONE through TEN, inclusive,          **DISABILITIES ACT; (3) THE**
19                                         **REHABILITATION ACT OF 1973; (4)**
              Defendants.                  **CALIFORNIA GOVERNMENT CODE**
20                                         **SECTION 4450 ET SEQ. AND**
                                           **CALIFORNIA CIVIL CODE SECTION**
21                                         **54(a); (5) CALIFORNIA CIVIL CODE**
                                           **SECTIONS 51 AND 52; (6)**
22                                         **CALIFORNIA GOVERNMENT CODE**
                                           **SECTION 11135; AND (7)**
23                                         **CALIFORNIA HEALTH & SAFETY**
                                           **CODE SECTION 19955 ET SEQ. AND**
24                                         **CALIFORNIA CIVIL CODE SECTION**
                                           **54 ET SEQ.**
25

26                                         **JURY TRIAL DEMANDED**

27    Plaintiff Charles Blackwell ("Plaintiff") complains and alleges as follows:

28    ///

COMPLAINT FOR DAMAGES                  1        U.S. DISTRICT COURT CASE NO.

I.   **INTRODUCTION**

1.      This case involves the denial of accessible facilities to Plaintiff, a qualified

disabled person, on the public sidewalk at 1268 Grant Avenue, San Francisco, California ("1268

Grant Avenue"). As the result of such denial of accessible facilities, Plaintiff suffered severe

physical personal injuries as well as denial of his civil rights. Plaintiff is a "person with a

disability" or "physically handicapped person," who is visually impaired, and is unable to safely

or with full and equal access use portions of public facilities which are not fully accessible to

physically disabled persons who have visual disabilities.

2.      On February 8, 2007, Plaintiff was walking on the public sidewalk at 1268 Grant

Avenue when he slipped and fell on the sidewalk elevator door cover located on the public

sidewalk. As a result, Plaintiff sustained serious personal injuries including, but not limited to a

broken left arm. Plaintiff was denied his rights to full and equal access at this sidewalk, and was

denied his civil rights under both California law and federal law, as herein below described,

because this sidewalk was not, and is not now, properly accessible to physically disabled persons

such as Plaintiff. Plaintiff seeks injunctive relief to require Defendants City and County of San

Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

of them, to make this sidewalk accessible to disabled persons and to ensure that any disabled

person who attempts to use this sidewalk will be provided safe and accessible paths of travel on

the public sidewalk at 1268 Grant Avenue. Plaintiff also seeks recovery of damages for his

physical personal injuries and discriminatory experiences and denial of access and denial of his

civil rights, which denials are continuing as a result of the failure of Defendants City and County

of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten,

and each of them, to provide an accessible sidewalk to physically disabled persons such as

Plaintiff. Plaintiff also seeks recovery of reasonable attorneys' fees, litigation expenses and

costs, according to statute.

II.   **JURISDICTION**

3.      This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations

of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.* Pursuant to this Court's

1   supplemental jurisdiction, attendant and related claims for relief arising from the same facts are

2   also brought under California law, including but not limited to violations of California

3   Government Code §§ 4450, *et. seq.*; Health & Safety Code §§ 19955, *et seq.*, including § 19959;

4   Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54(a), and 55.

5   **III.   VENUE**

6       4.   Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on (1)

7   Plaintiffs' information and belief that some or all of the defendants reside in this judicial district;

8   (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial

9   district; and (3) "a substantial part of property that is the subject of the action is situated" in this

10   judicial district.

11   **IV.   INTRADISTRICT ASSIGNMENT**

12       5.   Intradistrict assignment to the San Francisco Division is appropriate pursuant to

13   Civil L.R. 3-2(c) because "a substantial part of the events or omissions which give rise to the

14   claim occurred or in which a substantial part of the property that is the subject of the action is

15   situated" occurred in San Francisco County.

16   **V.   THE PARTIES**

17       6.   Plaintiff is and at all time relevant to this Complaint was a physically disabled

18   person, and a "person with disabilities," as these terms are used under California and Federal,

19   including but not limited to Section 504 of the Rehabilitation Act and Titles II and III of the

20   Americans with Disabilities Act of 1990. The terms "physically disabled person," and a "person

21   with disabilities" will be used interchangeably throughout this Complaint. Plaintiff is visually

22   impaired.

23       7.   Defendant City and County of San Francisco (the "City") is a public entity and

24   municipal corporation organized and existing pursuant to the laws of the State of California, is

25   the owner of the public sidewalk at 1268 Grant Avenue, and is subject to Title II of the

26   Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

27   to the requirements of California State law requiring full and equal access to public facilities

28

1  pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

2  referred to in this Complaint.

