**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar # 146125)

**LAW OFFICES OF PAUL L. REIN**

200 Lakeside Drive, Suite A
OAKLAND, CALIFORNIA 94612
(510) 832-5001

PAUL L. REIN (State Bar # 43053)

Attorneys for Plaintiff CHARLES BLACKWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. C 07-04629 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>[Civ. L.R. 16-9]<br><br>**Date:**     **December 19, 2007**<br>**Time:**     **3:30 p.m.**<br>**Place:**     **Via Telephone**<br><br>The Honorable Saundra Brown Armstrong, Presiding |

Plaintiff Charles Blackwell ("Plaintiff"), Defendants City and County of San Francisco, 1268 Grant Avenue LLC and Christopher P. Foley submit this Case Management Statement, pursuant to Civil Local Rule 16-9 as follows:

1.    <u>Jurisdiction and Service</u>:

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under "the Constitution, laws, or treaties of the United States", specifically the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*.  This Court also has

jurisdiction over state claims in that the additional claims for relief "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

Plaintiff has served all defendants except Defendant Thai Speed, Inc. dba as Citizen Thai. Counsel for Defendants 1268 Grant Avenue LLC and Christopher P. Foley have agreed to accept service on behalf of Defendant Thai Speed, Inc. dba as Citizen Thai. Defendant City and County of San Francisco has answered the Complaint, and filed a Cross-complaint against Defendants 1268 Grant Avenue LLC and Christopher P. Foley. Defendants 1268 Grant Avenue LLC and Christopher P. Foley have filed a motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for a more definite statement, Federal Rule of Civil Procedure 12(e). The hearing of this motion is set for February 5, 2008.

2.    Facts:

Plaintiff contends that the relevant facts are as follows:

Plaintiff is visually impaired and, as such, is a "physically disabled person," and a "person with disabilities," as these terms are used under California and Federal law, including but not limited to Section 504 of the Rehabilitation Act and Titles II and III of the Americans with Disabilities Act of 1990.

On February 8, 2007, Plaintiff was walking on the public sidewalk at 1268 Grant Avenue, San Francisco, California, when he slipped and fell on the sidewalk elevator door cover located on the public sidewalk. As a result, Plaintiff sustained serious personal injuries including, but not limited to a broken left arm. Plaintiff was denied his rights to full and equal access at this sidewalk, and was denied his civil rights under both California law and federal law because this sidewalk was not, and is not now, properly accessible to physically disabled persons such as Plaintiff.

Defendant City and County of San Francisco is a public entity and municipal corporation organized and existing pursuant to the laws of the State of California, is the owner of the public sidewalk at 1268 Grant Avenue. Defendant 1268 Grant Avenue LLC was the owner of the real property located at 1268 Grant Avenue on February 8, 2007 and, as such, was responsible in

1  whole or in part for the condition of the sidewalk elevator door cover located on the public

2  sidewalk.  Defendant Christopher P. Foley is the current owner of the real property located at

3  1268 Grant Avenue and, as such, is responsible in whole or in part for the condition of the

4  sidewalk elevator door cover located on the public sidewalk.

5       Defendant City and County of San Francisco contends that the relevant facts are as

6  follows:

7       Defendant City and County of San Francisco contends that defendants 1268 Grant

8  Avenue LLC and Christopher Foley are entirely responsible for the maintenance and safety of

9  the sidewalk elevator and therefore are entirely responsible for Plaintiff's injuries, to the extent

10 that anyone other than Plaintiff is responsible.

11      Defendants 1268 Grant Avenue LLC and Christopher P. Foley ("1268 Grant Avenue")

12 contend that the relevant facts are as follows:

13      The sidewalk elevator door cover on which Plaintiff alleges he slipped and fell is located

14 entirely within a public sidewalk and not inside or adjacent to the entrance of the restaurant

15 located at 1268 Grant Avenue.  As such the sidewalk elevator door cover is not located within

16 any "site" that 1268 Grant Avenue is responsible for under Title III of the ADA or the related

17 state law claims.

18      Defendant 1268 Grant Avenue also contents that Plaintiff was not denied his right to full

19 and equal access at this sidewalk because the sidewalk elevator door cover meets all ADA

20 requirements.

21      3.    Legal Issues:

22      Plaintiff contends that the relevant legal issues are as follows:

23           a.    Whether Defendant City and County of San Francisco is liable to Plaintiff

24                 for violating Plaintiff's rights under Title II of the Americans with Disabilities Act

25                 of 1990 ("ADA") for failing to insure that the public paths of travel in and around

26                 1268 Grant Avenue are accessible to disabled persons including Plaintiff.

