DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4283
Facsimile:    (415) 554-3837

Attorneys for Defendant and Cross-Claimant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>            Plaintiff,<br><br>    vs.<br><br>THAI SPEED, INC., dba CITIZEN THAI, CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>            Defendants.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>            Cross-claimant,<br><br>    vs.<br><br>1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>            Cross-defendants. | Case No. C07-4629 JL<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIM OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**<br><br>**DEMAND FOR TRIAL BY JURY** |

Defendant City and County of San Francisco ("City") hereby answers Plaintiff Charles Blackwell's FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF and cross-claims against defendants 1268 Grant Avenue LLC and Christopher P. Foley. The City denies all allegations of wrongdoing and all allegations giving rise to liability or damages. The City further alleges that to the extent that it is liable, defendants 1268 Grant Avenue LLC and Christopher P. Foley are required to indemnify the City and to hold the City harmless. The City further alleges that defendants 1268 Grant Avenue LLC and Christopher P. Foley are required to defend the City in this action.

<u>Answer</u>

1. Answering paragraph 1 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in the first two sentences of the paragraph. The City lacks sufficient information to admit or deny the remaining allegations of the paragraph and therefore denies such allegations.

2. Answering paragraph 2 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in the first two sentences of the paragraph and therefore denies such allegations. The City admits that plaintiff is seeking certain relief, as described in the complaint. The City denies that Plaintiff is entitled to such relief against the City. The City denies the remaining allegations in the paragraph.

3. Answering paragraph 3 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies those allegations.

4. Answering paragraph 4 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies those allegations.

5. Answering paragraph 5 of the complaint, the City admits, denies, and/or alleges as follows: The City denies that Plaintiff has stated any viable federal cause of action and therefore denies that the Court has subject matter jurisdiction over the complaint as stated. The City denies that it has violated federal or California law or otherwise engaged in conduct giving rise to liability.

6. Answering paragraph 6 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that to the extent that plaintiff has a viable federal claim, venue in this district is proper.

7. Answering paragraph 7 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that to the extent that plaintiff has a viable federal claim, assignment to this division is proper.

8. Answering paragraph 8 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies such allegations.

9. Answering paragraph 9 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that it is a public entity and municipal corporation existing under the laws of the State of California. The City further admits that it owns the described sidewalk and alleges that the adjacent property owner was responsible for maintaining the sidewalk in a non-dangerous condition. The City further admits that it has certain duties under the law and alleges that those duties speak for themselves. The City denies the remaining allegations in this paragraph.

10. Answering paragraph 10 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that the adjacent property owners were responsible for maintaining the sidewalk in a non-dangerous condition. The City is informed and believes that 1268 Grant Avenue LLC owned the property adjacent to the sidewalk at issue. The City lacks sufficient information to admit or deny the remaining allegations in the paragraph.

11. Answering paragraph 11 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that the adjacent property owners were responsible for maintaining the sidewalk in a non-dangerous condition. The City is informed and believes that Christopher Foley owns the property adjacent to the sidewalk at issue. The City lacks sufficient information to admit or deny the remaining allegations in the paragraph.

12. Answering paragraph 12 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies such allegations.

13. Answering paragraph 13 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies such allegations. The City denies that it had an agency relationship with any of the other defendants.

14. Answering paragraph 14 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies such allegations. The City denies that it had an agency relationship with any of the other defendants.

15. Answering paragraph 15 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that Plaintiff submitted a tort claim. The City lacks sufficient information to admit or deny that the claim was timely and therefore denies that allegation.

16. Answering paragraph 16 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that it denied Plaintiff's tort claim.

17. Answering paragraph 17 of the complaint, the City admits, denies, and/or alleges as follows: The City refers to and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

18. Answering paragraph 18 of the complaint, the City admits, denies, and/or alleges as follows: The City lacks sufficient information to admit or deny the allegations in the first sentence of this paragraph and therefore denies those allegations. The City admits that the statute referenced in the second sentence exists and speaks for itself. The City denies that it violated that statute or any other statute.

19. Answering paragraph 19 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that the statute referenced in the first sentence exists and speaks for itself. The City denies that it violated that statute or any other statute. The City lacks sufficient information to admit or deny the allegations in the second sentence of this paragraph and therefore denies those allegations.