3      8.      Defendant 1268 Grant Avenue LLC was the owner of the real property located at

4  1268 Grant Avenue on February 8, 2007 and, as such, was responsible in whole or in part for the

5  condition of the sidewalk elevator door cover located on the public sidewalk, and is subject to

6  Title III of the Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation

7  Act of 1973, to the requirements of California State law requiring full and equal access to public

8  facilities pursuant to Government Code Sections 11135 and 4450, and to all other legal

9  requirements referred to in this Complaint.

10      9.      Defendant Christopher P. Foley is the current owner of the real property located at

11  1268 Grant Avenue and, as such, is responsible in whole or in part for the condition of the

12  sidewalk elevator door cover located on the public sidewalk, and is subject to Title III of the

13  Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

14  to the requirements of California State law requiring full and equal access to public facilities

15  pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

16  referred to in this Complaint.

17      10.     Plaintiff is ignorant of the true names and capacities of the defendants sued in this

18  litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these

19  fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of

20  these defendants once they have been ascertained.  Plaintiff is informed and believes and

21  thereupon alleges that each of the fictitiously named defendants is in some manner responsible

22  for the injuries and damages to Plaintiff alleged in this Complaint.

23      11.     Plaintiff is informed and believes that each of the defendants herein is the agent,

24  employee, representative, joint venture and/or common enterprise affiliate of each of the other

25  defendants, and performed all acts and omissions stated herein within the scope of such agency

26  or employment or representative capacity or joint venture or common enterprise and is

27  responsible in some manner for the acts and omissions of the other defendants in proximately

28  causing the damages complained of herein.

COMPLAINT FOR DAMAGES                           4          U.S. DISTRICT COURT CASE NO.

**VI.   COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT**

12.   On February 27, 2007, Plaintiff timely filed a Tort Claim with the City, a copy of which is attached as Exhibit A.

13.   On March 8, 2007, the City denied Plaintiff's Tort Claim, a copy of which is attached as Exhibit B.

**VII.   CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**(Against Defendant City and County of San Francisco)**

14.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

15.   Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990 ("ADA"). Title II, Subpart A prohibits discrimination by any "public entity", including any state or local government, as defined by 42 USC Section 12131, section 201 of the ADA.

16.   Pursuant to 42 USC Section 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

17.   The City has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to insure that the public paths of travel in and around 1268 Grant Avenue are accessible to disabled persons including Plaintiff. As a proximate result of the City's actions and omissions, the City has knowingly and intentionally discriminated against Plaintiff, in violation of Title II of the ADA, and of the regulations adopted to implement the ADA.

18.   As a result of the City's discrimination in violation of Section 202 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the

1   Rehabilitation Act of 1973 (29 USC Section794a). Plaintiff also seeks injunctive relief to

2   require the City to remove the barriers to access complained of, and to provide all remedies,

3   including damages, statutory attorneys' fees, litigation expenses and costs, including those

4   remedies specified by Sections 203 and 505 of the ADA and by California Code of Civil

5   Procedure Section 1021.5, according to proof.

6      19.   **INJUNCTIVE RELIEF:** To the date of filing this Complaint, the specified

7   public facilities continue to be inaccessible for safe and independent entry and use by physically

8   disabled persons such as Plaintiff. Plaintiff requests that an injunction be ordered requiring that

9   the City take prompt action to modify the aforementioned public facilities to render them

10  accessible to and usable by Plaintiff and other similarly situated physically disabled persons.

11  Plaintiff seeks injunctive relief to prohibit the acts and omissions of the City as complained of

12  herein which are continuing on a day-to-day basis and which have the effect of wrongfully

13  excluding Plaintiff and other members of the public who are physically disabled, including

14  persons who are visually impaired, from full and equal access to these public facilities. Such

15  acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in

16  that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to

17  discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable,

18  so long as such acts and omissions of the City continues, to achieve equal access to and use of

19  these public buildings and facilities, and cannot return to use these facilities until they are made

20  properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally

21  required access has been provided. The acts of the City have proximately caused and will

22  continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

23     20.   **DAMAGES:** Plaintiff seeks damages pursuant to Title II of the ADA with regard

24  to his denial of access on February 8, 2007, as alleged above. Plaintiff is informed and believes

25  and thereupon alleges that the City had actual and constructive notice prior to February 8, 2007

26  that the public paths of travel in and around 1268 Grant Avenue were not accessible to disabled

27  persons including Plaintiff, but the City failed to correct the correct the condition as described

28  above. As such, Plaintiff seeks additional damages pursuant to Title II of the ADA because the

1 | City's failure to correct the access problems after Plaintiff gave specific notice of his experiences

2 | and injuries of February 8, 2007 including his Tort Claim of February 27, 2007, attached as

3 | Exhibit A, made the City's failure to take any action to correct such deficiencies, as well as the

4 | City's actions and/or inactions in continuing to maintain all such access barriers, an intentional

5 | violation of Title II of the ADA.

6 | 21.    Wherefore, Plaintiff prays for damages against Defendants City and County of

7 | San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

8 | each of them, as set forth below.