27           b.    Whether Defendants 1268 Grant Avenue LLC and Christopher P. Foley

28                 are liable to Plaintiff for violating Plaintiff's rights under Title III of the ADA for

creating a dangerous condition for disabled persons such as Plaintiff who attempt

to use the public sidewalk at 1268 Grant Avenue and for denying and continuing

to deny Plaintiff full and equal access to the premises at 1268 Grant Avenue,

which violated Plaintiff's rights to full and equal access and which discriminated

against Plaintiff on the basis of his disability.

c.    Whether all defendant are liable to Plaintiff for violating Plaintiff's rights

under Section 504 of the Rehabilitation Act of 1973 for failing to provide an

accessible path of travel on the public sidewalk at 1268 Grant Avenue.

d.    Whether all defendants are liable to Plaintiff for violating Plaintiff's rights

under California Civil Code Section 54(a) for denying Plaintiff access to and use

of the public sidewalk and premises located at 1268 Grant Avenue.

e.    Whether all defendants are liable to Plaintiff for violating Plaintiff's rights

under California Civil Code Sections 51 and 52 for violating the ADA as

described above.

f.    Whether all defendants are liable to Plaintiff for violating Plaintiff's rights

under California Government Code Section 11135 *et seq.* for failing to make their

programs, services, and activities readily accessible to and useable by Plaintiff.

g.    Whether Defendants 1268 Grant Avenue LLC and Christopher P. Foley

are liable to Plaintiff for violating Plaintiff's rights under California Health &

Safety Code Section 19955 *et seq.*

Defendants contend that in addition to the above stated issues, the following legal issues

are relevant:

h.    What are Defendants' rights and duties with respect to the City and County

of San Francisco's indemnity claim against 1268 Grant Avenue and Christopher

Foley.

i.    Whether this case was appropriately pled as an ADA case and whether it is

actually a state-law dangerous-condition claim that has been improperly pled as

an ADA claim with a fee-shifting provision.

j.    The nature and extent of Plaintiff's injuries.

k.    Whether Plaintiff was comparatively at fault for his injuries.

4.    <u>Motions</u>:

Plaintiff does not anticipate filing any motions at this time.  Defendant 1268 Grant Avenue has filed the Rule 12 motion as described above.   Defendant City and County of San Francisco anticipates filing a dispositive motion, either a motion for judgment on the pleadings or a summary judgment motion.

5.    <u>Amendment of Pleadings</u>:

On November 27, 2007, Plaintiff filed a First Amended Complaint in which Plaintiff added Defendant Thai Speed, Inc. dba as Citizen Thai a party.

6.    <u>Evidence Preservation</u>:

Plaintiff requests that all defendants agree to preserve all construction and related documents pertaining to the sidewalk at 1268 Grant Avenue.

7.    <u>Disclosures</u>:

The parties anticipate completing their Initial Disclosures, pursuant to the September 7, 2007 Scheduling Order for Cases Asserting Denial of Right of Access under Americans with Disabilities Act Title III.

8.    <u>Discovery</u>:

Discovery is stayed, subject to General Order 56.

9.    <u>Class Actions</u>:

Not applicable.

10.    <u>Related Cases</u>:

On November 19, 2007, Defendant City and County of San Francisco has filed an Administrative Motion to consider whether this case, among others, should be related to *Letcher v. City and County of San Francisco, et al.,* Case Number C05-03772 JSW and three other cases, a copy of which is attached as Exhibit A.  On December 4, 2007, the Court in *Letcher v. City and County of San Francisco, et al.,* Case Number C05-03772 JSW, determined that "no cases are related and no reassignments shall occur." Also on December 4, 2007, the Court in *Chambers, et*

1  *al. v. City and County of San Francisco*, Case Number C06-06346 WHA, determined that "no

2  cases are related and no reassignments shall occur."

3      11.   <u>Relief</u>:

4      Plaintiff seeks the following relief; however, the amounts of monetary damages and costs

5  of suit cannot be determined at this time.  The City seeks full indemnity and defense from its co-

6  defendants.  The City also seeks its costs and attorneys fees.

7          a.    For monetary damages against defendants, and each of them, in an amount

8          sufficient to compensate Plaintiff for his injuries and damages.

9          b.    For costs of suit incurred herein, including Plaintiff's reasonable attorneys'

10         fees, expert witness expenses and fees, and other costs and expenses that Plaintiff

11         has been forced to incur to prosecute this action under all applicable statutory

12         bases.

13         c.    For an affirmative injunction ordering defendants to repair the sidewalk at

14         1268 Grant Avenue.