20. Answering paragraph 20 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph.

1  21. Answering paragraph 21 of the complaint, the City admits, denies, and/or alleges as
2 follows:  The City denies the allegations in this paragraph.
3  22. Answering paragraph 22 of the complaint, the City admits, denies, and/or alleges as
4 follows:  The City denies the allegations in this paragraph.
5  23. Answering paragraph 23 of the complaint, the City admits, denies, and/or alleges as
6 follows:  The City denies the allegations in this paragraph.
7  24. Answering paragraph 24 of the complaint, the City admits, denies, and/or alleges as
8 follows:  The City denies the allegations in this paragraph.
9  25. Answering paragraph 25 of the complaint, the City admits, denies, and/or alleges as
10 follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond
11 to it.
12  26. Answering paragraph 26 of the complaint, the City admits, denies, and/or alleges as
13 follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond
14 to it.
15  27. Answering paragraph 27 of the complaint, the City admits, denies, and/or alleges as
16 follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond
17 to it.
18  28. Answering paragraph 28 of the complaint, the City admits, denies, and/or alleges as
19 follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond
20 to it.
21  29. Answering paragraph 29 of the complaint, the City admits, denies, and/or alleges as
22 follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond
23 to it.
24  30. Answering paragraph 30 of the complaint, the City admits, denies, and/or alleges as
25 follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond
26 to it.
27
28

1    31.    Answering paragraph 31 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

32.    Answering paragraph 32 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

33.    Answering paragraph 33 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

34.    Answering paragraph 34 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

35.    Answering paragraph 35 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

36.    Answering paragraph 36 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

37.    Answering paragraph 37 of the complaint, the City admits, denies, and/or alleges as follows:  This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

38.    Answering paragraph 38 of the complaint, the City admits, denies, and/or alleges as follows:  The City refers to and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39.    Answering paragraph 39 of the complaint, the City admits, denies, and/or alleges as follows:  The City lacks sufficient information to admit or deny the allegations in this paragraph pertaining to the City and therefore denies those allegations.  The allegations relating to the City's co-

1  defendants are inapplicable to the City, and the City therefore is not required to respond to those
2  allegations.

3      40.    Answering paragraph 40 of the complaint, the City admits, denies, and/or alleges as
4  follows: The City denies the allegations in this paragraph pertaining to the City. The allegations
5  relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required
6  to respond to those allegations.

7      41.    Answering paragraph 41 of the complaint, the City admits, denies, and/or alleges as
8  follows: The City denies the allegations in this paragraph pertaining to the City. The allegations
9  relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required
10 to respond to those allegations.

11     42.    Answering paragraph 42 of the complaint, the City admits, denies, and/or alleges as
12 follows: The City denies the allegations in this paragraph pertaining to the City. The allegations
13 relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required
14 to respond to those allegations.

15     43.    Answering paragraph 43 of the complaint, the City admits, denies, and/or alleges as
16 follows: The City denies the allegations in this paragraph pertaining to the City. The allegations
17 relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required
18 to respond to those allegations.

19     44.    Answering paragraph 44 of the complaint, the City admits, denies, and/or alleges as
20 follows: The City refers to and incorporates by reference each of the preceding paragraphs as though
21 fully set forth herein.

22     45.    Answering paragraph 45 of the complaint, the City admits, denies, and/or alleges as
23 follows: The City lacks sufficient information to admit or deny the allegations in this paragraph
24 pertaining to the City and therefore denies those allegations. The allegations relating to the City's co-
25 defendants are inapplicable to the City, and the City therefore is not required to respond to those
26 allegations.

27     46.    Answering paragraph 46 of the complaint, the City admits, denies, and/or alleges as
28 follows: The City denies the allegations in this paragraph pertaining to the City. The allegations

1 relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

47. Answering paragraph 47 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

48. Answering paragraph 48 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

49. Answering paragraph 49 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

50. Answering paragraph 50 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

51. Answering paragraph 51 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

52. Answering paragraph 52 of the complaint, the City admits, denies, and/or alleges as follows: The City refers to and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

53. Answering paragraph 53 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that the specified statute exists and speaks for itself. The City denies that it violated the statute or any other statute.

54. Answering paragraph 54 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that the specified statutes exist and speaks for themselves. The City denies that it violated these statutes or any other statute.

55. Answering paragraph 55 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

56. Answering paragraph 56 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

57. Answering paragraph 57 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

58. Answering paragraph 58 of the complaint, the City admits, denies, and/or alleges as follows: The City refers to and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

59. Answering paragraph 59 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

60. Answering paragraph 60 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

61. Answering paragraph 61 of the complaint, the City admits, denies, and/or alleges as follows: The City admits that the specified statute exists and speaks for itself. The City denies that it violated the statute or any other statute.