9 | **SECOND CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE**

10 | **III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

11 | **(Against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through**

12 | **Ten)**

13 | 22.    Plaintiff incorporates by reference each of the preceding paragraphs as though

14 | fully set forth herein, and further alleges as follows:

15 | 23.    In 1990, the United States Congress made findings pursuant to 42 United States

16 | Code Section 12101 regarding physically disabled persons, finding that laws were needed to

17 | more fully protect "some 43,000,000 Americans [with] one or more physical or mental

18 | disabilities;" that "historically, society has tended to isolate and segregate individuals with

19 | disabilities;" that "such forms of discrimination against individuals with disabilities continue to

20 | be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals

21 | with disabilities are to assure equality of opportunity, full participation, independent living, and

22 | economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and

23 | unnecessary discrimination and prejudice denies people with disabilities the opportunity to

24 | compete on an equal basis and to pursue those opportunities for which our free society is

25 | justifiably famous...."

26 | 24.    In passing the ADA (42 U.S.C. § 12101(b)), Congress provided as follows:

27 | It is the purpose of this Act

28 |

COMPLAINT FOR DAMAGES                    7          U.S. DISTRICT COURT CASE NO.

(1) to provide a clear and comprehensive national mandate for the

elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, *enforceable standards* addressing

discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing

the standards established in this Act on behalf of individuals with

disabilities; and

(4) to invoke the sweep of congressional authority, including the power to

enforce the fourteenth amendment and to regulate commerce, in order to

address the major areas of *discrimination faced day-to-day* by people with

disabilities. (Italics added.)

25.     As part of the ADA, Congress passed "Title III - Public Accommodations and

Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*).  The subject properties and

facilities are among the "private entities" which are considered "public accommodations" for

purposes of this title.

26.     Pursuant to Section 302 of 42 U.S.C. Section 12182, "No individual shall be

discriminated against on the basis of disability in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases, or leases to, or operates a place of public

accommodation."

27.     The specific prohibitions against discrimination include as follows:

§302(b)(2)(A)(ii):  "a failure to make reasonable modifications in policies,

practices, or procedures when such modifications are necessary to afford

such goods, services, facilities, privileges, advantages, or accommodations

to individuals with disabilities...;"

§302(b)(2)(A)(iii):  "a failure to take such steps as may be necessary to

ensure that no individual with a disability is excluded, denied service,

1    segregated, or otherwise treated differently than other individuals because

2    of the absence of auxiliary aids and services...:"

3        §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and

4    communication barriers that are structural in nature, in existing facilities...

5    where such removal is readily achievable;"

6        §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a

7    barrier under clause (iv) is not readily achievable, a failure to make such

8    goods, services, facilities, privileges, advantages, or accommodations

9    available through alternative methods if such methods are readily

10    achievable."

11        28.    The acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P.

12    Foley and Does One through Ten, and each of them, as set forth herein, were in violation of

13    Plaintiff's rights under the ADA, and the regulations promulgated therein as set forth in 28 Code

14    of Federal Regulations Part 36 *et seq.*

15        29.    The removal of each of the barriers complained of by Plaintiff as hereinabove

16    alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA.

17    As noted hereinabove, the removal of each and every one of the architectural barriers

18    complained of herein also was required under California law.  Further, structural repairs or

19    additions since January 26, 1992 have independently triggered requirements for removal of

20    barriers to access for disabled persons pursuant to Section 303 of the ADA, 42 U.S.C. § 12183,

21    as well as pursuant to California Health and Safety Code Section 19959.

22        30.    Further, Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

23    through Ten, and each of them, independently have violated all referenced standards since

24    January 26, 1992, by the manner in which they have constructed, altered, and maintained the

25    public sidewalk at 1268 Grant Avenue, creating a dangerous condition for disabled persons such

26    as Plaintiff who attempts to use the public sidewalk at 1268 Grant Avenue.

27        31.    Plaintiff is informed and believes and therefore alleges that as of February 8,

28    2007, and as of the filing of this Complaint, the premises have denied and continue to deny full

and equal access to Plaintiff and to other disabled persons, in other respects, which violated

Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of

his disability, thus wrongfully denied to Plaintiff the full and equal enjoyment of the goods,

services, facilities, privileges, advantages and accommodations, in violation of Section 302 of the

ADA, 42 U.S.C. § 12182.

32.    Pursuant to Section 308 of the ADA, U.S.C. § 12188 *et seq.*, Plaintiff is entitled to

the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of 1964, 42

U.S.C. § 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability

in violation of this title or has reasonable grounds for believing that he is about to be subjected to

discrimination in violation of Section 302 and Section 303 of the ADA.  Plaintiff is informed and

believes and therefore alleges that Defendants 1268 Grant Avenue LLC, Christopher P. Foley

and Does One through Ten, and each of them, have continued to violate the law and to deny the

rights of Plaintiff and other disabled persons access to this public accommodation since on or

before Plaintiff's encounter on February 8, 2007, as previously alleged.  Pursuant to Section

308(a)(2) of the ADA, "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive

relief shall include an order to alter facilities to make such facilities readily accessible to and

usable by individuals with disabilities to the extent required by this title."