15     12.   <u>Settlement and ADR</u>:

16     The parties mediate this matter, if necessary, pursuant to General Order 56.

17     13.   <u>Consent to Magistrate Judge For All Purposes</u>:

18     On October 23, 2007, Defendant City and County of San Francisco filed a Declination to

19 Proceed before a Magistrate Judge.

20     14.   <u>Other References</u>:

21     Not applicable.

22     15.   <u>Narrowing of Issues</u>:

23     Plaintiff does not anticipate any procedure to narrow the issues at this time outside of the

24 course of conducting the joint inspection, pursuant to General Order 56.  Defendant 1268 Grant

25 Avenue LLC contends the Rule 12 motion may result in a narrowing of issues.

26     16.   <u>Expedited Schedule</u>:

27     The parties do not believe that an expedited schedule is appropriate at this time.

28 / / /

1        17.    <u>Scheduling</u>:

2        Plaintiff will request a further Case Management Conference, if necessary, pursuant to

3 General Order 56.

4        18.    <u>Trial</u>:

5        Plaintiff will request a trial date, if necessary, at a further Case Management Conference.

6        19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:

7        On October 17, 2007, Plaintiff filed his Certification of Interested Entities or Persons.

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    20.    <u>Such Other Matters as May Facilitate the Just, Speedy and Inexpensive</u>

2    <u>Disposition of this Matter:</u>

3    The parties are not aware of any such matters at this time.

4    Dated:  December 7, 2007

                                       MOSLEY & GEARINGER LLP
5

6

7                                      By: /s/ Brian Gearinger
                                       BRIAN GEARINGER

8                                      Attorneys for Plaintiff
                                       CHARLES BLACKWELL
9
     Dated:  December 7, 2007
10

11                                     DENNIS J. HERRERA
                                       City Attorney
12                                     JOANNE HOEPER
                                       Chief Trial Attorney
13                                     SCOTT D. WIENER
                                       Deputy City Attorney
14

15                                     By:  /s/ Scott D. Wiener
                                       SCOTT D. WIENER
16
                                       Attorneys for Defendant and Cross-Complainant
17                                     CITY AND COUNTY OF SAN FRANCISCO

18   Dated:  December 7, 2007

19

20                                     COLOMBATTO KLIMENKO LLP

21

22                                     By:  /s/ Michael K. Tcheng
                                       Michael K. Tcheng
23                                     Attorneys for Defendants
                                       1268 GRANT AVENUE LLC and CHRISTOPER
24                                     P. FOLEY

25

26

27

28

EXHIBIT A

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
DAVID W. AMMONS, State Bar #187168
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3954
Facsimile:    (415) 554-3837
E-Mail:    david.ammons@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO&
BOARD OF TRUSTEES FOR THE SAN FRANCISCO
WAR MEMORIAL AND PERFORMING ARTS CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON LETCHER,

Plaintiff,

v.

CITY AND COUNTY OF SAN
FRANCISCO; BOARD OF TRUSTEES
SAN FRANCISCO WAR MEMORIAL
AND PERFORMING ARTS CENTER;
SAN FRANCISCO PERFORMANCES,
INC.; SAN FRANCISCO SYMPHONY;
and DOES 1-25, inclusive,

Defendants.

Case No. C05-03772 JSW

**ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES
SHOULD BE RELATED**

**[LOCAL RULE 3-12(b)]**

**INTRODUCTION**

Currently pending before this Court are five disability access cases against the City and County of San Francisco:

- *Letcher v. City and County of San Francisco*, C05-03772 JSW, the first-filed among these cases, alleges physical barriers to access at Davies Symphony Hall;

1  · *Chambers v. City and County of San Francisco*, C06-06346 WHA, which the Court

2  has certified as a class action, asserts the rights of residents of Laguna Honda Hospital

3  to receive community-based treatment and services;

4  · *Kirola v. City and County of San Francisco*, C07-3685 SBA, a putative class action,

5  alleges physical access barriers City-wide;

6  · *Yates v. Union Square Garage*, C07-4087 JSW, alleges physical access barriers at

7  Union Square Garage and plaza; and

8  · *Blackwell v. City and County of San Francisco*, C07-4629 SBA, alleges that the

9  sidewalk conditions on the 1200 block of Grant Avenue in San Francisco violate

10  disability access laws.

11  On November 8, 2007, this Court denied the City's motion to relate the *Yates* case to *Kirola*.  On

12  November 14, 2007, the Court in *Kirola* directed the parties to file a related case motion including all

13  five of these cases.  Pursuant to Civil Local Rule 3-12(b) and the direction of this Court, defendant

14  City and County of San Francisco submits this motion for the Court to consider whether the

15  following cases are related.