62. Answering paragraph 62 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

63. Answering paragraph 63 of the complaint, the City admits, denies, and/or alleges as follows: The City denies the allegations in this paragraph pertaining to the City. The allegations relating to the City's co-defendants are inapplicable to the City, and the City therefore is not required to respond to those allegations.

64. Answering paragraph 64 of the complaint, the City admits, denies, and/or alleges as follows: The City refers to and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

65. Answering paragraph 65 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

66. Answering paragraph 66 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

67. Answering paragraph 67 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

68. Answering paragraph 68 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

1   69. Answering paragraph 69 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

70. Answering paragraph 70 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

71. Answering paragraph 71 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

72. Answering paragraph 72 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

73. Answering paragraph 73 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

74. Answering paragraph 74 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it.

75. Answering paragraph 75 of the complaint, the City admits, denies, and/or alleges as follows: This paragraph is inapplicable to the City, and the City therefore is not required to respond to it. The City denies that it is liable to Plaintiff.

Affirmative Defenses

1. The complaint fails to state facts sufficient to constitute any claim upon which relief can be granted against Defendant.

2. The City did not deprive plaintiff of any right or privilege guaranteed by the Constitution or laws of the United States.

3. The Complaint does not present a case or controversy

4. The Complaint is not ripe for adjudication by this Court.

5. This Court should abstain from hearing and deciding this action.

6. The Complaint is moot.

7. The Complaint is barred in that the relief sought would require the City to alter fundamentally the City's services and programs.

8. The Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on the City and would require unreasonable modifications to programs and services.

9. The Complaint is barred in the plaintiffs seek relief under the Americans with Disabilities Act allegedly because of acts or omissions of City employees who are not entities within the meaning of the Act.

10. The City has a comprehensive system or plan which is effectively providing appropriate services, programs and facilities to plaintiffs and any purported class.

11. To the extent that the Complaint alleges entitlement to services or programs that are not being provided, plaintiff has failed to demonstrate eligibility or entitlement to such programs or services.

12. This court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

13. The relief requested in the Complaint is barred based upon the separation of powers doctrine.

14. The Complaint is barred because the City is not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

15. To the extent the Complaint alleges violations of law, those alleged violations are not the result of the conduct or omissions of the City, nor can those alleged violations be attributed to the City.

16. The City does not have any policy, practice, procedure, regulation or intent to deny plaintiff any clearly established federal statutory or regulatory standard.

17. The City's investigation into the issues raised in the Complaint is at the preliminary stages, and the City therefore reserves the right to amend its answer to add further affirmative defenses when such are discovered.

18. The Complaint is barred in that the relief sought would inappropriately mandate the manner in which the City allocate public funds in relation to existing programs and services.

19. The Complaint is barred in that the relief sought would inappropriately require the City to allocate resources, a political judgment outside the purview of the court's authority.

20. The complaint is barred because plaintiff inappropriately seeks to predicate his claims on the City's allegedly improper allocation of public funds.

21. The complaint is barred because the City is not required to make modifications that are structurally impracticable.

22. The complaint is barred because the City is not required to make the requested modifications to historic structures.

23. The Complaint is barred because plaintiff has failed to request either reasonable accommodation or auxiliary aid(s) as contemplated by all applicable law.

24. To the extent that the Complaint alleges violations of law, any such violations were committed by individuals or entities other than the City.

25. Plaintiff does not have a private cause of action to enforce regulations promulgated under the Americans with Disabilities Act or the Rehabilitation Act.

26. Plaintiff fails to set forth facts sufficient to state a cause of action due to failure to comply with the requirements of the California Government Code.

27. The complaint and each and every cause of action therein is barred by the statute of limitations as set forth in Code of Civil Procedure Section 335, *et seq.*, and related statutes.

28. The City's employees, officials and agents were at all times material to the complaint acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

*Blackwell v. Thai Speed, Inc., et al.*
Case No. C07-4629 JL
13
n:\lit\li2007\080334\00455506.doc

29. The complaint is barred by the following provisions of the Tort Claims Act: Government Code Sections: 815, 815(b); 815.2, 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4, and other immunities.

30. Plaintiff's causes of action are limited to those factual allegation and theories of recovery set forth in Plaintiff's written government tort claim, if any, and to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code Sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

31. In the event that the City is found liable – which liability is specifically denied and stated merely for the purpose of this affirmative defense – such liability, if any, for non-economic damages shall be several and not joint, pursuant to the Fair Responsibility Act of 1986 (Proposition 51) as set forth in Civil Code Section 1431 et seq. San Francisco requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Fair Responsibility Act applies and that a separate judgment be rendered in the amount of such non-economic damages attributable to that person or entity.

32. Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable; therefore, the City is entitled to sanctions and other appropriate remedies, including without limitation, attorney's fees, against Plaintiff.

33. The complaint and each cause of action in it are barred by the doctrines of unclean hands, laches, estoppel, and waiver.

34. Plaintiff has failed to exhaust their administrative remedies.

35. The complaint is barred because defendant is not required to make modifications that are structurally impracticable.

*Blackwell v. Thai Speed, Inc., et al.*
Case No. C07-4629 JL
14
n:\lit\li2007\080334\00455506.doc

36. The City is entitled to indemnity and/or contribution (including for defense costs) from the other defendants in this lawsuit and from other persons or entities.

### Cross-Claim

Defendant City and County of San Francisco ("City") hereby cross-claims against defendants 1268 Grant Avenue LLC and Christopher P. Foley for indemnity and also for a judgment and declaration that defendants 1268 Grant Avenue LLC and Christopher P. Foley have a duty to defend the City against Plaintiff's claims in this case.

1. The City is a municipal corporation existing under the laws of the State of California.

2. On information and belief, defendants 1268 Grant Avenue LLC and Christopher P. Foley are current and/or past owners of the property adjacent to the section of sidewalk at issue in this case. As such, defendants 1268 Grant Avenue LLC and Christopher P. Foley had and/or have a duty to maintain the sidewalk at issue in a non-dangerous condition and further have a duty to indemnify and defend the City under San Francisco Public Works Code section 706 against any claim of liability against the City based on the condition of the sidewalk adjacent to the property.

3. On information and belief, defendant 1268 Grant Avenue LLC and/or Christopher P. Foley placed, owned, and/or maintained the sidewalk elevator at issue in this lawsuit. Moreover, as part of one or more permits obtained from the City to perform work relating to the sidewalk and/or elevator, they agreed to defend and indemnify the City and hold the City harmless against any claim of liability based on the condition of the sidewalk adjacent to the property.

4. Plaintiff has sued in the present lawsuit the City and alleged that he was injured on the sidewalk adjacent to the property currently or previously owned by defendants 1268 Grant Avenue LLC and Christopher P. Foley. Plaintiff alleges that the condition of the sidewalk, specifically relating to the sidewalk elevator, causes the City to be liable to Plaintiff. The City denies Plaintiff's allegations that the City is liable, but to the extent that the City is liable for all or part of Plaintiff's alleged damages, defendants 1268 Grant Avenue LLC and Christopher P. Foley have a duty to defend and indemnify the City and to hold the City harmless against Plaintiff's claims.

5. Defendants 1268 Grant Avenue LLC and Christopher P. Foley also have an equitable duty to indemnify and defend the City in this case.

1       6.    The City has tendered its defense to defendants 1268 Grant Avenue LLC and Christopher P. Foley, but to date, they have not responded to the tender.

     7.    The City requests that the Court award the City full indemnity from defendants 1268 Grant Avenue LLC and Christopher P. Foley and that they be ordered to pay for all of the City's attorneys fees, costs, and expenses in this case, including attorneys fees, costs, and expenses incurred to date.

     8.    Does 1 through 10 inclusive are persons or entities who are required to defend and indemnify the City. When the City determines the identity of Does 1 through 10 inclusive, the City will amend its complaint to name them specifically.

<u>Jury Trial Demanded</u>

The City demands a trial by jury on all causes of action and all defenses.

## Prayer

WHEREFORE, the City and County of San Francisco prays as follows:

1. That Plaintiff take nothing by way of his complaint.

2. That the Court deny Plaintiff's request for injunctive relief.

3. That the Court dismiss Plaintiff's complaint with prejudice.

4. That the Court enter judgment in the City's favor and adversely to Plaintiff on the complaint and each cause of action therein.

5. That the Court issue a judgment, order, and/or declaration that defendants 1268 Grant Avenue LLC and Christopher P. Foley are required to defend the City in this action, to hold the City harmless, and to indemnify the City.

6. That the Court issue a judgment, order, and/or declaration awarding the City any monetary or other relief to which the City is entitled as a result of the indemnity and defense obligations of defendants 1268 Grant Avenue LLC and Christopher P. Foley.

7. That the Court award the City its attorneys fees, costs of suit, and expenses.

8. That the Court provide such additional relief is it deems appropriate.

Dated:  December 17, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SCOTT D. WIENER
Deputy City Attorney

By:   -/s/-   Scott D. Wiener
SCOTT D. WIENER

Attorneys for Defendant and Cross-Claimant
CITY AND COUNTY OF SAN FRANCISCO