33.    Plaintiff seeks relief pursuant to the remedies set forth in Section 204(a) of the

Civil Rights Act of 1964, (42 U.S.C. § 2000(a)-3(a)), and pursuant to Federal Regulations

adopted to implement the ADA.  Plaintiff is a qualified disabled person for purposes of Section

308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation

of Title III and who has reasonable grounds for believing he will be subjected to such

discrimination each time that he may attempt to use each of the properties and the premises

specified hereinabove.

34.    Wherefore, Plaintiff prays for damages against Defendants 1268 Grant Avenue

LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

/ / /

/ / /

**THIRD CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF SECTION**

**504 OF THE REHABILITATION ACT OF 1973**

**(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

**Christopher P. Foley and Does One through Ten)**

35.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

36.     The City is a governmental agency existing under the laws of the State of California with responsibility, *inter alia*, for the public facilities, including sidewalks and specifically the public sidewalk at 1268 Grant Avenue.  Plaintiff is informed and believes and therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, have been recipients of Federal financial assistance and that part of that financial assistance is used to fund the operations, construction and/or maintenance of the specific public facilities described herein.

37.     By the actions or inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in denying Plaintiff disabled accessible facilities at the public facilities specified herein, and in failing to provide access in multiple ways as herein described, including but not limited to the failure to provide an accessible paths of travel on the public sidewalk at 1268 Grant Avenue, Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, have violated Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, 29 USC Section 794, and the regulations promulgated thereunder.

38.     By the actions or inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in denying Plaintiff, a disabled person, his rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against Plaintiff solely by reason of his physical disability, By the actions or inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

1    Christopher P. Foley and Does One through Ten, and each of them, have violated Plaintiff's

2    rights under Section 504 of the Rehabilitation Act of 1973 and the regulations promulgated

3    thereunder.  Plaintiff seeks damages for denial of his civil rights, for interference with his right to

4    access public accommodations, and for resulting physical, mental and emotional injury, all to his

5    damage and according to proof.

6        39.    Further, Plaintiff has a need to and wishes to return to the facilities described

7    herein, and will do so when they are made properly accessible to persons with disabilities.

8    Plaintiff seeks injunctive relief and requests that this Court order By the actions or inactions of

9    Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley

10   and Does One through Ten, and each of them, to correct the access deficiencies complained of

11   herein so that Plaintiff will not continue to be discriminated against and/or deterred from entering

12   and accessing the public sidewalk at 1268 Grant Avenue on the same basis as non-disabled

13   persons, and seeks recovery of statutory attorneys' fees, litigation expenses and costs.  Plaintiff

14   has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff will

15   continue to suffer irreparable injury by the deprivation of meaningful access to the public

16   sidewalk at 1268 Grant Avenue, and the public facilities operated by defendants therein.

17       40.    Wherefore, Plaintiff prays for damages and injunctive relief against Defendants

18   City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

19   through Ten, and each of them, as set forth below.

20   **FOURTH CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATIONS OF**

21   **CALIFORNIA'S DISABLED ACCESS STANDARDS AND CALIFORNIA'S**

22   **GOVERNMENT CODE SECTION 4450 ET SEQ. AND RESULTING VIOLATION OF**

23   **CALIFORNIA CIVIL CODE SECTION 54(a)**

24   **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

25   **Christopher P. Foley and Does One through Ten)**

26       41.    Plaintiff incorporates by reference each of the preceding paragraphs as though

27   fully set forth herein, and further alleges as follows:

28

COMPLAINT FOR DAMAGES                    12        U.S. DISTRICT COURT CASE NO.

1     42.    Plaintiff is informed and believes and therefore alleges that the specified public

2  facilities owned, operated, leased, constructed, altered and maintained by Defendants City and

3  County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

4  Ten, and each of them, are buildings, structures or related facilities within the meaning of

5  California Government Code Sections 4450 *et seq*. Plaintiff is further informed and believes and

6  therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

7  Christopher P. Foley and Does One through Ten, and each of them, have constructed, altered, or

8  repaired parts of these public buildings, structures and related facilities since 1968 within the

9  meaning of California Government Code Sections 4450 and 4456, thereby requiring provision of

10  access to persons with disabilities, as required by law, and statutory attorneys' fees, litigation

11  expenses and costs, including but not limited to public interest attorneys' fees pursuant to

12  California Code of Civil Procedure Section 1021.5.

13     43.    The actions and omissions of Defendants City and County of San Francisco, 1268

14  Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as

15  herein alleged constitute a denial of access to and use of the described public facilities by

16  physically disabled persons within the meaning of California Government Code Section 4450 *et*

17  *seq*. As a proximate result of the actions, inactions and/or omissions of Defendants City and

18  County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

19  Ten, and each of them as described above, Defendants City and County of San Francisco, 1268

20  Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them,  have

21  discriminated against Plaintiff, in violation of California Government Code Section 4450 *et seq.*,

22  and of Title 24-2 regulations adopted to implement Section 4450.