### ARGUMENT

16  An action is related to another when:

17
18  (1) The actions concern substantially the same parties, property, transaction or
    event; and

19  (2) It appears likely that there will be an unduly burdensome duplication of
    labor and expense or conflicting results if the cases are conducted before
20  different Judges.

21  Local Civil Rule 3-12(a).

22  Four of the five cases identified above (namely, *Letcher*, *Kirola*, *Yates*, and *Blackwell*) allege

23  physical access barriers within the City and County of San Francisco.  The specific properties at issue

24  in *Letcher*, *Yates*, and *Blackwell* – Davies Symphony Hall, Union Square and a stretch of sidewalk,

25  respectively – are subsumed within *Kirola*'s City-wide allegations.[1]  Accordingly, *Letcher*, *Yates* and

26  _____

27  [1]  *Chambers*, by contrast, involves a distinct requirement of disability access law that governs
    access to community-based medical care and services.

28

1    *Blackwell* each presents factual issues that are common to *Kirola*, and discovery in these cases can be

2    expected to overlap discovery in *Kirola*. The City is a defendant in each of these lawsuits. Each of

3    these cases presents common legal issues regarding the City's obligations to address alleged physical

4    access barriers.

5        To the extent these cases present common factual and legal issues, it will be more efficient to

6    conduct the cases before a single Judge and avoid duplication and potentially inconsistent results.

7                                    **CONCLUSION**

8        For the foregoing reasons, the City requests the Court to consider whether the cases identified

9    above, or any of them, are related.

10   Dated:  November 19, 2007

11
                                DENNIS J. HERRERA
12                              City Attorney
                                JOANNE HOEPER
13                              Chief Trial AttorneyJAMES M. EMERY
                                Deputy City Attorney
14

15                              By:_____/s/_____
16                                   JAMES M. EMERY

17                              Attorneys for Defendant
                                CITY AND COUNTY OF SAN FRANCISCO
18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVE MOTION TO CONSIDER              3              n:\lit\li2005\060489\00450152.doc
WHETHER CASES SHOULD BE RELATED
CASE NO. C05-03772 JSW

# PROOF OF SERVICE

I, CARLA RAMOS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On November 19, 2007, I served the following document(s):

## DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

on the following persons at the locations specified:

SEE SERVICE LIST

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

ExecuteNovember 19, 2007, at San Francisco, California.

_____
CARLA RAMOS

ELISSA GERSHON, ESQ.
Protection & Advocacy, Inc.
1330 Broadway, Suite 500
Oakland, CA 94612
Tel: (510) 267-1200
Fax: (510) 267-1201
Attorneys for Plaintiffs

ARLENE MAYERSON, ESQ.
Disability Rights Education and
Defense Fund, Inc.
2212 Sixth Street
Berkeley, CA 94710
Tel: (510) 644-2555
Fax: (510) 841-8645

IRA BURNIM, *Pro Hac Vice*
Bazelon Center for Mental Health Law
1101 – 15th Street, N.W., Suite 1212
Washington, D.C. 20005-2002
Tel: (202) 467-5730
Fax: (202) 223-0409

GUY B. WALLACE, ESQ.
NANCY PARK, ESQ.
CHRISTIAN SCHREIBER, ESQ.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

MARK T. JOHNSON, ESQ.
ALEXIUS MARKWALDER, ESQ.
The Sturdevant Law Firm
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Tel: (415) 477-2410
Fax: (415) 477-2420

Paul L. Rein, Esq.
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone:    (510) 832-5001

BRUCE VIGNERY, *Pro Hac Vice*
AARP Foundation Litigation
601 "E" Street, N.W., Bldg. A4-170
Washington, D.C. 20049
Tel: (202) 434-2060
Fax: (202) 434-2127

HENRY C. SU, ESQ.
Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Tel: (650) 798-3500
Fax: (650) 798-3600

JOSEPH SONG, ESQ.
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel: (415) 848-4900
Fax: (415) 848-4999

TIMOTHY S. THIMESCH, ESQ.
GENE FARBER, ESQ.
Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA 94576-3452

MARTIN H. ORLICK, ESQ.
MATTHEW S. KENEFICK, ESQ.
Jeffer, Mangels, Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111
(415) 398-8080 tel.
(415) 398-5584 fax.

Brian Gearinger, Esq.
Mosley & Gearinger, LLP
825 Van Ness Avenue, 4th Floor
San Francisco, CA 94109-7837
Telephone:    (415) 440-3102