23     44.    Plaintiff has no adequate remedy at law, and unless the relief requested herein is

24  granted, Plaintiff will continue to suffer irreparable harm as a result of the failure of Defendants

25  City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

26  through Ten, and each of them, to fulfill their obligations to provide meaningful access to the

27  public sidewalk at 1268 Grant Avenue and to related public facilities.

28

45.     **INJUNCTIVE RELIEF:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to grant full and equal access to Plaintiff in the respects complained of and to require Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Government Code Section 4450 *et seq.*, and California Civil Code Section 55, and other applicable law. Plaintiff further requests that this Court award damages pursuant to Civil Code Section 54.3 and other applicable law and attorneys' fees, litigation expenses, and costs pursuant to Government Code Section 4450 *et seq.*, Civil Code Section 54.3, Code of Civil Procedure Section 1021.5 and other law, all as hereinafter prayed for by Plaintiff.

46.     **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff suffered multiple violations of his civil rights, including but not limited to rights under Civil Code Sections 54(a), all to his damages pursuant to Civil Code Section 54.3, including physical personal injury, physical, mental and emotional damages, general and special damages including medical expenses and residual medical injuries, all as hereinafter stated and according to proof. The actions and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by Defendants City and

1  County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

2  Ten, and each of them, in violation of the subject laws, to use these public facilities on a full and

3  equal basis as other persons.

4      47.    **FEES AND COSTS:**  As a result of the actions and omissions of Defendants City

5  and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

6  through Ten, and each of them, Plaintiff has been required to incur attorneys' fees, litigation

7  expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

8  provisions of the law protecting access for disabled persons and prohibiting discrimination

9  against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorneys' fees,

10  litigation expenses, and costs, pursuant to the provisions of California Civil Code Sections 54.3

11  and 55, and California Government Code Section 4450 *et seq.*  Additionally, Plaintiff's lawsuit is

12  intended to require that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

13  Christopher P. Foley and Does One through Ten, and each of them, make their facilities

14  accessible to all disabled members of the public, justifying "public interest" attorneys' fees,

15  litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

16  Section 1021.5 and other applicable law.

17      48.    Wherefore, Plaintiff prays for damages against Defendants City and County of

18  San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

19  each of them, as set forth below.

20  **FIFTH CLAIM FOR RELIEF FOR VIOLATION OF THE UNRUH CIVIL RIGHTS**

21  **ACT, CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF**

22  **DISABILITY**

23  **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

24  **Christopher P. Foley and Does One through Ten)**

25      49.    Plaintiff incorporates by reference each of the preceding paragraphs as though

26  fully set forth herein, and further alleges as follows:

27      50.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code

28  Section 51(b), provided in pertinent part:

COMPLAINT FOR DAMAGES                15        U.S. DISTRICT COURT CASE NO.

1       All persons within the jurisdiction of this state are free and equal,

2          and no matter what their sex, race, color, religion, ancestry, national origin,

3          disability, or medical condition are entitled to the full and equal

4          accommodations, advantages, facilities, privileges, or services in all

5          business establishments of every kind whatsoever.

6       51.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code

7   Section 51(f), provided in pertinent part: "A violation of the right of any individual under the

8   Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation

9   of this section."

10      52.    Plaintiff suffered damages as above described as a result of the violations of

11  California Civil Code Section 51(b) and 51(f) by Defendants City and County of San Francisco,

12  1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in

13  multiple regards, including but not limited to violations of the ADA, as described in the First

14  Claim for Relief, *supra*, the contents of which claim for relief is incorporated herein by

15  reference.

16      53.    California Civil Code Section 52(a) provides that each such violation described

17  above entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury,

18  or a court sitting without a jury, up to a maximum of three times the amount of actual damage

19  but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be

20  determined by the court in addition thereto...."

21      54.    Wherefore, Plaintiff prays for damages against Defendants City and County of

22  San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

23  each of them, as set forth below.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **SIXTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA GOVERNMENT**

2    **CODE SECTION 11135 FOR DISCRIMINATION UNDER PROGRAM RECEIVING**

3    **FINANCIAL ASSISTANCE FROM THE STATE OF CALIFORNIA**

4    **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

5    **Christopher P. Foley and Does One through Ten)**

6      55.    Plaintiff incorporates by reference each of the preceding paragraphs as though

7    fully set forth herein, and further alleges as follows:

8      56.    Plaintiff is informed and believes and thereupon alleges that the administration,

9    supervision and maintenance by Defendants City and County of San Francisco, 1268 Grant

10    Avenue LLC, Christopher P. Foley and Does One through Ten, of the property and buildings

11    which are the subject of the action, are funded in whole or in part by the State of California.

12      57.    Defendants have failed to make their programs, services, and activities readily

13    accessible to and useable by disabled persons in violation of California Government Code

14    Section 11135 *et seq.*

15      58.    At all times herein mentioned, California Government Code Section 11135

16    provided as follows:

17        No person in the State of California shall, on the basis of ethnic

18        group identification, religion, age, sex, color, or disability, be unlawfully

19        denied the benefits of, or be unlawfully subjected to discrimination under,

20        any program or activity that is funded directly by the state or receives any

21        financial assistance from the state. With respect to discrimination on the

22        basis of disability, programs and activities subject to subdivision (a) shall

23        meet the protections and prohibitions contained in Section 202 of the

24        Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the

25        federal rules and regulations adopted in implementation thereof, except that

26        if the laws of this state prescribe stronger protections and prohibitions, the

27        programs and activities subject to subdivision (a) shall be subject to the

28        stronger protections and prohibitions.

59.     Plaintiff has no adequate remedy at law, and unless the requested relief is granted, Plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public.  Further, Plaintiff suffered damages, as specified, as the result of denial of his civil rights on the date alleged above and on a continuous basis since that date due to being deterred from returning to the public sidewalk at 1268 Grant Avenue because he faced potential further injury and damages.  Because Plaintiff seeks improvement of access for physically disabled persons, which will benefit a significant portion of the public, Plaintiff seeks attorneys' fees, litigation expenses and costs pursuant to California Code of Civil Procedure Section 1021.5, as to this claim for relief and as to all claims for relief in this Complaint in which Plaintiff seeks injunctive relief.

60.     Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

**SEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE SECTION 19955 *ET SEQ.* AND CIVIL CODE SECTION 54 *ET SEQ.* FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION (Against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten)**

61.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

62.     Plaintiff and other similarly situated physically disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code Section 19955 *et seq.*  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of California Health & Safety Code Section 19955 *et seq.*

63.     California Health & Safety Code Sections 19955 and 19955.5 were enacted, "To ensure that public accommodations or facilities constructed in this state with private funds

COMPLAINT FOR DAMAGES                      18         U.S. DISTRICT COURT CASE NO.

1    adhere to the provisions of Chapter 7 (commencing with § 4450), of Division 5 of Title 1 of the

2    Government Code." Plaintiff is informed and believes and thereupon alleges that the provisions

3    of both California Health and Safety Code Sections 19955 and 19955.5 apply to the public

4    facilities and public accommodations which are located within the property owned and operated

5    by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

6    each of them.   Title 24, California Code of Regulations, formerly known as the California

7    Administrative Code and now known as the California Building Code, was in effect at the time

8    of each alteration which, Plaintiff is informed and believes and thereupon alleges occurred at

9    such public facility since July 1, 1982, thus requiring access complying with the specifications of

10   Title 24 whenever each such "alteration, structural repair or addition" was carried out. Plaintiff

11   is informed and believes and thereupon alleges that Defendants 1268 Grant Avenue LLC,

12   Christopher P. Foley and Does One through Ten, and each of them, and/or their predecessors in

13   interest carried out alterations, structural repairs, or additions to the subject premises, facilities,

14   and buildings during the period Title 24 has been in effect.

15       64.    Plaintiff is informed and believes and therefore alleges that as of February 8,

16   2007, and as of the filing of this Complaint, this public sidewalk and related facilities were and

17   are not properly accessible to persons with disabilities – and will continue to be inaccessible in

18   the future – until this public sidewalk and related facilities, and the exterior paths of travel along

19   1268 Grant Avenue are brought into compliance with all applicable Federal and State of

20   California code requirements.

21       65.    Further, each and every violation of the ADA as alleged in the Second Claim for

22   Relief Action hereinabove, the contents of which are incorporated by reference herein, also

23   constitutes a separate and distinct violation of California Civil Code Section 54(c), thus

24   independently justifying an award of damages and injunctive relief pursuant to California law,

25   including but not limited to Civil Code Sections 54.3 and 55.

26       66.    Further, each and every violation of the ADA as alleged in the Second Claim for

27   Relief Action hereinabove, the contents of which are incorporated by reference herein, also

28   constitutes a separate and distinct violation of California Civil Code Section 54.1(d), thus

COMPLAINT FOR DAMAGES                    19       U.S. DISTRICT COURT CASE NO.

1    independently justifying an award of damages and injunctive relief pursuant to California law,

2    including but not limited to Civil Code Sections 54.3 and 55.

3        67.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and

4    omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

5    Ten, and each of them, as complained of herein which are continuing on a day-to-day basis to

6    have the effect of wrongfully excluding Plaintiff and other members of the public who are

7    physically disabled from full and equal access to this public sidewalk and related facilities. Such

8    acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in

9    that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to

10   discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable,

11   so long as such acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley

12   and Does One through Ten, and each of them, continue, to achieve equal access to and use of

13   this public sidewalk and related facilities, and is deterred from using this public sidewalk and

14   related facilities until they are made properly accessible to disabled persons. Plaintiff alleges

15   that he intends, once legally required access has been provided, to make use of this public

16   sidewalk and related facilities. The acts of Defendants 1268 Grant Avenue LLC, Christopher P.

17   Foley and Does One through Ten, and each of them, have proximately caused and will continue

18   to cause irreparable injury to Plaintiff if not enjoined by this Court.

19       68.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

20   continuing refusal by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

21   through Ten, and each of them, to grant full and equal access to Plaintiff in the respects

22   complained of and to require Defendants 1268 Grant Avenue LLC, Christopher P. Foley and

23   Does One through Ten, and each of them, to comply forthwith with the applicable statutory

24   requirements relating to access for disabled persons. Such injunctive relief is provided by

25   California Health & Safety Code Section 19953 and California Civil Code Section 55, and other

26   applicable law. Plaintiff further requests that this Court award damages pursuant to Civil Code

27   Section 54.3 and other applicable law, attorneys' fees, litigation expenses, and costs, pursuant to

28

1   Health & Safety Code Section 19953, Civil Code Section 54.3 and 55, Code of Civil Procedure

2   Section 1021.5 and other applicable law, all as prayed for below.

3       69.    **DAMAGES:**  As a result of the denial of equal access to these facilities, and due

4   to the acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

5   One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and

6   maintaining this public sidewalk and related facilities, Plaintiff suffered physical, mental and

7   emotional injuries, and general and special damages, and violations of his civil rights, including

8   but not limited to rights under California Civil Code Sections 54 and 54.1, all to his damages

9   pursuant to Civil Code Section 54.3, including statutory treble damages, as set forth below.  The

10  actions and/or inactions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

11  One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis

12  that he was and is physically disabled and unable, because of the architectural barriers created

13  and/or maintained by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

14  through Ten, and each of them, in violation of the subject laws, to use this public sidewalk and

15  related facilities on a full and equal basis as other persons.

16      70.    **TREBLE DAMAGES :**  Plaintiff is informed and believes and therefore alleges

17  that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

18  each of them, have continued to maintain inaccessible premises despite knowledge that their

19  premises denied full and equal access to disabled persons, including Plaintiff.  As a result,

20  Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

21  of them, are liable for treble damages pursuant to California Civil Code Section 54.3.

22      71.    **FEES AND COSTS:**  As a result of the acts, omissions, and conduct of

23  Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

24  of them, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as

25  provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law

26  protecting access for disabled persons and prohibiting discrimination against disabled persons.

27  As a result, Plaintiff seeks recovery of all reasonable attorneys' fees, litigation expenses, and

28  costs, pursuant to the provisions of California Civil Code Section 54.3 and 55, and California

COMPLAINT FOR DAMAGES                    21        U.S. DISTRICT COURT CASE NO.

1   Health & Safety Code Section 19953 *et seq*. Additionally, Plaintiff's lawsuit is intended to

2   require that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

3   Ten, and each of them, make this public sidewalk and related facilities properly accessible to all

4   disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses

5   and costs, pursuant to the provisions of California Code of Civil Procedure Section 1021.5 and

6   other applicable law.

7          72.    Wherefore, Plaintiff prays for damages against Defendants City and County of

8   San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

9   each of them, as set forth below.

10                                     **PRAYER**

11         WHEREFORE, Plaintiff prays as follows:

12         1.     That this Court issue a preliminary and permanent injunction directing defendants

13  as current owners, operators, lessors, and/or lessees of the premises hereinabove described to

14  modify the above described premises and related facilities so that each provides full and equal

15  access to all persons, including persons with physical disabilities; and issue a preliminary and

16  permanent injunction directing defendants to provide facilities usable by plaintiff and similarly

17  situated persons with disabilities, and which provide full and equal access, as required by law;

18         2.     That this Court retain jurisdiction over the defendants until such time as the Court

19  is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of

20  inaccessible public facilities as complained of herein no longer occur, and can not recur;

21         3.     That this Court award to Plaintiff all appropriate damages, including but not

22  limited to statutory damages, general damages, special damages, and treble damages, in amounts

23  within the jurisdiction of the Court, all according to proof;

24         4.     That this Court award to Plaintiff all reasonable statutory attorneys' fees, litigation

25  expenses, and costs of this proceeding as provided by law;

26         5.     That this Court award prejudgment interest pursuant to California Civil Code

27  Section 3291; and

28  / / /

COMPLAINT FOR DAMAGES                    22    U.S. DISTRICT COURT CASE NO.

1    6.    For such other, further relief as this Court may deem proper.

2  Dated: September 7, 2007

3                                    MOSLEY & GEARINGER LLP

4

5                                    By: _Brian Gearinger_
                                     BRIAN GEARINGER
6                                    Attorneys for Plaintiff CHARLES BLACKWELL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff Charles Blackwell demands trial by jury in this action.

Dated:  September 7, 2007

MOSLEY & GEARINGER LLP

By: _Brian Gearinger_

BRIAN GEARINGER
Attorneys for Plaintiff CHARLES BLACKWELL

# EXHIBIT A

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

**1. Claimant's Name and Home Address** (Please Print Clearly)

CHARLES BLACKWELL
15 MAYBECK TWIN DRIVE

City BERKELEY    Zip 94708

Telephone _Daytime_ (510) 883-0311    _Evening_

**2. Send Official Notices and Correspondence to:**

~ CLAIMANT ~

City ____    Zip ____
Telephone _Daytime_ ____    _Evening_ ____

**3. Date of Birth**
8/11/50

**4. Social Security Number**
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

**5. Date of Incident**
2/8/07

**6. Time of Incident (AM or PM)**
3:00 PM (APPROX)

**7. Location of Incident or Accident**
GRANT & VALLEJO  STREET

**8. Claimant Vehicle License Plate #, Type and Year**

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

WHILE CROSSING THE STREET AT GRANT & VALLEJO WALKING TOWARD COLUMBUS ON A DOWNHILL GRADE I STEPPED ON A METAL PLATE (5'x5' SQUARE) ON THE SIDEWALK & IMMEDIATELY SLIPPED AND FELL

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| | | |

**10. Description of Claimant's injury, property damage or loss**

INJURIES SUFFERED INCLUDE A BROKEN LEFT UPPER ARM REQUIRING AMBULANCE TRANSPORT TO SF GENERAL HOSPITAL FOR TREATMENT

**11. Amount of Claimant's property damage or loss** and method of computation. Attach supporting documentation. (See Instructions)

ITEMS

MEDICAL BILLS    $ _____   Not yet
PAIN AND SUFFERING    $ _____   Computed To Be Determined
____    $ _____
____    $ _____

**TOTAL AMOUNT**    $ _____

Court Jurisdiction: Limited Civil ☐    Unlimited Civil ☑

**12. Witnesses (if any) Name**    **Address**    **Telephone**

1. UNKNOWN AT THIS TIME
2. ____

**13.**

_Signature of Claimant or Representative_    [signature]    _Date_ 2/27/07

**Print Name**    **Relationship to Claimant**

**Do Not Write In This Space**

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

CA/FORM 2. 2/01

# EXHIBIT B

# CITY AND COUNTY OF SAN FRANCISCO



DENNIS J. HERRERA
City Attorney

## OFFICE OF THE CITY ATTORNEY

Michael D. Haase
Assistant Chief of Claims

DIRECT DIAL:    (415) 554-5845
E-MAIL:    MIKE.HAASE@SFGOV.ORG

March 8, 2007

Charles Blackwell
15 Maybeck Twin Dr.
Berkeley, CA 94708

RE:    Claim of Charles Blackwell / Claim Number 07-02246

Department:    DPWSTRP  DPW Street Repair
Incident Date:    February 8, 2007
Claim Filed:    February 27, 2007

NOTICE OF ACTION UPON CLAIM                PLEASE TAKE NOTICE THAT

An investigation of your claim filed with the City and County of San Francisco has revealed no indication of liability on the part of the City and County. Accordingly, your claim is DENIED.

You should refer your claim to:

    1268 Grant Avenue, LLC
    c/o Chris Faley
    350 Greenwich Street
    San Francisco, CA 94133

Any inquiries should be directed to that entity.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a state court action on this claim. See Government Code section 945.6. This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Very truly yours,

DENNIS J. HERRERA
City Attorney

Michael D. Haase
Assistant Chief of Claims

---

875 STEVENSON STREET, ROOM 440 · SAN FRANCISCO, CALIFORNIA 94103
FACSIMILE: (415) 554-7890

n:\claim\c2007\07-02246\00013330.doc

Claim of:    Charles Blackwell              Claim Filed:    February 27, 2007

    I, Cecilia Lam say:  I am a citizen of the United States, over eighteen years of age, and not a party to the within action; that I am employed by the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, Suite 250, San Francisco, CA 94102.

    That on March 8, 2007 I served:

    NOTICE OF ACTION UPON CLAIM

by placing a true copy thereof in an envelope addressed to:

    Charles Blackwell
    15 Maybeck Twin Dr.
    Berkeley, CA  94708

and by then sealing and depositing said envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California.  The mailbox that I deposited said envelope is regularly maintained by the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct:

    Executed on March 8, 2007 at San Francisco, California.


                              *Cecilia Lam*
                              Cecilia Lam


              DECLARATION OF SERVICE BY MAIL