P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>        Defendants. | Case No. C 07-4629-JL<br><br>**NOTICE OF DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))**<br><br>Date:       March 11, 2008<br>Time:      1:00 p.m.<br>Courtroom:  Courtroom 3 (Oakland) |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 11, 2008 at 1:00 p.m. or as soon thereafter as the

matter may be heard by the above-entitled court located at 1301 Clay Street, Suite 400 S, Oakland,

CA 94612-5212, defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY will

move the court to strike plaintiff's "First Amended Complaint" pursuant to FRAP Rule 12(f).

//
//
//
//
//

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-1-

1    The motion will be based on this Notice of Motion and motion, Defendant's Request for

2    Judicial Notice, the memorandum of points and authorities filed herewith, and the pleadings and

3    papers filed herein.

4

5    Dated: January 11, 2008

6                                                    COLOMBATTO KLIMENKO LLP

7

8                                    By: _____

9                                          MICHAEL K. TCHENG
                                          Attorneys for Defendants
10                                        1268 GRANT AVENUE LLC,
                                          CHRISTOPHER P. FOLEY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Colombatto Klimenko LLP*
*130 Sutter Street, Seventh Floor*
*San Francisco, California 94104*

-2-

NOTICE OF DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' MOTION TO
STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))

P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>1268 GRANT AVENUE LLC, CHRISTOPHER<br>P. FOLEY and DOES ONE through TEN,<br>inclusive,<br><br>                    Defendants. | Case No. C 07-4629-SBA<br><br>**POINTS AND AUTHORITIES IN<br>SUPPORT OF DEFENDANTS 1268<br>GRANT AVENUE LLC AND<br>CHRISTOPHER P. FOLEYS' MOTION TO<br>STRIKE FIRST AMENDED COMPLAINT<br>(FRCP 12(f))**<br><br>Date:        March 11, 2008<br>Time:        1:00 p.m.<br>Courtroom:   Courtroom 3 (Oakland) |

## I. INTRODUCTION

On November 27, 2007 plaintiff CHARLES BLACKWELL filed what plaintiff terms a "First Amended Complaint." Review of the "First Amended Complaint" (hereinafter "FAC") shows that it is really a supplemental pleading within the meaning of FRCP 15(d) because it attempts to place at-issue events which occurred after the initial Complaint was filed. Further the "FAC" adds another defendant to the action. Plaintiff BLACKWELL did not obtain leave of court prior to filing the "FAC." The "FAC" should now be struck because leave of court was clearly required for two separate reasons: 1) Rule 15(d) requires leave of court prior to filing a supplemental complaint, and 2) leave of court is required whenever a new defendant is added.

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-1-

Defendants are not merely attempting to make plaintiff jump through hoops for no reason. Had plaintiff followed proper procedure and sought leave of court such a motion would have likely been denied because the supplemental complaint asserts a new and distinct cause of action. The initial Complaint alleges a personal injury/slip and fall claim occurring on a public sidewalk on the streets of North Beach -- plaintiff alleges he slipped and fell on an elevator door cover owned by moving defendants and located within a public sidewalk. However plaintiff, a visually disabled man, also attempted to plead an ADA Title III claim against moving defendants. Defendants responded with a Rule 12(b)(6) motion arguing that plaintiff lacked standing to bring a Title III claim because the accident took place on a public sidewalk and not within defendant's "site" as defined by Title III.

In obvious response to this motion, and while the motion was pending, plaintiff filed the "FAC" which alleges months after the slip and fall plaintiff and his ADA expert decided to have lunch in defendants' building and encountered various barriers. Thus while the initial complaint was in essence a slip and fall the "FAC" is a completely different claim that in no way supplements the initial Complaint.

## II. PERTINENT ALLEGATIONS

### A.    THE INITIAL COMPLAINT AND DEFENDANTS' RULE 12(b)(6) MOTION FILED IN RESPONSE THERETO

The initial Complaint was filed on September 7, 2007. It is attached as Exhibit A to Defendants' Request for Judicial Notice. Plaintiff CHARLES BLACKWELL alleges he is visually impaired and a qualified disabled person. He further alleges:

> "On February 8, 2007, Plaintiff was walking on [a] public sidewalk at 1268 Grant Avenue when he slipped and fell on [a] sidewalk elevator door cover located on the public sidewalk. As a result he suffered serious personal injuries including, but not limited to a broken left arm. Plaintiff was denied his rights to full and equal access at this sidewalk, and was denied his civil rights under both California law and federal law, as herein described below, because this sidewalk was not, and is not now, properly accessible to physically disabled persons such as Plaintiff."

(Exhibit A to Defendants' Request for Judicial Notice, Plaintiff's Complaint, p.2:9-15.) An exhibit to the Complaint provides further description of the accident. Plaintiff attaches his Claim Against The City And County Of San Francisco as Exhibit A to his Complaint. (Exhibit A to Defendants' Request

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-2-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1  for Judicial Notice, Plaintiff's Complaint, Exhibit A thereto.)[1]  Therein he lists the location of the

2  accident as "Grant and Vallejo Street " and under the heading "Basis of Claim" he states:

3          "While walking across the street at Grant and Vallejo walking towards
        Columbus on a downhill grade I stopped on a metal plate (5' x 5' square) on
4          the sidewalk & immediately slipped and fell."

5  Review of the balance of the Claim reveals no mention of the restaurant building.

6          While the initial Complaint alleges moving defendants are the owner of real property located

7  at 1268 Grant Avenue there are no allegations anywhere in the complaint that plaintiff was attempting

8  to access the building at the time of the accident, had ever tried to access the building in the past, or

9  had any intention to access the building in the future.  (Exhibit A to Defendants' Request for Judicial

10  Notice, Plaintiff's Complaint, p.4:3-16, and et seq.)  The only condition complained of is the sidewalk

11  elevator door cover and it is alleges that moving defendants are "…responsible in whole or in part for

12  the condition of the sidewalk elevator door cover located on the public sidewalk.")  (Exhibit A to

13  Defendants' Request for Judicial Notice, Plaintiff's Complaint, p.4:3-16, and et seq.)

14          On October 26, 2007 moving defendants 1268 GRANT AVENUE LLC and CHRISTOPHER

15  P. FOLEY filed a Rule 12(b)(6) motion in response.  The motion asserted the allegations of the

16  Complaint take the case outside the scope of Title III as there was no allegations that plaintiff

17  encountered any barriers within defendants' building which is required under Title III.  A copy of the

18  supporting Points And Authorities are attached to Defendants' Request for Judicial Notice as Exhibit

19  B.  This Rule 12(b)(6) motion was Withdrawn by Defendants after Plaintiff filed the at-issue "FAC."

20  **B.      THE SUBJECT "FIRST AMENDED COMPLAINT"**

21          On November 27, 2007 plaintiff CHARLES BLACKWELL filed a "First Amended

22  Complaint" without first moving for or receiving leave of court.  A copy is attached to Defendants'

23  //

24  //

25  //

26  //

27  ---

[1]      Exhibits to a complaint are properly reviewable as part of the complaint in a Rule 12(b) proceeding.  Hal Roach
28      Studios, Inc. v. Richard Feiner & Co., Inc. (9th Cir. 1989) 896 F2d 1542, 1555.

-3-

Request for Judicial Notice as Exhibit C.  The "FAC" adds new factual allegations that took place after the initial Complaint was filed, to wit:

> "¶ 3    On or about November 16, 2007, plaintiff Charles Blackwell returned to the vicinity of 1268 Grant Avenue with access consultant Barry Atwood to inspect the area of his subject fall and to have lunch in the adjoining restaurant.  The adjoining restaurant, the Citizen Thai Restaurant, on information and belief, is and at all relevant times was operated by defendant Thai Speed, Inc. and owned by defendant Christopher Foley, but have never been entered by plaintiff or his companion.  [Plaintiff proceeds to allege a number of barriers encountered in the restaurant.]."

The allegations are then used as support for a Title III ADA claim and related state law claims.

## III.  ARGUMENT

### A.    LEAVE OF COURT WAS REQUIRED PRIOR TO THE FILING OF THE "FAC"

#### 1.    Leave To Amend Was Required Because "FAC" Is Really A Supplemental Complaint.

A supplemental complaint is used to allege relevant facts occurring after the original pleading was filed.  (FRAP 15(d); Keith v. Volpe (9th Cir. 1988) 858 F2d 467, 468.)  A supplemental complaint is designed to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the original pleading was filed."  Manning v. City of Auburn (11th Cir. 1992) 953 F2d 1355, 1359-1360.).

The title of a pleading is not determinative; if a pleading alleges facts occurring after the filing date of an initial pleading Rule 12(d) applies regardless of what the pleading is called.  United States ex rel. Wulff v. CMA, Inc. (9th Cir. 1989) 890 F2d 1070, 1073.

Rule 15(d) provides that a supplemental pleading may only be filed with leave of court and upon such terms that are just.  There is no right to supplement as a matter of course as is the case with certain amended pleadings.[2]  (Rule 15(a), 15(d).)

Here there is no doubt that what plaintiff filed what should be considered a supplemental complaint for purposes of determine whether leave of court was required.[3]  This is because the initial

---

[2]    FRCP 15(d) reads: "(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time."

-4-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1    Complaint was filed on September 7, 2007 and the "FAC" alleges events that took place on November

2    11, 2007. As such there is no doubt leave of court was required.

3        **2.    Leave Of Court Was Required Because The "FAC" Adds A New Defendant.**

4        Even if the FAC is determined to be a true "amended" complaint leave of court would still

5    have been required because plaintiff adds a new defendant. A plaintiff's right to amend once as a

6    matter of course does not apply to amendments adding new defendants. Moore v. State op Indiana

7    (7th Cir. 1993) 997 F2d 1125, 1128.

8        Here the "FAC" added a new defendant: Thai Speed, Inc. As such leave of court was required

9    prior to filing.

10   **B.    THE "FAC" SHOULD NOW BE STRUCK BECAUSE LEAVE OF COURT WAS NOT OBTAINED**

11

12       In United States ex rel. Mathews v. HealthSouth Corp. (5th Cir. 2003) 332 F.3d 293, 295 the

13   court quoted from Professors Charles Alan Wright and Arthur R. Miller who "aptly summarize the

     law with respect to amended pleadings filed without leave of court:"
14

15           "In general, if an amendment that cannot be made as of right is served
             without obtaining the court's leave or the opposing party's consent, it is
16           without legal effect and any new matter it contains will not be considered
             unless the amendment is resubmitted for the court's approval. However,
17           some courts have held that an untimely amended pleading served without
             judicial permission may be considered as properly introduced when leave
18           to amend would have been granted had it been sought and when it does
             not appear that any of the parties will be prejudiced by allowing the
19           change."

20       "If an amended pleading cannot be made as of right and is filed without leave of court or

21   consent of the opposing party, generally the amended pleading is a nullity and without legal effect.

22   [Citations.]" Kelly v. Echols, 2007 U.S. Dist. LEXIS 92107, 4-5 (E. D. Cal. 2007). In Kelly the court

23   struck an amended pleading pursuant to Rule 12(f) that was filed without required leave of court. Id.

24   **C.    THE "FAC" SHOULD BE STRUCK AND IF PLAINTIFF ELECTS HE MAY BRING A MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

25       As noted above, it is moving defendants' position that had a motion for leave been filed it

26   would not have been granted. While the propriety of a motion for leave to amend is not before the

27   ---

[3]  Whether it is a proper supplemental complaint is another question. For now defendant asserts that leave of court
28       was required.

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1  court at this time defendants make this point to demonstrate they are not merely wasting the court's

2  and plaintiff's attorney's time.

3        Leave to file a supplemental complaint will be denied where the supplemental pleading asserts

4  new and distinct claims unrelated to the original complaint. <u>Planned Parenthood of So. Arizona v.</u>

5  <u>Neely</u> (9th Cir. 1997) 130 F3d 400, 402.

6        Here the initial Complaint pled a slip and fall occurring on a public sidewalk. While the initial

7  Complaint also asserted Title III claim against moving defendants it was defective because it failed to

8  allege any barriers within defendants' building. This was the basis of defendants' Rule 12(b)(6)

9  motion that was filed on October 26, 2007. Then on November 11, 2007, with the 12(b)(6) motion

10  pending, plaintiff and his ADA expert enter the restaurant and encounter alleged Title III barriers that

11  now serve as basis for the "FAC." The new Title III action has absolutely no relationship to the initial

12  sidewalk slip and fall claim and thus it should not be ruled to be a legitimate supplemental complaint.

13        Perhaps more importantly, it is rather obvious that the only reason plaintiff filed his "FAC"

14  was to defeat the pending meritorious 12(b)(6) motion and thus avoid having to pay defendants'

15  attorney's fees if the motion was granted. This raises the possibility that the "FAC" is a sham

16  pleading. Indeed, defendants were forced to withdraw the 12(b)(6) motion because the initial

17  Complaint was replaced with the "FAC." Defendants should have the right to contest whether leave

18  should be granted to file the "FAC."

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-6-

### IV. CONCLUSION

For the forgoing reasons defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY respectfully request that the "FAC" be struck so that their previously filed Rule 12(b)(6) motion can be heard. If plaintiff still desires to file a supplemental complaint they should have to follow required procedures and seek leave at which point defendants can have their opposition heard.

Dated: January 11, 2008

COLOMBATTO KLIMENKO LLP

By: _____
MICHAEL K. TCHENG
Attorneys for Defendants
1268 GRANT AVENUE LLC, CHRISTOPHER
P. FOLEY

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>1268 GRANT AVENUE LLC, CHRISTOPHER<br>P. FOLEY and DOES ONE through TEN,<br>inclusive,<br><br>                    Defendants. | Case No. C 07-4629-JL<br><br>**DEFENDANT'S REQUEST FOR<br>JUDICIAL NOTICE IN SUPPORT OF<br>DEFENDANTS 1268 GRANT AVENUE<br>LLC AND CHRISTOPHER P. FOLEYS'<br>MOTION TO STRIKE FIRST AMENDED<br>COMPLAINT (FRCP 12(f))**<br><br>Date:        March 11, 2008<br>Time:        1:00 p.m.<br>Courtroom:   Courtroom 3 (Oakland) |

Defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY hereby request

the court to take judicial notice of:

- Plaintiff's initial Complaint in the above entitled action that is attached hereto as Exhibit A.

- Points And Authorities In Support Of Motion To Dismiss For Failure To State Claim Upon

  Which Relief Can Be Granted Or In The Alternative For A More Definite Statement

  (FRAP 12(B)(6) and 12(E)) in the above entitled action that is attached hereto as Exhibit

  B.

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS 1268 GRANT AVENUE
LLC AND CHRISTOPHER P. FOLEYS' MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))

- Plaintiff's First Amended Complaint in the above entitled action that is attached hereto as Exhibit C.

Dated: January 11, 2008

COLOMBATTO KLIMENKO LLP

By: _____

MICHAEL K. TCHENG
Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS 1268 GRANT AVENUE
LLC AND CHRISTOPHER P. FOLEYS' MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))

EXHIBIT A

**MOSLEY & GEARINGER LLP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar # 146125)

**LAW OFFICES OF PAUL L. REIN**

200 Lakeside Drive, Suite A
OAKLAND, CALIFORNIA 94612
(510) 832-5001

PAUL L. REIN (State Bar # 43053)

Attorneys for Plaintiff CHARLES BLACKWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. C 07 4629 JL<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF (1) TITLE II OF THE AMERICANS WITH DISABILITIES ACT; (2) TITLE III OF THE AMERICANS WITH DISABILITIES ACT; (3) THE REHABILITATION ACT OF 1973; (4) CALIFORNIA GOVERNMENT CODE SECTION 4450 ET SEQ. AND CALIFORNIA CIVIL CODE SECTION 54(a); (5) CALIFORNIA CIVIL CODE SECTIONS 51 AND 52; (6) CALIFORNIA GOVERNMENT CODE SECTION 11135; AND (7) CALIFORNIA HEALTH & SAFETY CODE SECTION 19955 ET SEQ. AND CALIFORNIA CIVIL CODE SECTION 54 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Charles Blackwell ("Plaintiff") complains and alleges as follows:

///

COMPLAINT FOR DAMAGES                    1          U.S. DISTRICT COURT CASE NO.

1    I.    **INTRODUCTION**

2        1.    This case involves the denial of accessible facilities to Plaintiff, a qualified

3    disabled person, on the public sidewalk at 1268 Grant Avenue, San Francisco, California ("1268

4    Grant Avenue").  As the result of such denial of accessible facilities, Plaintiff suffered severe

5    physical personal injuries as well as denial of his civil rights.  Plaintiff is a "person with a

6    disability" or "physically handicapped person," who is visually impaired, and is unable to safely

7    or with full and equal access use portions of public facilities which are not fully accessible to

8    physically disabled persons who have visual disabilities.

9        2.    On February 8, 2007, Plaintiff was walking on the public sidewalk at 1268 Grant

10    Avenue when he slipped and fell on the sidewalk elevator door cover located on the public

11    sidewalk.  As a result, Plaintiff sustained serious personal injuries including, but not limited to a

12    broken left arm.  Plaintiff was denied his rights to full and equal access at this sidewalk, and was

13    denied his civil rights under both California law and federal law, as herein below described,

14    because this sidewalk was not, and is not now, properly accessible to physically disabled persons

15    such as Plaintiff.  Plaintiff seeks injunctive relief to require Defendants City and County of San

16    Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

17    of them, to make this sidewalk accessible to disabled persons and to ensure that any disabled

18    person who attempts to use this sidewalk will be provided safe and accessible paths of travel on

19    the public sidewalk at 1268 Grant Avenue.  Plaintiff also seeks recovery of damages for his

20    physical personal injuries and discriminatory experiences and denial of access and denial of his

21    civil rights, which denials are continuing as a result of the failure of Defendants City and County

22    of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten,

23    and each of them, to provide an accessible sidewalk to physically disabled persons such as

24    Plaintiff.  Plaintiff also seeks recovery of reasonable attorneys' fees, litigation expenses and

25    costs, according to statute.

26    II.    **JURISDICTION**

27        3.    This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations

28    of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq.*  Pursuant to this Court's

COMPLAINT FOR DAMAGES                    2        U.S. DISTRICT COURT CASE NO.

1   supplemental jurisdiction, attendant and related claims for relief arising from the same facts are

2   also brought under California law, including but not limited to violations of California

3   Government Code §§ 4450, *et. seq.*; Health & Safety Code §§ 19955, *et seq.*, including § 19959;

4   Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54(a), and 55.

5   **III.   VENUE**

6       4.       Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on (1)

7   Plaintiffs' information and belief that some or all of the defendants reside in this judicial district;

8   (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial

9   district; and (3) "a substantial part of property that is the subject of the action is situated" in this

10   judicial district.

11   **IV.   INTRADISTRICT ASSIGNMENT**

12       5.       Intradistrict assignment to the San Francisco Division is appropriate pursuant to

13   Civil L.R. 3-2(c) because "a substantial part of the events or omissions which give rise to the

14   claim occurred or in which a substantial part of the property that is the subject of the action is

15   situated" occurred in San Francisco County.

16   **V.   THE PARTIES**

17       6.       Plaintiff is and at all time relevant to this Complaint was a physically disabled

18   person, and a "person with disabilities," as these terms are used under California and Federal,

19   including but not limited to Section 504 of the Rehabilitation Act and Titles II and III of the

20   Americans with Disabilities Act of 1990. The terms "physically disabled person," and a "person

21   with disabilities" will be used interchangeably throughout this Complaint. Plaintiff is visually

22   impaired.

23       7.       Defendant City and County of San Francisco (the "City") is a public entity and

24   municipal corporation organized and existing pursuant to the laws of the State of California, is

25   the owner of the public sidewalk at 1268 Grant Avenue, and is subject to Title II of the

26   Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

27   to the requirements of California State law requiring full and equal access to public facilities

28

COMPLAINT FOR DAMAGES                          3            U.S. DISTRICT COURT CASE NO.

1  pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

2  referred to in this Complaint.

3      8.    Defendant 1268 Grant Avenue LLC was the owner of the real property located at

4  1268 Grant Avenue on February 8, 2007 and, as such, was responsible in whole or in part for the

5  condition of the sidewalk elevator door cover located on the public sidewalk, and is subject to

6  Title III of the Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation

7  Act of 1973, to the requirements of California State law requiring full and equal access to public

8  facilities pursuant to Government Code Sections 11135 and 4450, and to all other legal

9  requirements referred to in this Complaint.

10     9.    Defendant Christopher P. Foley is the current owner of the real property located at

11  1268 Grant Avenue and, as such, is responsible in whole or in part for the condition of the

12  sidewalk elevator door cover located on the public sidewalk, and is subject to Title III of the

13  Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

14  to the requirements of California State law requiring full and equal access to public facilities

15  pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

16  referred to in this Complaint.

17     10.   Plaintiff is ignorant of the true names and capacities of the defendants sued in this

18  litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these

19  fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of

20  these defendants once they have been ascertained.  Plaintiff is informed and believes and

21  thereupon alleges that each of the fictitiously named defendants is in some manner responsible

22  for the injuries and damages to Plaintiff alleged in this Complaint.

23     11.   Plaintiff is informed and believes that each of the defendants herein is the agent,

24  employee, representative, joint venture and/or common enterprise affiliate of each of the other

25  defendants, and performed all acts and omissions stated herein within the scope of such agency

26  or employment or representative capacity or joint venture or common enterprise and is

27  responsible in some manner for the acts and omissions of the other defendants in proximately

28  causing the damages complained of herein.

COMPLAINT FOR DAMAGES                    4         U.S. DISTRICT COURT CASE NO.

1    VI.    COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT

2        12.    On February 27, 2007, Plaintiff timely filed a Tort Claim with the City, a copy of

3    which is attached as Exhibit A.

4        13.    On March 8, 2007, the City denied Plaintiff's Tort Claim, a copy of which is

5    attached as Exhibit B.

6    VII.    CLAIMS FOR RELIEF

7    FIRST CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE II

8            OF THE AMERICANS WITH DISABILITIES ACT OF 1990

9            (Against Defendant City and County of San Francisco)

10        14.    Plaintiff incorporates by reference each of the preceding paragraphs as though

11    fully set forth herein, and further alleges as follows:

12        15.    Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public

13    Services" provision of Title II of the Americans with Disabilities Act of 1990 ("ADA"). Title II,

14    Subpart A prohibits discrimination by any "public entity", including any state or local

15    government, as defined by 42 USC Section 12131, section 201 of the ADA.

16        16.    Pursuant to 42 USC Section 12132, Section 202 of Title II, no qualified individual

17    with a disability shall, by reason of such disability, be excluded from participation in or be

18    denied the benefits of the services, programs or activities of a public entity, or be subjected to

19    discrimination by any such entity.  Plaintiff was at all times relevant herein a qualified individual

20    with a disability as therein defined.

21        17.    The City has failed in its responsibilities under Title II to provide its services,

22    programs and activities in a full and equal manner to disabled persons as described hereinabove,

23    including failing to insure that the public paths of travel in and around 1268 Grant Avenue are

24    accessible to disabled persons including Plaintiff.  As a proximate result of the City's actions and

25    omissions, the City has knowingly and intentionally discriminated against Plaintiff, in violation

26    of Title II of the ADA, and of the regulations adopted to implement the ADA.

27        18.    As a result of the City's discrimination in violation of Section 202 of the ADA,

28    Plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the

COMPLAINT FOR DAMAGES                    5        U.S. DISTRICT COURT CASE NO.

1   Rehabilitation Act of 1973 (29 USC Section794a).  Plaintiff also seeks injunctive relief to

2   require the City to remove the barriers to access complained of, and to provide all remedies,

3   including damages, statutory attorneys' fees, litigation expenses and costs, including those

4   remedies specified by Sections 203 and 505 of the ADA and by California Code of Civil

5   Procedure Section 1021.5, according to proof.

6       19.    **INJUNCTIVE RELIEF:** To the date of filing this Complaint, the specified

7   public facilities continue to be inaccessible for safe and independent entry and use by physically

8   disabled persons such as Plaintiff.  Plaintiff requests that an injunction be ordered requiring that

9   the City take prompt action to modify the aforementioned public facilities to render them

10  accessible to and usable by Plaintiff and other similarly situated physically disabled persons.

11  Plaintiff seeks injunctive relief to prohibit the acts and omissions of the City as complained of

12  herein which are continuing on a day-to-day basis and which have the effect of wrongfully

13  excluding Plaintiff and other members of the public who are physically disabled, including

14  persons who are visually impaired, from full and equal access to these public facilities.  Such

15  acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in

16  that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to

17  discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable,

18  so long as such acts and omissions of the City continues, to achieve equal access to and use of

19  these public buildings and facilities, and cannot return to use these facilities until they are made

20  properly accessible to disabled persons.  Plaintiff alleges that he intends to do so, once legally

21  required access has been provided.  The acts of the City have proximately caused and will

22  continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

23      20.    **DAMAGES:** Plaintiff seeks damages pursuant to Title II of the ADA with regard

24  to his denial of access on February 8, 2007, as alleged above.  Plaintiff is informed and believes

25  and thereupon alleges that the City had actual and constructive notice prior to February 8, 2007

26  that the public paths of travel in and around 1268 Grant Avenue were not accessible to disabled

27  persons including Plaintiff, but the City failed to correct the correct the condition as described

28  above.  As such, Plaintiff seeks additional damages pursuant to Title II of the ADA because the

1  City's failure to correct the access problems after Plaintiff gave specific notice of his experiences

2  and injuries of February 8, 2007 including his Tort Claim of February 27, 2007, attached as

3  Exhibit A, made the City's failure to take any action to correct such deficiencies, as well as the

4  City's actions and/or inactions in continuing to maintain all such access barriers, an intentional

5  violation of Title II of the ADA.

6        21.     Wherefore, Plaintiff prays for damages against Defendants City and County of

7  San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

8  each of them, as set forth below.

9  **SECOND CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE**

10  **III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

11  **(Against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through**

12  **Ten)**

13        22.     Plaintiff incorporates by reference each of the preceding paragraphs as though

14  fully set forth herein, and further alleges as follows:

15        23.     In 1990, the United States Congress made findings pursuant to  42 United States

16  Code Section 12101 regarding physically disabled persons, finding that laws were needed to

17  more fully protect "some 43,000,000 Americans [with] one or more physical or mental

18  disabilities;" that "historically, society has tended to isolate and segregate individuals with

19  disabilities;" that "such forms of discrimination against individuals with disabilities continue to

20  be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals

21  with disabilities are to assure equality of opportunity, full participation, independent living, and

22  economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and

23  unnecessary discrimination and prejudice denies people with disabilities the opportunity to

24  compete on an equal basis and to pursue those opportunities for which our free society is

25  justifiably famous...."

26        24.     In passing the ADA (42 U.S.C. § 12101(b)), Congress provided as follows:

27              It is the purpose of this Act

28

COMPLAINT FOR DAMAGES                    7          U.S. DISTRICT COURT CASE NO.

(1)  to provide a clear and comprehensive national mandate for the

elimination of discrimination against individuals with disabilities;

(2)  to provide clear, strong, consistent, *enforceable standards* addressing

discrimination against individuals with disabilities;

(3)  to ensure that the Federal Government plays a central role in enforcing

the standards established in this Act on behalf of individuals with

disabilities; and

(4)  to invoke the sweep of congressional authority, including the power to

enforce the fourteenth amendment and to regulate commerce, in order to

address the major areas of *discrimination faced day-to-day* by people with

disabilities. (Italics added.)

25.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*).  The subject properties and facilities are among the "private entities" which are considered "public accommodations" for purposes of this title.

26.    Pursuant to Section 302 of 42 U.S.C. Section 12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27.    The specific prohibitions against discrimination include as follows:

§302(b)(2)(A)(ii):  "a failure to make reasonable modifications in policies,

practices, or procedures when such modifications are necessary to afford

such goods, services, facilities, privileges, advantages, or accommodations

to individuals with disabilities...;"

§302(b)(2)(A)(iii):  "a failure to take such steps as may be necessary to

ensure that no individual with a disability is excluded, denied service,

segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

28.     The acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth herein, were in violation of Plaintiff's rights under the ADA, and the regulations promulgated therein as set forth in 28 Code of Federal Regulations Part 36 *et seq.*

29.     The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA. As noted hereinabove, the removal of each and every one of the architectural barriers complained of herein also was required under California law.  Further, structural repairs or additions since January 26, 1992 have independently triggered requirements for removal of barriers to access for disabled persons pursuant to Section 303 of the ADA, 42 U.S.C. § 12183, as well as pursuant to California Health and Safety Code Section 19959.

30.     Further, Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, independently have violated all referenced standards since January 26, 1992, by the manner in which they have constructed, altered, and maintained the public sidewalk at 1268 Grant Avenue, creating a dangerous condition for disabled persons such as Plaintiff who attempts to use the public sidewalk at 1268 Grant Avenue.

31.     Plaintiff is informed and believes and therefore alleges that as of February 8, 2007, and as of the filing of this Complaint, the premises have denied and continue to deny full

and equal access to Plaintiff and to other disabled persons, in other respects, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of his disability, thus wrongfully denied to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of Section 302 of the ADA, 42 U.S.C. § 12182.

32.    Pursuant to Section 308 of the ADA, U.S.C. § 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of Section 302 and Section 303 of the ADA. Plaintiff is informed and believes and therefore alleges that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, have continued to violate the law and to deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Plaintiff's encounter on February 8, 2007, as previously alleged. Pursuant to Section 308(a)(2) of the ADA, "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

33.    Plaintiff seeks relief pursuant to the remedies set forth in Section 204(a) of the Civil Rights Act of 1964, (42 U.S.C. § 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the ADA. Plaintiff is a qualified disabled person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use each of the properties and the premises specified hereinabove.

34.    Wherefore, Plaintiff prays for damages against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

///

///

COMPLAINT FOR DAMAGES                    10          U.S. DISTRICT COURT CASE NO.

THIRD CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF SECTION
504 OF THE REHABILITATION ACT OF 1973

(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,
Christopher P. Foley and Does One through Ten)

35.    Plaintiff incorporates by reference each of the preceding paragraphs as though
fully set forth herein, and further alleges as follows:

36.    The City is a governmental agency existing under the laws of the State of
California with responsibility, *inter alia*, for the public facilities, including sidewalks and
specifically the public sidewalk at 1268 Grant Avenue. Plaintiff is informed and believes and
therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,
Christopher P. Foley and Does One through Ten, and each of them, have been recipients of
Federal financial assistance and that part of that financial assistance is used to fund the
operations, construction and/or maintenance of the specific public facilities described herein.

37.    By the actions or inactions of Defendants City and County of San Francisco, 1268
Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in
denying Plaintiff disabled accessible facilities at the public facilities specified herein, and in
failing to provide access in multiple ways as herein described, including but not limited to the
failure to provide an accessible paths of travel on the public sidewalk at 1268 Grant Avenue,
Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley
and Does One through Ten, and each of them, have violated Plaintiff's rights under Section 504
of the Rehabilitation Act of 1973, 29 USC Section 794, and the regulations promulgated
thereunder.

38.    By the actions or inactions of Defendants City and County of San Francisco, 1268
Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in
denying Plaintiff, a disabled person, his rights to have "full and equal" access to the same
programs, activities, services, and environment as non-disabled persons, and by otherwise
discriminating against Plaintiff solely by reason of his physical disability, By the actions or
inactions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

1    Christopher P. Foley and Does One through Ten, and each of them, have violated Plaintiff's

2    rights under Section 504 of the Rehabilitation Act of 1973 and the regulations promulgated

3    thereunder.  Plaintiff seeks damages for denial of his civil rights, for interference with his right to

4    access public accommodations, and for resulting physical, mental and emotional injury, all to his

5    damage and according to proof.

6         39.    Further, Plaintiff has a need to and wishes to return to the facilities described

7    herein, and will do so when they are made properly accessible to persons with disabilities.

8    Plaintiff seeks injunctive relief and requests that this Court order By the actions or inactions of

9    Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley

10   and Does One through Ten, and each of them, to correct the access deficiencies complained of

11   herein so that Plaintiff will not continue to be discriminated against and/or deterred from entering

12   and accessing the public sidewalk at 1268 Grant Avenue on the same basis as non-disabled

13   persons, and seeks recovery of statutory attorneys' fees, litigation expenses and costs.  Plaintiff

14   has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff will

15   continue to suffer irreparable injury by the deprivation of meaningful access to the public

16   sidewalk at 1268 Grant Avenue, and the public facilities operated by defendants therein.

17        40.    Wherefore, Plaintiff prays for damages and injunctive relief against Defendants

18   City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

19   through Ten, and each of them, as set forth below.

20   **FOURTH CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATIONS OF**

21   **CALIFORNIA'S DISABLED ACCESS STANDARDS AND CALIFORNIA'S**

22   **GOVERNMENT CODE SECTION 4450 ET SEQ. AND RESULTING VIOLATION OF**

23   **CALIFORNIA CIVIL CODE SECTION 54(a)**

24   **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

25   **Christopher P. Foley and Does One through Ten)**

26        41.    Plaintiff incorporates by reference each of the preceding paragraphs as though

27   fully set forth herein, and further alleges as follows:

28

COMPLAINT FOR DAMAGES              12        U.S. DISTRICT COURT CASE NO.

1    42.    Plaintiff is informed and believes and therefore alleges that the specified public

2    facilities owned, operated, leased, constructed, altered and maintained by Defendants City and

3    County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

4    Ten, and each of them, are buildings, structures or related facilities within the meaning of

5    California Government Code Sections 4450 *et seq.*  Plaintiff is further informed and believes and

6    therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

7    Christopher P. Foley and Does One through Ten, and each of them, have constructed, altered, or

8    repaired parts of these public buildings, structures and related facilities since 1968 within the

9    meaning of California Government Code Sections 4450 and 4456, thereby requiring provision of

10   access to persons with disabilities, as required by law, and statutory attorneys' fees, litigation

11   expenses and costs, including but not limited to public interest attorneys' fees pursuant to

12   California Code of Civil Procedure Section 1021.5.

13   43.    The actions and omissions of Defendants City and County of San Francisco, 1268

14   Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as

15   herein alleged constitute a denial of access to and use of the described public facilities by

16   physically disabled persons within the meaning of California Government Code Section 4450 *et*

17   *seq.*  As a proximate result of the actions, inactions and/or omissions of Defendants City and

18   County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

19   Ten, and each of them as described above, Defendants City and County of San Francisco, 1268

20   Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them,  have

21   discriminated against Plaintiff, in violation of California Government Code Section 4450 *et seq.*,

22   and of Title 24-2 regulations adopted to implement Section 4450.

23   44.    Plaintiff has no adequate remedy at law, and unless the relief requested herein is

24   granted, Plaintiff will continue to suffer irreparable harm as a result of the failure of Defendants

25   City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

26   through Ten, and each of them, to fulfill their obligations to provide meaningful access to the

27   public sidewalk at 1268 Grant Avenue and to related public facilities.

28

45.   **INJUNCTIVE RELIEF:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to grant full and equal access to Plaintiff in the respects complained of and to require Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Government Code Section 4450 *et seq.*, and California Civil Code Section 55, and other applicable law. Plaintiff further requests that this Court award damages pursuant to Civil Code Section 54.3 and other applicable law and attorneys' fees, litigation expenses, and costs pursuant to Government Code Section 4450 *et seq.*, Civil Code Section 54.3, Code of Civil Procedure Section 1021.5 and other law, all as hereinafter prayed for by Plaintiff.

46.   **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiff suffered multiple violations of his civil rights, including but not limited to rights under Civil Code Sections 54(a), all to his damages pursuant to Civil Code Section 54.3, including physical personal injury, physical, mental and emotional damages, general and special damages including medical expenses and residual medical injuries, all as hereinafter stated and according to proof. The actions and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by Defendants City and

1  County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

2  Ten, and each of them, in violation of the subject laws, to use these public facilities on a full and

3  equal basis as other persons.

4      47.    **FEES AND COSTS:** As a result of the actions and omissions of Defendants City

5  and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One

6  through Ten, and each of them, Plaintiff has been required to incur attorneys' fees, litigation

7  expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

8  provisions of the law protecting access for disabled persons and prohibiting discrimination

9  against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees,

10 litigation expenses, and costs, pursuant to the provisions of California Civil Code Sections 54.3

11 and 55, and California Government Code Section 4450 *et seq.* Additionally, Plaintiff's lawsuit is

12 intended to require that Defendants City and County of San Francisco, 1268 Grant Avenue LLC,

13 Christopher P. Foley and Does One through Ten, and each of them, make their facilities

14 accessible to all disabled members of the public, justifying "public interest" attorneys' fees,

15 litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

16 Section 1021.5 and other applicable law.

17      48.    Wherefore, Plaintiff prays for damages against Defendants City and County of

18 San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

19 each of them, as set forth below.

20  **FIFTH CLAIM FOR RELIEF FOR VIOLATION OF THE UNRUH CIVIL RIGHTS**

21  **ACT, CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF**

22  **DISABILITY**

23  **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

24  **Christopher P. Foley and Does One through Ten)**

25      49.    Plaintiff incorporates by reference each of the preceding paragraphs as though

26 fully set forth herein, and further alleges as follows:

27      50.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code

28 Section 51(b), provided in pertinent part:

COMPLAINT FOR DAMAGES                15        U.S. DISTRICT COURT CASE NO.

1          All persons within the jurisdiction of this state are free and equal,

2     and no matter what their sex, race, color, religion, ancestry, national origin,

3     disability, or medical condition are entitled to the full and equal

4     accommodations, advantages, facilities, privileges, or services in all

5     business establishments of every kind whatsoever.

6          51.    At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code

7     Section 51(f), provided in pertinent part: "A violation of the right of any individual under the

8     Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation

9     of this section."

10         52.    Plaintiff suffered damages as above described as a result of the violations of

11    California Civil Code Section 51(b) and 51(f) by Defendants City and County of San Francisco,

12    1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in

13    multiple regards, including but not limited to violations of the ADA, as described in the First

14    Claim for Relief, *supra*, the contents of which claim for relief is incorporated herein by

15    reference.

16         53.    California Civil Code Section 52(a) provides that each such violation described

17    above entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury,

18    or a court sitting without a jury, up to a maximum of three times the amount of actual damage

19    but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be

20    determined by the court in addition thereto...."

21         54.    Wherefore, Plaintiff prays for damages against Defendants City and County of

22    San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

23    each of them, as set forth below.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

**SIXTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135 FOR DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE OF CALIFORNIA**

**(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten)**

55.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

56.    Plaintiff is informed and believes and thereupon alleges that the administration, supervision and maintenance by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, of the property and buildings which are the subject of the action, are funded in whole or in part by the State of California.

57.    Defendants have failed to make their programs, services, and activities readily accessible to and useable by disabled persons in violation of California Government Code Section 11135 *et seq.*

58.    At all times herein mentioned, California Government Code Section 11135 provided as follows:

> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state. With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

59.    Plaintiff has no adequate remedy at law, and unless the requested relief is granted, Plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public. Further, Plaintiff suffered damages, as specified, as the result of denial of his civil rights on the date alleged above and on a continuous basis since that date due to being deterred from returning to the public sidewalk at 1268 Grant Avenue because he faced potential further injury and damages. Because Plaintiff seeks improvement of access for physically disabled persons, which will benefit a significant portion of the public, Plaintiff seeks attorneys' fees, litigation expenses and costs pursuant to California Code of Civil Procedure Section 1021.5, as to this claim for relief and as to all claims for relief in this Complaint in which Plaintiff seeks injunctive relief.

60.    Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

**SEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE SECTION 19955 *ET SEQ*. AND CIVIL CODE SECTION 54 *ET SEQ*. FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION (Against Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten)**

61.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

62.    Plaintiff and other similarly situated physically disabled persons are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code Section 19955 *et seq*. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of California Health & Safety Code Section 19955 *et seq*.

63.    California Health & Safety Code Sections 19955 and 19955.5 were enacted, "To ensure that public accommodations or facilities constructed in this state with private funds

1   adhere to the provisions of Chapter 7 (commencing with § 4450), of Division 5 of Title 1 of the

2   Government Code." Plaintiff is informed and believes and thereupon alleges that the provisions

3   of both California Health and Safety Code Sections 19955 and 19955.5 apply to the public

4   facilities and public accommodations which are located within the property owned and operated

5   by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

6   each of them.   Title 24, California Code of Regulations, formerly known as the California

7   Administrative Code and now known as the California Building Code, was in effect at the time

8   of each alteration which, Plaintiff is informed and believes and thereupon alleges occurred at

9   such public facility since July 1, 1982, thus requiring access complying with the specifications of

10  Title 24 whenever each such "alteration, structural repair or addition" was carried out. Plaintiff

11  is informed and believes and thereupon alleges that Defendants 1268 Grant Avenue LLC,

12  Christopher P. Foley and Does One through Ten, and each of them, and/or their predecessors in

13  interest carried out alterations, structural repairs, or additions to the subject premises, facilities,

14  and buildings during the period Title 24 has been in effect.

15      64.    Plaintiff is informed and believes and therefore alleges that as of February 8,

16  2007, and as of the filing of this Complaint, this public sidewalk and related facilities were and

17  are not properly accessible to persons with disabilities – and will continue to be inaccessible in

18  the future – until this public sidewalk and related facilities, and the exterior paths of travel along

19  1268 Grant Avenue are brought into compliance with all applicable Federal and State of

20  California code requirements.

21      65.    Further, each and every violation of the ADA as alleged in the Second Claim for

22  Relief Action hereinabove, the contents of which are incorporated by reference herein, also

23  constitutes a separate and distinct violation of California Civil Code Section 54(c), thus

24  independently justifying an award of damages and injunctive relief pursuant to California law,

25  including but not limited to Civil Code Sections 54.3 and 55.

26      66.    Further, each and every violation of the ADA as alleged in the Second Claim for

27  Relief Action hereinabove, the contents of which are incorporated by reference herein, also

28  constitutes a separate and distinct violation of California Civil Code Section 54.1(d), thus

COMPLAINT FOR DAMAGES          :          19          U.S. DISTRICT COURT CASE NO.

1   independently justifying an award of damages and injunctive relief pursuant to California law,

2   including but not limited to Civil Code Sections 54.3 and 55.

3       67.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and

4   omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

5   Ten, and each of them, as complained of herein which are continuing on a day-to-day basis to

6   have the effect of wrongfully excluding Plaintiff and other members of the public who are

7   physically disabled from full and equal access to this public sidewalk and related facilities. Such

8   acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in

9   that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to

10  discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable,

11  so long as such acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley

12  and Does One through Ten, and each of them, continue, to achieve equal access to and use of

13  this public sidewalk and related facilities, and is deterred from using this public sidewalk and

14  related facilities until they are made properly accessible to disabled persons. Plaintiff alleges

15  that he intends, once legally required access has been provided, to make use of this public

16  sidewalk and related facilities. The acts of Defendants 1268 Grant Avenue LLC, Christopher P.

17  Foley and Does One through Ten, and each of them, have proximately caused and will continue

18  to cause irreparable injury to Plaintiff if not enjoined by this Court.

19      68.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

20  continuing refusal by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

21  through Ten, and each of them, to grant full and equal access to Plaintiff in the respects

22  complained of and to require Defendants 1268 Grant Avenue LLC, Christopher P. Foley and

23  Does One through Ten, and each of them, to comply forthwith with the applicable statutory

24  requirements relating to access for disabled persons. Such injunctive relief is provided by

25  California Health & Safety Code Section 19953 and California Civil Code Section 55, and other

26  applicable law. Plaintiff further requests that this Court award damages pursuant to Civil Code

27  Section 54.3 and other applicable law, attorneys' fees, litigation expenses, and costs, pursuant to

28

1   Health & Safety Code Section 19953, Civil Code Section 54.3 and 55, Code of Civil Procedure

2   Section 1021.5 and other applicable law, all as prayed for below.

3        69.     **DAMAGES:**  As a result of the denial of equal access to these facilities, and due

4   to the acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

5   One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and

6   maintaining this public sidewalk and related facilities, Plaintiff suffered physical, mental and

7   emotional injuries, and general and special damages, and violations of his civil rights, including

8   but not limited to rights under California Civil Code Sections 54 and 54.1, all to his damages

9   pursuant to Civil Code Section 54.3, including statutory treble damages, as set forth below.  The

10  actions and/or inactions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

11  One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis

12  that he was and is physically disabled and unable, because of the architectural barriers created

13  and/or maintained by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

14  through Ten, and each of them, in violation of the subject laws, to use this public sidewalk and

15  related facilities on a full and equal basis as other persons.

16       70.     **TREBLE DAMAGES :**  Plaintiff is informed and believes and therefore alleges

17  that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

18  each of them, have continued to maintain inaccessible premises despite knowledge that their

19  premises denied full and equal access to disabled persons, including Plaintiff.  As a result,

20  Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

21  of them, are liable for treble damages pursuant to California Civil Code Section 54.3.

22       71.     **FEES AND COSTS:**  As a result of the acts, omissions, and conduct of

23  Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

24  of them, Plaintiff has been required to incur attorneys' fees, litigation expenses, and costs as

25  provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law

26  protecting access for disabled persons and prohibiting discrimination against disabled persons.

27  As a result, Plaintiff seeks recovery of all reasonable attorneys' fees, litigation expenses, and

28  costs, pursuant to the provisions of California Civil Code Section 54.3 and 55, and California

COMPLAINT FOR DAMAGES                          21          U.S. DISTRICT COURT CASE NO.

1   Health & Safety Code Section 19953 *et seq*. Additionally, Plaintiff's lawsuit is intended to

2   require that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

3   Ten, and each of them, make this public sidewalk and related facilities properly accessible to all

4   disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses

5   and costs, pursuant to the provisions of California Code of Civil Procedure Section 1021.5 and

6   other applicable law.

7        72.   Wherefore, Plaintiff prays for damages against Defendants City and County of

8   San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

9   each of them, as set forth below.

10                                    **PRAYER**

11   WHEREFORE, Plaintiff prays as follows:

12        1.   That this Court issue a preliminary and permanent injunction directing defendants

13   as current owners, operators, lessors, and/or lessees of the premises hereinabove described to

14   modify the above described premises and related facilities so that each provides full and equal

15   access to all persons, including persons with physical disabilities; and issue a preliminary and

16   permanent injunction directing defendants to provide facilities usable by plaintiff and similarly

17   situated persons with disabilities, and which provide full and equal access, as required by law;

18        2.   That this Court retain jurisdiction over the defendants until such time as the Court

19   is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of

20   inaccessible public facilities as complained of herein no longer occur, and can not recur;

21        3.   That this Court award to Plaintiff all appropriate damages, including but not

22   limited to statutory damages, general damages, special damages, and treble damages, in amounts

23   within the jurisdiction of the Court, all according to proof;

24        4.   That this Court award to Plaintiff all reasonable statutory attorneys' fees, litigation

25   expenses, and costs of this proceeding as provided by law;

26        5.   That this Court award prejudgment interest pursuant to California Civil Code

27   Section 3291; and

28   / / /

COMPLAINT FOR DAMAGES                   22        U.S. DISTRICT COURT CASE NO.

1        6.    For such other, further relief as this Court may deem proper.

2   Dated:  September 7, 2007

3                                           MOSLEY & GEARINGER LLP

4                                           By: _____
5                                           BRIAN GEARINGER
6                                           Attorneys for Plaintiff CHARLES BLACKWELL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2    Plaintiff Charles Blackwell demands trial by jury in this action.

3  Dated:  September 7, 2007

4                     MOSLEY & GEARINGER LLP

5

6        By: _____

            BRIAN GEARINGER

7          Attorneys for Plaintiff CHARLES BLACKWELL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

**1. Claimant's Name and Home Address** (Please Print Clearly)

CHARLES BLACKWELL
18 MAJESTIC TRAIL DRIVE
City BERKELEY   Zip 94708
Telephone Daytime (510) 883-0311   Evening

**2. Send Official Notices and Correspondence to:**

— CLAIMANT —

City _____   Zip _____
Telephone Daytime _____   Evening _____

**3. Date of Birth**
8/11/50

**4. Social Security Number**
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

**5. Date of Incident**
2/8/07

**6. Time of Incident** (AM or PM)
5:00 PM (APPROX)

**7. Location of Incident or Accident**
GRANT & VALLEJO STREET

**8. Claimant Vehicle License Plate #, Type and Year**

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

WHILE CROSSING THE STREET AT GRANT & VALLEJO
WALKING TOWARD ROOMINGS ON A DOWNHILL GRADE I STEPPED
ON A METAL PLATE (5'x5' SQUARE) ON THE SIDEWALK &
IMMEDIATELY SLIPPED AND FELL

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
|  |  |  |

**10. Description of Claimant's injury, property damage or loss**

INJURIES SUFFERED INCLUDE
A BROKEN LEFT UPPER
ARM REQUIRING AMBULANCE
TRANSPORT TO SF GENERAL
HOSPITAL FOR TREATMENT

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions)**

ITEMS

MEDICAL BILLS $ NOT YET
PAIN AND SUFFERING $ CONSIDER TO DETERM
$ _____
$ _____

**TOTAL AMOUNT**
Court Jurisdiction: Limited Civil ☐   Unlimited Civil ☑

**12. Witnesses (if any) Name     Address**
1. UNKNOWN AT THIS TIME
2. _____     Telephone _____

**13.**

Signature of Claimant or Representative [signature]   Date 2/21/07

Print Name _____   Relationship to Claimant _____

**Do Not Write In This Space**

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

CA/FORM 2. 2/01

# EXHIBIT B

CITY AND COUNTY OF SAN FRANCISCO                OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA                Michael D. Haase
City Attorney                    Assistant Chief of Claims

                                 DIRECT DIAL:  (415) 554-5845
                                 E-MAIL:  MIKE.HAASE@SFGOV.ORG

                                 March 8, 2007

Charles Blackwell
15 Maybeck Twin Dr.
Berkeley, CA 94708

RE:    Claim of Charles Blackwell / Claim Number 07-02246

       Department:      DPWSTRP  DPW Street Repair
       Incident Date:   February 8, 2007
       Claim Filed:     February 27, 2007

NOTICE OF ACTION UPON CLAIM               PLEASE TAKE NOTICE THAT

An investigation of your claim filed with the City and County of San Francisco has revealed no indication
of liability on the part of the City and County.  Accordingly, your claim is DENIED.

You should refer your claim to:

       1268 Grant Avenue, LLC
       c/o Chris Faley
       350 Greenwich Street
       San Francisco, CA 94133

Any inquiries should be directed to that entity.

                                WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally
delivered or deposited in the mail to file a state court action on this claim.  See Government Code section
945.6.  This time limitation applies only to causes of action arising under California law for which a claim
is mandated by the California Government Tort Claims Act, Government Code sections 900 et. seq.
Other causes of action, including those arising under federal law, may have shorter time limitations for
filing.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to
consult an attorney, you should do so immediately.

                        Very truly yours,

                        DENNIS J. HERRERA
                        City Attorney

                        Michael D. Haase
                        Assistant Chief of Claims

              875 STEVENSON STREET, ROOM 440 · SAN FRANCISCO, CALIFORNIA 94103
                        FACSIMILE:  (415) 554-7890

                        n:\claim\c2007\07-02246\00013359.doc

Claim of:    Charles Blackwell                    Claim Filed:  February 27, 2007

      I, Cecilia Lam say:  I am a citizen of the United States, over eighteen years of age, and not a party to the within action; that I am employed by the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, Suite 250, San Francisco, CA 94102.

      That on March 8, 2007 I served:

      NOTICE OF ACTION UPON CLAIM

by placing a true copy thereof in an envelope addressed to:

      Charles Blackwell
      15 Maybeck Twin Dr.
      Berkeley, CA  94708

and by then sealing and depositing said envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California.  The mailbox that I deposited said envelope is regularly maintained by the United States Postal Service.

      I declare under penalty of perjury that the foregoing is true and correct:

      Executed on March 8, 2007 at San Francisco, California.


                                    *Cecilia Lam*
                                  Cecilia Lam


                        DECLARATION OF SERVICE BY MAIL

EXHIBIT B

1  P. RICHARD COLOMBATTO (SBN 79895)
   MICHAEL K. TCHENG (SBN 160811)
2  COLOMBATTO KLIMENKO LLP
   130 Sutter Street, 7th Floor
3  San Francisco, California 94104
   Telephone:  (415) 391-6182
4  Facsimile:  (415) 391-2904

5  Attorneys for Defendants
   1268 GRANT AVENUE LLC,
6  CHRISTOPHER P. FOLEY

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 CHARLES BLACKWELL,                    Case No. C 07-4629-JL

12               Plaintiff,              **POINTS AND AUTHORITIES IN**
                                         **SUPPORT OF MOTION TO DISMISS FOR**
13     vs.                               **FAILURE TO STATE CLAIM UPON**
                                         **WHICH RELIEF CAN BE GRANTED OR**
14 CITY AND COUNTY OF SAN FRANCISCO,     **IN THE ALTERNATIVE FOR A MORE**
   1268 GRANT AVENUE LLC, CHRISTOPHER    **DEFINATE STATEMENT (FRCP 12(b)(6)**
15 P. FOLEY and DOES ONE through TEN,    **and 12(e))**
   inclusive,
16                                       Date:      December 5, 2007
               Defendants.               Time:      9:30 a.m.
17                                       Courtroom: Courtroom F, 15th Floor

18 ─────────────────────────────────────────────────────────────

                            **I. INTRODUCTION**
19
          Plaintiff, a visually disabled man, alleges that he was walking on a public sidewalk in San
20
   Francisco and suffered personal injury when he slipped and fell on a metal sidewalk elevator door
21
   cover.  The elevator is used by an adjacent restaurant building and is completely contained within a
22
   public sidewalk.  Significantly, plaintiff does not allege that he was attempting to access the restaurant
23
   or that he has ever tried to access the restaurant.
24
          Review of the Complaint reveals all of plaintiff's causes of action assert defendants
25
   discriminated against disabled persons by failing to provide an accessible path -- there is no claim for
26
   premises liability or garden variety negligence.  Based on allegations that the elevator door cover was
27
   "located on the public sidewalk" plaintiff names the CITY AND COUNTY OF SAN FRANCISCO
28
                                                                                          -1-

   POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON
   WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP
   12(b)(6) and 12(e))

*Colombatto Klimenko LLP*
*130 Sutter Street, Seventh Floor*
*San Francisco, California 94104*

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1  ("CCSF") and alleges violation of Title II of the ADA and related state claims.  Plaintiff also names

2  moving defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY ("OWNERS")

3  who own the restaurant building adjacent to the public sidewalk.  Plaintiff alleges the OWNERS

4  violated Title III of the ADA related state claims.

5      The OWNERS respectfully assert the allegations of the Complaint take the case outside the

6  scope of Title III.  There is no doubt that Title III requires an owner of a restaurant to take measures to

7  provide the disabled access but here there is no allegation that plaintiff ever attempted to access the

8  restaurant.  Indeed, plaintiff describes that he crossed the street and was walking away from the

9  restaurant at the time of the accident.  Under the Title III an owner has no duty to make an adjacent

10  public sidewalk accessible.  The allegations require a finding that plaintiff lacks standing to pursue a

11  Title III claim.

## II.  PERTINENT ALLEGATIONS

13      Plaintiff CHARLES BLACKWELL alleges he is visually impaired and a qualified disabled

14  person.  He further alleges:

15          "On February 8, 2007, Plaintiff was walking on [a] public sidewalk at 1268
            Grant Avenue when he slipped and fell on [a] sidewalk elevator door cover
16          located on the public sidewalk.  As a result he suffered serious personal
            injuries including, but not limited to a broken left arm.  Plaintiff was denied
17          his rights to full and equal access at this sidewalk, and was denied his civil
            rights under both California law and federal law, as herein described below,
18          because this sidewalk was not, and is not now, properly accessible to
            physically disabled persons such as Plaintiff."
19
    (Exhibit A to Defendants' Request for Judicial Notice, Plaintiff's Complaint, p.2:9-15.)

20      An exhibit to the Complaint provides further description of the accident.  Plaintiff attaches his

21  Claim Against The City And County Of San Francisco as Exhibit A to his Complaint.  (Exhibit A to

22  Defendants' Request for Judicial Notice, Plaintiff's Complaint, Exhibit A thereto.)[1]  Therein he lists

23  the location of the accident as "Grant and Vallejo Street " and under the heading "Basis of Claim" he

24  states:

25  //

26

_____

27  [1]    Exhibits to a complaint are properly reviewable as part of the complaint in a Rule 12(b) proceeding.  Hal Roach
28  Studios, Inc. v. Richard Feiner & Co., Inc. (9th Cir. 1989) 896 F2d 1542, 1555.

-2-

1  "While walking across the street at Grant and Vallejo walking towards
2  Columbus on a downhill grade I stopped on a metal plate (5' x 5' square) on
   the sidewalk & immediately slipped and fell."

3  Review of the balance of the Claim reveals no mention of the restaurant building.

4  While the Complaint alleges moving defendants are the owner of real property located at 1268

5  Grant Avenue there are no allegations anywhere in the complaint that plaintiff was attempting to

6  access the building at the time of the accident, had ever tried to access the building in the past, or had

7  any intention to access the building in the future. (Exhibit A to Defendants' Request for Judicial

8  Notice, Plaintiff's Complaint, p.4:3-16, and et seq.) The only condition complained of is the sidewalk

9  elevator door cover and it is alleges that moving defendants are "...responsible in whole or in part for

10  the condition of the sidewalk elevator door cover located on the public sidewalk.") (Exhibit A to

11  Defendants' Request for Judicial Notice, Plaintiff's Complaint, p.4:3-16, and et seq.)

12  ### III. ARGUMENT

13  **A.    PLAINTIFF LACKS STANDING TO ASSERT A TITLE III CLAIM**

14  In <u>Pickern v. Holiday Quality Foods</u> (9th Cir. 2002) 293 F.3d 1133, the 9th Circuit discussed

15  the standing requirement in the context of a Title III case as follows:

16  "If Doran's statements are true, he has suffered and is suffering an injury
17  within the meaning of Title III of the ADA. However, his injury must also
   satisfy the "case" or "controversy" requirement of Article III of the
18  Constitution. As the Supreme Court has recently construed that
   requirement, a plaintiff must show three things:

19  First [he must have] suffered an injury in fact - an invasion of a
   legally protected interest which is (a) concrete and particularized,
20  and (b) actual or imminent, not conjectural or hypothetical.
   Second, there must be a causal connection between the injury and
21  the conduct complained of. ...Third, it must be likely, as opposed
   to merely speculative, that the injury will be redressed by a
22  favorable decision.

23  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351,
   112 S. Ct. 2130 (1992) (quotations and citations omitted)."

24  Below <u>Lujan</u> is applied in the context of a Title III case. The cited authorities make it

25  abundantly clear that when plaintiff has never attempted to access a public accommodation he may

26  not assert a Title III claim. Plaintiff lacks standing because he has not suffered an injury in fact within

27

28

-3-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

the meaning of Title III.  Alternatively plaintiff lacks standing because any injury he incurred would

not be redressed by a favorable decision.

> 1.    **Plaintiff's Allegations Establish That Plaintiff Did Not Suffer An Injury In Fact Within The Meaning Of Title III**

In order for a Title III plaintiff to meet the "injury in fact" requirement he would have to suffer

an injury as the result of defendant's failure to comply with applicable ADA duties.  As was stated in

Pickern:

> " The only question is whether Doran is suffering a sufficiently "concrete and particularized" and "actual or imminent" injury to satisfy the Court's "injury in fact" requirement.
>
> "By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." Lujan, 504 U.S. at 560 n. 1. In the context of the ADA, we understand that to mean that Doran must himself suffer an injury as a result of the Paradise store's noncompliance with the ADA. We hold that in stating that he is currently deterred from attempting to gain access to the Paradise store, Doran has stated sufficient facts to show concrete, particularized harm."

Pickern v. Holiday Quality Foods (9th Cir. 2002) 293 F.3d 1133, 1137-1138.

In Steger v. Franco, Inc. (8th Cir. 2000) 228 F.3d 889, 892-893 the court applied the "injury in

fact" standard and affirmed a district court's dismissal of a number of plaintiffs claims on the basis

that they had never been denied access to the subject building and thus could not demonstrate an

injury.  The court explained its holding as follows:

> "Steger, Lane, Woods, and Young argue that even though they have not been denied access to the CCB, they have been injured nonetheless because they are disabled and may enter the building in the future. Neither Lane nor Woods testified at the preliminary injunction hearing, and no evidence was presented regarding their knowledge of the building's barriers or their likelihood to visit the building in the imminent future. Steger testified that she could not remember ever being in the CCB and did not know whether the building was accessible to her. She presented no evidence that she intended to enter the building in the future. Consequently, neither Steger, Lane, nor Woods suffered injury, and the district court correctly dismissed their claims."

Id. at p. 893.

Under the allegations of this case plaintiff fails to meet the "injury in fact" requirement.  Title

III is concerned with preventing discrimination against disabled persons by setting standards

regarding access to public accommodations.  Completely in line with this policy courts have required

that a Title III plaintiff prove an injury in fact that was caused by defendant's failure to comply with

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

the standards. At a very minimum plaintiff must have attempted to access the establishment. Just like in Steger plaintiff's claims should be dismissed because he fails to allege he ever attempted to obtain access to moving defendants' building.

### 2. The Sidewalk Elevator Door Cover Is Not Part Of Defendant's Public Accommodation And Thus Is Outside The Scope Of Title III

28 C.F.R. pt. 36 contains regulations designed to implement Title III. (See 28 C.F.R. § 36.101.) Appendix A to 28 C.F.R. Part 36 contains detailed requirements on what constitutes an accessible public accommodation and precise definitions as to what parts of an establishment must comply with the requirements. Although most of the requirements apply to new construction they will be cited below to demonstrate that the elevator door cover is not a part of defendant's public accommodation and therefore is outside the scope of Title III.

Plaintiff's claim is that the public sidewalk was not accessible within the meaning of Title III. Specifically he claims that a sidewalk elevator door cover located on the public sidewalk fails to meet the accessibility requirements apparently because it is too slippery. It is true that Title III requires that "[g]round and floor surfaces **along accessible routes**… shall be stable, firm, slip-resistant, and shall comply with 4.5." (28 C.F.R. pt. 36, app. A, stand. 4.5.1 (with bold added).) However under the ADA a building owner is not required to provide accessible routes outside the "site." The following requirements apply to "accessible routes":

> **4.3 Accessible Route.**
>
> **4.3.1 General.** All walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with 4.3.
>
> **4.3.2 Location.**
> (1) At least one accessible route **within the boundary of the site** shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or **sidewalks** to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. …"

(28 C.F.R. pt. 36, app. A, stand. 4.3 - 4.3.2 (with bold added).) The definitions show moving defendants' duty is to provide an accessible route within the site up to a public sidewalk.

A "site" is defined as: "[a] parcel of land bounded by a property line or a designated portion of a public right-of-way." (28 C.F.R. pt. 36, app. A, stand. 3.5.) The definition leaves no doubt that the

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and 12(e))

-5-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

1  elevator door cover is not on moving defendant's site because it is located on a public sidewalk.  As

2  such moving defendants did not have the duty to make the elevator door cover accessible within the

3  meaning of Title III.

4      In <u>Alford v. City of Cannon Beach</u> (D. Or. 2000) 2000 U.S. Dist. LEXIS 20730, these same

5  definitions were used by a city to defeat plaintiff's claim that the city was required to provide

6  "accessible routes" outside of the Title III "site" at issue therein.  The court stated:

7          "These standards do not support plaintiffs' argument.  Standard 4.3.2.(1),
           read with the proper definitions of "accessible route" and "site," requires
8          the provision of a continuous, unobstructed path, within the boundary of a
           parcel of land, from such places as a public transportation stop, accessible
9          parking, or a public street or sidewalk, to the accessible building entrance.
           "Site" does not include city streets.  The regulation does not require blanket
10         construction of new sidewalks along city streets."

11 <u>Id.</u> at *71-*72.

12     Also in <u>Pickern v. Pier 1 Imps. (U.S.), Inc.</u> (9th Cir. 2006) 457 F.3d 963, 967 the court upheld

13 an order granting summary judgment on the basis that a Title III defendant had no duty to install a

14 ramp on a small strip of grass owned by a City.  The court rejected a "tortured interpretation" of "site"

15 offered by plaintiff.

16     Based on the above authority an elevator door cover located on a public sidewalk is not within

17 the scope of Title III.  This argument dovetails with the legislative scheme making governmental

18 entities responsible to make public streets and sidewalks accessible under Title II of the ADA.

19 "Facilities operated by government agencies or other public entities as defined in this section do not

20 qualify as places of public accommodation. The actions of public entities are governed by title II of

21 the ADA and will be subject to regulations issued by the Department of Justice under that title. (28

22 C.F.R. pt. 36, App. B at 681.)

23     **3.    Alternatively Plaintiff Lacks Standing Because Any Injury He Incurred Would
               Not Be Redressed By A Favorable Decision**

24     In <u>Molski v. Mandarin Touch Rest.</u>  (D. Cal. 2005) 385 F. Supp. 2d 1042, 1045 the court

25 addressed <u>Lujan's</u> requirement that the injury is of the type that can be redressed by a favorable

26 decision.  <u>Manderin</u> is one of a large number of cases that found standing lacking because it was

27 doubtful that plaintiff would ever be back to defendant's establishment.

28

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-6-

1    "In evaluating whether an ADA plaintiff has established a likelihood of future injury, courts

2    have looked to such factors as: (1) the proximity of the place of public accommodation to plaintiff's

3    residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's

4    plans to return, and (4) the plaintiff's frequency of travel near defendant. *Arby's*, 359 F. Supp. 2d at

5    947 n.10. Assuming, arguendo, that Molski has established standing to pursue claims for damages, the

6    Court nonetheless finds that an application of these factors demonstrates that Molski has not

7    established a likelihood of future injury, and thus, lacks standing to pursue injunctive relief under the

8    ADA." Molski v. Mandarin Touch Rest. (D. Cal. 2005) 385 F. Supp. 2d 1042, 1045; see also: DeLil

9    v. El Torito Rest. (1997 U.S. Dist.) LEXIS 22788, No. C93-3900, 1997 WL 714866, at 3 (N.D. Cal.

10   1997)(holding that a plaintiff failed to establish likelihood of future harm in part because she lived

11   over 100 miles from restaurant); Brother v. Tiger Partner, LLC (M.D. Fla. 2004) 331 F. Supp. 2d

12   1368, 1373 (finding plaintiff failed to establish likelihood of future harm in part because he lived 280

13   miles from hotel); Hoepfl v. Barlow (E.D. Va. 1995) 906 F. Supp. 317, 320 (finding plaintiff failed to

14   establish likelihood of future harm where she had moved to a different state than defendant doctor).

15   Cf. Parr v. L&L Drive-In Rest. (D. Haw. 2000) 96 F. Supp. 2d 1065, 1079-80 (finding that, in a close

16   case, factors including proximity of plaintiff's residence to defendant restaurant tipped scales in his

17   favor).

18        Here not only are there no allegations that plaintiff has ever been to the restaurant, he fails to

19   allege any facts supporting an inference that he will ever try to access the restaurant.

20   **B.    THE RELATED STATE LAW CLAIMS SHOULD ALSO BE DISMISSED**

21        Plaintiff also includes several state disability claims as follows:

22   - Cause of action no. 3 is against all defendants for Violation of Section 504 of the
         Rehabilitation Act of 1973

23

24   - Cause of action no. 4 is against all defendants for "Violations Of California's Disabled
         Access Standards And California's Government Code Section 4450 And Resulting
         Violation Of California Civil Code Section 54(a)"

25

26   - Cause of action no. 5 is against all defendants for "Violation Of The Unruh Civil Rights
         Act, California Civil Code Sections 51 And 52, On The Basis Of Disability"

27   - Cause of action no. 6 is against all defendants for "Violation Of California Government
         Code Section 11135 For Discrimination Under Program Receiving Financial Assistance
         From The State Of California"

28                                                                                                    -7-

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

- Cause of action no. 7 is against moving defendants for "Violation Of California Heath And Safety Code Section 19955 *ET SEQ* And Civil Code Section 54 *ET. SEQ.* For Denial Of Full And Equal Access To A Public Accommodation"

Generally each of the above statutes adopts Title III ADA standards as a minimum standard relating to accessibility.  Cal. Civ. Code § 51(f); Cal. Civ. Code § 54(c); see also Cal. Civ. Code § 54.1(d); Cal. Government Code § 4450(c).  Review of the statutes and referenced codes do not show any deviation from Title III's definition of "site" that would made a private building owner required to make an adjacent public sidewalk accessible.  As such the state discrimination claims should also be dismissed.

## C.    LEAVE TO AMEND SHOULD NOT BE GRANTED

Rule 12(b)(6) tests the legal sufficiency of a complaint.  Navarro v. Block (9th Cir. 2001) 250 F.3d 729, 732.  Under the Rule, dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80; Navarro, 250 F.3d at 732.

Here plaintiff was injured while walking down the street.  He was not attempting to access the restaurant.  As such plaintiff lacks standing to assert claims for discrimination based on his disability status.  Unless plaintiff can, in good faith, so amend his Complaint leave to amend should not be granted because the facts of this case will never fall inside the scope of Title III.

## D.    ALTERNATIVELY THE MOTION UNDER RULE 12(e) SHOULD BE GRANTED AND PLAINTIFF DIRECTED TO PROVIDE A MORE DEFINATE STATEMENT OF CASE

Above it is asserted that plaintiff's allegations establish: 1) at the time of the accident plaintiff was not in or adjacent to defendant's building, and 2) plaintiff was not seeking to access defendant's building.  In the event the court determines plaintiff's Complaint is vague and ambiguous with respect to these issues defendants request plaintiff be ordered to clarify: 1) where the accident occurred and/or 2) plaintiff's intend to access defendant's building.

//

//

//

//

-8-

### IV.  CONCLUSION

Plaintiff lacks standing to assert disability access claims against moving defendants and each cause of action should be dismissed.  Plaintiff's allegation that the accident occurred on a public sidewalk outside the confines of moving defendant's "site" takes this case outside the scope of Title III.  The result is that this is an ordinary slip and fall case with regards to moving defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY.

Dated: October 26, 2007

COLOMBATTO KLIMENKO LLP

By: _____
MICHAEL K. TCHENG
Attorneys for Defendants
1268 GRANT AVENUE LLC, CHRISTOPHER
P. FOLEY

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

-9-

EXHIBIT C



# MOSLEY & GEARINGER LLP

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar # 146125)

# LAW OFFICES OF PAUL L. REIN

200 Lakeside Drive, Suite A
OAKLAND, CALIFORNIA 94612
(510) 832-5001

PAUL L. REIN (State Bar # 43053)
JULIE A. OSTIL (State Bar #215202)

Attorneys for Plaintiff CHARLES BLACKWELL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>THAI SPEED, INC. dba CITIZEN THAI, CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY, and DOES ONE through TEN, inclusive,<br><br>    Defendants. | Case No. C07-04629 SBA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF (1) TITLE II OF THE AMERICANS WITH DISABILITIES ACT; (2) THE REHABILITATION ACT OF 1973; (3) CALIFORNIA GOVERNMENT CODE SECTION 4450 *et seq.*; (4) CALIFORNIA CIVIL CODE SECTION 54(a); (5) CALIFORNIA CIVIL CODE SECTIONS 51 AND 52; AND (6) CALIFORNIA GOVERNMENT CODE SECTION 11135**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Charles Blackwell ("Plaintiff") complains and alleges as follows:

## I.    INTRODUCTION

    1.    This case involves the denial of accessible facilities to Plaintiff, a qualified

disabled person, on the public sidewalk at 1268 Grant Avenue, San Francisco, California ("1268

Grant Avenue"). As the result of such denial of accessible facilities, Plaintiff suffered severe physical personal injuries as well as denial of his civil rights. Plaintiff is a "person with a disability" or "physically handicapped person," who is visually impaired, and is unable to safely or with full and equal access use portions of public facilities which are not fully accessible to physically disabled persons who have visual disabilities. Further, when plaintiff and a companion returned to the area nine months later, to have lunch at the Citizen Thai restaurant located at 1268 Grant Avenue, he discovered that the restaurant itself was also not accessible for visually disabled persons, in violation of federal and state law.

   2.   On February 8, 2007, Plaintiff was walking on the public sidewalk at 1268 Grant Avenue when he slipped and fell on the elevator sidewalk door cover located on the public sidewalk. As a result, Plaintiff sustained serious personal injuries including, but not limited to a broken left arm. Plaintiff was denied his rights to full and equal access at this sidewalk, and was denied his civil rights under both California law and federal law, as herein below described, because this sidewalk was not, and is not now, properly accessible to physically disabled persons such as Plaintiff. Plaintiff seeks injunctive relief to require Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley, Thai Speed, Inc. dba Citizen Thai, and Does One through Ten, and each of them, to make this sidewalk accessible to disabled persons and to ensure that any disabled person who attempts to use this sidewalk will be provided safe and accessible paths of travel on the public sidewalk at 1268 Grant Avenue. Plaintiff also seeks recovery of damages for his physical personal injuries and discriminatory experiences and denial of access and denial of his civil rights, which denials are continuing as a result of the failure of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, to provide an accessible sidewalk to physically disabled persons such as Plaintiff, and, as to all defendants except the City and County of San Francisco, to make the Citizen Thai restaurant legally accessible for use by visually disabled persons. Plaintiff also seeks recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

FIRST AMENDED COMPLAINT FOR DAMAGES          2          U.S. DISTRICT COURT CASE NO. C07-4629 SBA

3.      On or about November 16, 2007, plaintiff Charles Blackwell returned the vicinity of 1268 Grant Avenue with access consultant Barry Atwood to inspect the area of his subject fall and to have lunch in the adjoining restaurant. The adjoining restaurant, the Citizen Thai restaurant, on information and belief, is and at all relevant times was operated by defendant Thai Speed, Inc. and owned by defendant Christopher P. Foley, but had never been entered by plaintiff or his companion. When plaintiff came to the front door he had some difficulty entering because of the extreme steep slope of the entry ramp at the front door, a slope which appeared to be nearly three times the allowable legal slope for a ramp, and with an excessive cross-slope which increased the hazard for use by disabled persons. There was also an improperly small vestibule for entry, with two sets of double doors with one set locked, and lacking a level landing. Inside the restaurant were multiple additional barriers, which created access difficulties for persons with visual disabilities, including but not limited to improper nosing on treads of stairs going up to the second floor dining area; handrails on several sets of stairs with excessively wide cross-sections, making gripping difficult; lack of contrast striping at the nose of the top and bottom stairs; excessively narrow paths of travel through the restaurant to the restrooms, creating a tripping hazard; and the lack of any menu available for visually disabled persons, in large print and in Braille. Further, while dining in the restaurant, plaintiff used the restroom and discovered that the toilet's grab bars in the "disabled accessible" men's restroom stall, were not properly configured or located at the standard and legally required position that could be relied upon by visually disabled persons.

4.      As to the lack of access at the Citizen Thai restaurant on or about November 16, 2007, plaintiff complains of defendants Christopher P. Foley, Thai Speed, Inc. dba Citizen Thai, and Does 1-10 only, and seeks injunctive relief to make these premises accessible and safe for use under the standards of ADA Title III and California law, and seeks statutory damages only, and seeks recovery of reasonable statutory attorney fees, litigation expenses and costs.

## II.    JURISDICTION

5.      This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. Pursuant to this Court's

1  supplemental jurisdiction, attendant and related claims for relief arising from the same facts are

2  also brought under California law, including but not limited to violations of California

3  Government Code §§ 4450, *et. seq.*; Health & Safety Code §§ 19955, *et seq.*, including § 19959;

4  Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54(a), and 55.

5  **III.    VENUE**

6      6.    Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on (1)

7  Plaintiffs' information and belief that some or all of the defendants reside in this judicial district;

8  (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial

9  district; and (3) "a substantial part of property that is the subject of the action is situated" in this

10 judicial district.

11 **IV.    INTRADISTRICT ASSIGNMENT**

12     7.    Intradistrict assignment to the San Francisco Division is appropriate pursuant to

13 Civil L.R. 3-2(c) because "a substantial part of the events or omissions which give rise to the

14 claim occurred or in which a substantial part of the property that is the subject of the action is

15 situated" occurred in San Francisco County.

16 **V.    THE PARTIES**

17     8.    Plaintiff is and at all time relevant to this Complaint was a physically disabled

18 person, and a "person with disabilities," as these terms are used under California and Federal,

19 including but not limited to Section 504 of the Rehabilitation Act and Titles II and III of the

20 Americans with Disabilities Act of 1990.  The terms "physically disabled person," and a "person

21 with disabilities" will be used interchangeably throughout this Complaint.  Plaintiff is visually

22 impaired, visually disabled, and legally blind.

23     9.    Defendant City and County of San Francisco (the "City") is a public entity and

24 municipal corporation organized and existing pursuant to the laws of the State of California, is

25 the owner of the public sidewalk at 1268 Grant Avenue, and is subject to Title II of the

26 Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

27 to the requirements of California State law requiring full and equal access to public facilities

28

FIRST AMENDED COMPLAINT FOR DAMAGES          4          U.S. DISTRICT COURT CASE NO. C07-4629 SBA

1   pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

2   referred to in this Complaint.

3        10.    Defendant 1268 Grant Avenue LLC was the owner of the real property located at

4   1268 Grant Avenue on February 8, 2007 and, as such, was responsible in whole or in part for the

5   condition of the elevator sidewalk door cover located on the public sidewalk, and is subject to

6   Title III of the Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation

7   Act of 1973, to the requirements of California State law requiring full and equal access to public

8   facilities pursuant to Government Code Sections 11135 and 4450, and to all other legal

9   requirements referred to in this Complaint.

10       11.    Defendant Christopher P. Foley is the current owner of the real property located at

11   1268 Grant Avenue and, as such, is responsible in whole or in part for the condition of the

12   elevator sidewalk door cover located on the public sidewalk, and is subject to Title III of the

13   Americans with Disabilities Act of 1990, to the requirements of the Rehabilitation Act of 1973,

14   to the requirements of California State law requiring full and equal access to public facilities

15   pursuant to Government Code Sections 11135 and 4450, and to all other legal requirements

16   referred to in this Complaint. Defendants Christopher P. Foley is also responsible for the lack of

17   access at the Citizen Thai restaurant which occurred on or about November 16, 2007, and which

18   is continuing to date.

19       12.    Defendant Thai Speed, Inc. dba Citizen Thai is the operator of the restaurant that

20   occupies the premises at 1268 Grant Avenue and, as such, is responsible for the lack of access at

21   the Citizen Thai restaurant which occurred on or about November 16, 2007, and which is

22   continuing to date.

23       13.    Plaintiff is ignorant of the true names and capacities of the defendants sued in this

24   litigation as Does One through Ten, inclusive and, as a result, sues these defendants by these

25   fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of

26   these defendants once they have been ascertained. Plaintiff is informed and believes and

27   thereupon alleges that each of the fictitiously named defendants is in some manner responsible

28   for the injuries and damages to Plaintiff alleged in this Complaint.

14.     Plaintiff is informed and believes that each of the defendants herein is the agent, employee, representative, joint venture and/or common enterprise affiliate of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

## VI.    COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT

15.     On February 27, 2007, Plaintiff timely filed a Tort Claim with the City, a copy of which is attached as Exhibit A.

16.     On March 8, 2007, the City denied Plaintiff's Tort Claim, a copy of which is attached as Exhibit B.

## VII.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

#### (Against Defendant City and County of San Francisco)

17.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

18.     Effective January 26, 1992, Plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990 ("ADA"). Title II, Subpart A prohibits discrimination by any "public entity", including any state or local government, as defined by 42 USC Section 12131, section 201 of the ADA.

19.     Pursuant to 42 USC Section 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

20.     The City has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove,

FIRST AMENDED COMPLAINT FOR DAMAGES          6          U.S. DISTRICT COURT CASE NO. C07-4629 SBA

including failing to insure that the public paths of travel in and around 1268 Grant Avenue are accessible to disabled persons including Plaintiff. As a proximate result of the City's actions and omissions, the City has knowingly and intentionally discriminated against Plaintiff, in violation of Title II of the ADA, and of the regulations adopted to implement the ADA.

21.     As a result of the City's discrimination in violation of Section 202 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the Rehabilitation Act of 1973 (29 USC Section794a). Plaintiff also seeks injunctive relief to require the City to remove the barriers to access complained of, and to provide all remedies, including damages, statutory attorneys' fees, litigation expenses and costs, including those remedies specified by Sections 203 and 505 of the ADA and by California Code of Civil Procedure Section 1021.5, according to proof.

22.     **INJUNCTIVE RELIEF:** To the date of filing this Complaint, the specified public facilities continue to be inaccessible for safe and independent entry and use by physically disabled persons such as Plaintiff. Plaintiff requests that an injunction be ordered requiring that the City take prompt action to modify the aforementioned public facilities to render them accessible to and usable by Plaintiff and other similarly situated physically disabled persons. Plaintiff seeks injunctive relief to prohibit the acts and omissions of the City as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including persons who are visually impaired, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities. Plaintiff is unable, so long as such acts and omissions of the City continues, to achieve equal access to and use of these public buildings and facilities, and cannot return to use these facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of the City have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

FIRST AMENDED COMPLAINT FOR DAMAGES          7          U.S. DISTRICT COURT CASE NO. C07-4629 SBA

23.   **DAMAGES**: Plaintiff seeks damages pursuant to Title II of the ADA with regard to his denial of access on February 8, 2007, as alleged above.  Plaintiff is informed and believes and thereupon alleges that the City had actual and constructive notice prior to February 8, 2007 that the public paths of travel in and around 1268 Grant Avenue were not accessible to disabled persons including Plaintiff, but the City failed to correct the correct the condition as described above.  As such, Plaintiff seeks additional damages pursuant to Title II of the ADA because the City's failure to correct the access problems after Plaintiff gave specific notice of his experiences and injuries of February 8, 2007 including his Tort Claim of February 27, 2007, attached as Exhibit A, made the City's failure to take any action to correct such deficiencies, as well as the City's actions and/or inactions in continuing to maintain all such access barriers, an intentional violation of Title II of the ADA.

24.   Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, and Does One through Ten, and each of them, as set forth below.

## SECOND CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### (Against Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten)

25.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

26.   In 1990, the United States Congress made findings pursuant to  42 United States Code Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to

compete on an equal basis and to pursue those opportunities for which our free society is

justifiably famous...."

27.     In passing the ADA (42 U.S.C. § 12101(b)), Congress provided as follows:

It is the purpose of this Act

(1)  to provide a clear and comprehensive national mandate for the

elimination of discrimination against individuals with disabilities;

(2)  to provide clear, strong, consistent, *enforceable standards* addressing

discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing

the standards established in this Act on behalf of individuals with

disabilities; and

(4)  to invoke the sweep of congressional authority, including the power to

enforce the fourteenth amendment and to regulate commerce, in order to

address the major areas of *discrimination faced day-to-day* by people with

disabilities. (Italics added.)

28.     As part of the ADA, Congress passed "Title III - Public Accommodations and

Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*).  The subject properties and

facilities are among the "private entities" which are considered "public accommodations" for

purposes of this title.

29.     Pursuant to Section 302 of 42 U.S.C. Section 12182, "No individual shall be

discriminated against on the basis of disability in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases, or leases to, or operates a place of public

accommodation."

30.     The specific prohibitions against discrimination include as follows:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies,

practices, or procedures when such modifications are necessary to afford

such goods, services, facilities, privileges, advantages, or accommodations

to individuals with disabilities...;"

§302(b)(2)(A)(iii): "a failure to take such steps as may be necessary to

ensure that no individual with a disability is excluded, denied service,

segregated, or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities...

where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a

barrier under clause (iv) is not readily achievable, a failure to make such

goods, services, facilities, privileges, advantages, or accommodations

available through alternative methods if such methods are readily

achievable."

31.     The acts and omissions of Defendants 1268 Grant Avenue LLC, Thai Speed, Inc.

dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, as set forth

herein, were in violation of Plaintiff's rights under the ADA, and the regulations promulgated

therein as set forth in 28 Code of Federal Regulations Part 36 *et seq.*

32.     The removal of each of the barriers complained of by Plaintiff as hereinabove

alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA.

As noted hereinabove, the removal of each and every one of the architectural barriers

complained of herein also was required under California law.  Further, structural repairs or

additions since January 26, 1992 have independently triggered requirements for removal of

barriers to access for disabled persons pursuant to Section 303 of the ADA, 42 U.S.C. § 12183,

as well as pursuant to California Health and Safety Code Section 19959.

33.     Further, Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai,

Christopher P. Foley and Does One through Ten, and each of them, independently have violated

all referenced standards since January 26, 1992, by the manner in which they have constructed,

altered, and maintained the public sidewalk at 1268 Grant Avenue, creating a dangerous

condition for disabled persons such as Plaintiff who attempts to use the public sidewalk at 1268

Grant Avenue.

34.     Plaintiff is informed and believes and therefore alleges that as of February 8,

2007, and as of the filing of this Complaint, the premises have denied and continue to deny full

and equal access to Plaintiff and to other disabled persons, in other respects, which violated

Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of

his disability, thus wrongfully denied to Plaintiff the full and equal enjoyment of the goods,

services, facilities, privileges, advantages and accommodations, in violation of Section 302 of the

ADA, 42 U.S.C. § 12182.

35.     Pursuant to Section 308 of the ADA, U.S.C. § 12188 *et seq.*, Plaintiff is entitled to

the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of 1964, 42

U.S.C. § 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability

in violation of this title or has reasonable grounds for believing that he is about to be subjected to

discrimination in violation of Section 302 and Section 303 of the ADA.  Plaintiff is informed and

believes and therefore alleges that Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba

Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, have continued

to violate the law and to deny the rights of Plaintiff and other disabled persons access to this

public accommodation since on or before Plaintiff's encounter on February 8, 2007, as

previously alleged.  Pursuant to Section 308(a)(2) of the ADA, "In cases of violations of §

302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make

such facilities readily accessible to and usable by individuals with disabilities to the extent

required by this title."

36.     Plaintiff seeks relief pursuant to the remedies set forth in Section 204(a) of the

Civil Rights Act of 1964, (42 U.S.C. § 2000(a)-3(a)), and pursuant to Federal Regulations

adopted to implement the ADA.  Plaintiff is a qualified disabled person for purposes of Section

308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation

of Title III and who has reasonable grounds for believing he will be subjected to such

1  discrimination each time that he may attempt to use each of the properties and the premises

2  specified hereinabove.

3       37.    Wherefore, Plaintiff prays for damages against Defendants 1268 Grant Avenue

4  LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

5  **THIRD CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATION OF SECTION**

6  **504 OF THE REHABILITATION ACT OF 1973**

7  **(Against Defendants City and County of San Francisco and Does One through Ten)**

8       38.    Plaintiff incorporates by reference each of the preceding paragraphs as though

9  fully set forth herein, and further alleges as follows:

10       39.    The City is a governmental agency existing under the laws of the State of

11  California with responsibility, *inter alia*, for the public facilities, including sidewalks and

12  specifically the public sidewalk at 1268 Grant Avenue.  Plaintiff is informed and believes and

13  therefore alleges that Defendants City and County of San Francisco and Does One through Ten,

14  and each of them, have been recipients of Federal financial assistance and that part of that

15  financial assistance is used to fund the operations, construction and/or maintenance of the

16  specific public facilities described herein.

17       40.    By the actions or inactions of Defendants City and County of San Francisco and

18  Does One through Ten, and each of them, in denying Plaintiff disabled accessible facilities at the

19  public facilities specified herein, and in failing to provide access in multiple ways as herein

20  described, including but not limited to the failure to provide an accessible paths of travel on the

21  public sidewalk at 1268 Grant Avenue, Defendants City and County of San Francisco and Does

22  One through Ten, and each of them, have violated Plaintiff's rights under Section 504 of the

23  Rehabilitation Act of 1973, 29 USC Section 794, and the regulations promulgated thereunder.

24       41.    By the actions or inactions of Defendants City and County of San Francisco and

25  Does One through Ten, and each of them, in denying Plaintiff, a disabled person, his rights to

26  have "full and equal" access to the same programs, activities, services, and environment as

27  non-disabled persons, and by otherwise discriminating against Plaintiff solely by reason of his

28  physical disability, By the actions or inactions of Defendants City and County of San Francisco

FIRST AMENDED COMPLAINT FOR DAMAGES     12     U.S. DISTRICT COURT CASE NO. C07-4629 SBA

1   and Does One through Ten, and each of them, have violated Plaintiff's rights under Section 504

2   of the Rehabilitation Act of 1973 and the regulations promulgated thereunder.  Plaintiff seeks

3   damages for denial of his civil rights, for interference with his right to access public

4   accommodations, and for resulting physical, mental and emotional injury, all to his damage and

5   according to proof.

6       42.    Further, Plaintiff has a need to and wishes to return to the facilities described

7   herein, and will do so when they are made properly accessible to persons with disabilities.

8   Plaintiff seeks injunctive relief and requests that this Court order Defendants City and County of

9   San Francisco and Does One through Ten, and each of them, to correct the access deficiencies

10  complained of herein so that Plaintiff will not continue to be discriminated against and/or

11  deterred from entering and accessing the public sidewalk and restaurant premises at 1268 Grant

12  Avenue on the same basis as non-disabled persons, and seeks recovery of statutory attorneys'

13  fees, litigation expenses and costs.  Plaintiff has no adequate remedy at law, and unless the relief

14  requested herein is granted, Plaintiff will continue to suffer irreparable injury by the deprivation

15  of meaningful access to the public sidewalk and restaurant premises at 1268 Grant Avenue, and

16  the public facilities operated by defendants therein.

17      43.    Wherefore, Plaintiff prays for damages and injunctive relief against Defendants

18  City and County of San Francisco and Does One through Ten, and each of them, as set forth

19  below.

20  **FOURTH CLAIM FOR RELIEF FOR DISCRIMINATION IN VIOLATIONS OF**

21  **CALIFORNIA'S DISABLED ACCESS STANDARDS AND CALIFORNIA'S**

22  **GOVERNMENT CODE SECTION 4450 ET SEQ. AND RESULTING VIOLATION OF**

23  **CALIFORNIA CIVIL CODE SECTION 54(a)**

24  **(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai**

25  **Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten)**

26      44.    Plaintiff incorporates by reference each of the preceding paragraphs as though

27  fully set forth herein, and further alleges as follows:

28

FIRST AMENDED COMPLAINT FOR DAMAGES          13      U.S. DISTRICT COURT CASE NO. C07-4629 SBA

45.     Plaintiff is informed and believes and therefore alleges that the specified public facilities owned, operated, leased, constructed, altered and maintained by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, are buildings, structures or related facilities within the meaning of California Government Code Sections 4450 *et seq.* Plaintiff is further informed and believes and therefore alleges that Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, have constructed, altered, or repaired parts of these public buildings, structures and related facilities since 1968 within the meaning of California Government Code Sections 4450 and 4456, thereby requiring provision of access to persons with disabilities, as required by law, and statutory attorneys' fees, litigation expenses and costs, including but not limited to public interest attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

46.     The actions and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Government Code Section 4450 *et seq.* As a proximate result of the actions, inactions and/or omissions of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them as described above, Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, have discriminated against Plaintiff, in violation of California Government Code Section 4450 *et seq.*, and of Title 24-2 regulations adopted to implement Section 4450.

47.     Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff will continue to suffer irreparable harm as a result of the failure of Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, to fulfill their obligations to

1     provide meaningful access to the public sidewalk and restaurant at 1268 Grant Avenue and to

2     related public facilities.

3         48.     **INJUNCTIVE RELIEF:** As a result of the denial of equal access to these

4     facilities and due to the acts and omissions of Defendants City and County of San Francisco,

5     1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One

6     through Ten, and each of them, in owning, operating, leasing, constructing, altering, and

7     maintaining the subject facilities, Plaintiff asks this Court to preliminarily and permanently

8     enjoin any continuing refusal by Defendants City and County of San Francisco, 1268 Grant

9     Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through

10     Ten, and each of them, to grant full and equal access to Plaintiff in the respects complained of

11     and to require Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Thai

12     Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them,

13     to comply forthwith with the applicable statutory requirements relating to access for disabled

14     persons. Such injunctive relief is provided by California Government Code Section 4450 *et seq.*,

15     and California Civil Code Section 55, and other applicable law. Plaintiff further requests that

16     this Court award damages pursuant to Civil Code Section 54.3 and other applicable law and

17     attorneys' fees, litigation expenses, and costs pursuant to Government Code Section 4450 *et*

18     *seq.*, Civil Code Section 54.3, Code of Civil Procedure Section 1021.5 and other law, all as

19     hereinafter prayed for by Plaintiff.

20         49.     **DAMAGES:** As a result of the denial of equal access to these facilities and due

21     to the acts and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue

22     LLC, Christopher P. Foley and Does One through Ten, and each of them, in owning, operating,

23     leasing, constructing, altering, and maintaining the subject facility, Plaintiff suffered multiple

24     violations of his civil rights, including but not limited to rights under Civil Code Sections 54(a),

25     all to his damages pursuant to Civil Code Section 54.3, including physical personal injury,

26     physical, mental and emotional damages, general and special damages including medical

27     expenses and residual medical injuries, all as hereinafter stated and according to proof. The

28     actions and omissions of Defendants City and County of San Francisco, 1268 Grant Avenue

LLC, Christopher P. Foley and Does One through Ten, and each of them, constitute

discrimination against Plaintiff on the sole basis that he was and is physically disabled and

unable, because of the architectural barriers created and/or maintained by Defendants City and

County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through

Ten, and each of them, in violation of the subject laws, to use these public facilities on a full and

equal basis as other persons.

50.    **FEES AND COSTS:** As a result of the actions and omissions of Defendants City

and County of San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai,

Christopher P. Foley and Does One through Ten, and each of them, Plaintiff has been required to

incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce

Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and

prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all

reasonable attorneys' fees, litigation expenses, and costs, pursuant to the provisions of California

Civil Code Sections 54.3 and 55, and California Government Code Section 4450 *et seq.*

Additionally, Plaintiff's lawsuit is intended to require that Defendants City and County of San

Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and

Does One through Ten, and each of them, make their facilities accessible to all disabled

members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs

pursuant to the provisions of California Code of Civil Procedure Section 1021.5 and other

applicable law.

51.    Wherefore, Plaintiff prays for damages against Defendants City and County of

San Francisco, 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley

and Does One through Ten, and each of them, as set forth below.

**FIFTH CLAIM FOR RELIEF FOR VIOLATION OF THE UNRUH CIVIL RIGHTS**

**ACT, CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF**

**DISABILITY**

**(Against Defendants City and County of San Francisco, 1268 Grant Avenue LLC,**

**Christopher P. Foley and Does One through Ten)**

52.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

53.     At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code Section 51(b), provided in pertinent part:

>       All persons within the jurisdiction of this state are free and equal,
>       and no matter what their sex, race, color, religion, ancestry, national origin,
>       disability, or medical condition are entitled to the full and equal
>       accommodations, advantages, facilities, privileges, or services in all
>       business establishments of every kind whatsoever.

54.     At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code Section 51(f), provided in pertinent part: "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

55.     Plaintiff suffered damages as above described as a result of the violations of California Civil Code Section 51(b) and 51(f) by Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, in multiple regards, including but not limited to violations of the ADA, as described in the First Claim for Relief, *supra*, the contents of which claim for relief is incorporated herein by reference.

56.     California Civil Code Section 52(a) provides that each such violation described above entitles Plaintiff to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorneys' fees that may be determined by the court in addition thereto...."

57.     Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

FIRST AMENDED COMPLAINT FOR DAMAGES          17          U.S. DISTRICT COURT CASE NO. C07-4629 SBA

**SIXTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135 FOR DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE FROM THE STATE OF CALIFORNIA**

**(Against Defendants City and County of San Francisco and Does One through Ten)**

58.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein, and further alleges as follows:

59.    Plaintiff is informed and believes and thereupon alleges that the administration, supervision and maintenance by Defendants City and County of San Francisco and Does One through Ten, of the property and buildings which are the subject of the action, are funded in whole or in part by the State of California.

60.    Defendants have failed to make their programs, services, and activities readily accessible to and useable by disabled persons in violation of California Government Code Section 11135 *et seq.*

61.    At all times herein mentioned, California Government Code Section 11135 provided as follows:

> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.  With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

1   62.    Plaintiff has no adequate remedy at law, and unless the requested relief is granted,

2   Plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be

3   discriminated against and denied access to the subject facilities, and denied the benefits of the

4   "programs, services and activities" offered to the general public.  Further, Plaintiff suffered

5   damages, as specified, as the result of denial of his civil rights on the date alleged above and on a

6   continuous basis since that date due to being deterred from returning to the public sidewalk at

7   1268 Grant Avenue because he faced potential further injury and damages.  Because Plaintiff

8   seeks improvement of access for physically disabled persons, which will benefit a significant

9   portion of the public, Plaintiff seeks attorneys' fees, litigation expenses and costs pursuant to

10  California Code of Civil Procedure Section 1021.5, as to this claim for relief and as to all claims

11  for relief in this Complaint in which Plaintiff seeks injunctive relief.

12  63.    Wherefore, Plaintiff prays for damages against Defendants City and County of

13  San Francisco and Does One through Ten, and each of them, as set forth below.

14  **SEVENTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA HEALTH &**

15  **SAFETY CODE SECTION 19955 *ET SEQ.* AND CIVIL CODE SECTION 54 *ET SEQ.***

16  **FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION**

17  **(Against Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai,**

18  **Christopher P. Foley and Does One through Ten)**

19  64.    Plaintiff incorporates by reference each of the preceding paragraphs as though

20  fully set forth herein, and further alleges as follows:

21  65.    Plaintiff and other similarly situated physically disabled persons are unable to use

22  public facilities on a "full and equal" basis unless each such facility is in compliance with the

23  provisions of California Health & Safety Code Section 19955 *et seq.*  Plaintiff is a member of

24  that portion of the public whose rights are protected by the provisions of California Health &

25  Safety Code Section 19955 *et seq.*

26  66.    California Health & Safety Code Sections 19955 and 19955.5 were enacted, "To

27  ensure that public accommodations or facilities constructed in this state with private funds

28  adhere to the provisions of Chapter 7 (commencing with § 4450), of Division 5 of Title 1 of the

1    Government Code."  Plaintiff is informed and believes and thereupon alleges that the provisions

2    of both California Health and Safety Code Sections 19955 and 19955.5 apply to the public

3    facilities and public accommodations which are located within the property owned and operated

4    by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

5    each of them.  Title 24, California Code of Regulations, formerly known as the California

6    Administrative Code and now known as the California Building Code, was in effect at the time

7    of each alteration which, Plaintiff is informed and believes and thereupon alleges occurred at

8    such public facility since July 1, 1982, thus requiring access complying with the specifications of

9    Title 24 whenever each such "alteration, structural repair or addition" was carried out.  Plaintiff

10   is informed and believes and thereupon alleges that Defendants 1268 Grant Avenue LLC, Thai

11   Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them,

12   and/or their predecessors in interest carried out alterations, structural repairs, or additions to the

13   subject premises, facilities, and buildings during the period Title 24 has been in effect.

14        67.    Plaintiff is informed and believes and therefore alleges that as of February 8,

15   2007, and as of the filing of this Complaint, this public sidewalk, restaurant, and related facilities

16   were and are not properly accessible to persons with disabilities – and will continue to be

17   inaccessible in the future – until this public sidewalk, restaurant, and related facilities, and the

18   exterior paths of travel along 1268 Grant Avenue are brought into compliance with all applicable

19   Federal and State of California code requirements.

20        68.    Further, each and every violation of the ADA as alleged in the Second Claim for

21   Relief Action hereinabove, the contents of which are incorporated by reference herein, also

22   constitutes a separate and distinct violation of California Civil Code Section 54(c), thus

23   independently justifying an award of damages and injunctive relief pursuant to California law,

24   including but not limited to Civil Code Sections 54.3 and 55.

25        69.    Further, each and every violation of the ADA as alleged in the Second Claim for

26   Relief Action hereinabove, the contents of which are incorporated by reference herein, also

27   constitutes a separate and distinct violation of California Civil Code Section 54.1(d), thus

28

FIRST AMENDED COMPLAINT FOR DAMAGES          20       U.S. DISTRICT COURT CASE NO. C07-4629 SBA

1   independently justifying an award of damages and injunctive relief pursuant to California law,

2   including but not limited to Civil Code Sections 54.3 and 55.

3       70.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and

4   omissions of Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai,

5   Christopher P. Foley and Does One through Ten, and each of them, as complained of herein

6   which are continuing on a day-to-day basis to have the effect of wrongfully excluding Plaintiff

7   and other members of the public who are physically disabled from full and equal access to this

8   restaurant, public sidewalk and related facilities.  Such acts and omissions are the cause of

9   humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat

10  Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole

11  basis that he is a person with disabilities. Plaintiff is unable, so long as such acts and omissions

12  of Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley

13  and Does One through Ten, and each of them, continue, to achieve equal access to and use of

14  this restaurant, public sidewalk and related facilities, and is deterred from using this restaurant,

15  public sidewalk and related facilities until they are made properly accessible to disabled persons.

16  Plaintiff alleges that he intends, once legally required access has been provided, to make use of

17  this restaurant, public sidewalk, and related facilities.  The acts of Defendants 1268 Grant

18  Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through

19  Ten, and each of them, have proximately caused and will continue to cause irreparable injury to

20  Plaintiff if not enjoined by this Court.

21      71.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

22  continuing refusal by Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai,

23  Christopher P. Foley and Does One through Ten, and each of them, to grant full and equal access

24  to Plaintiff in the respects complained of and to require Defendants 1268 Grant Avenue LLC,

25  Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of

26  them, to comply forthwith with the applicable statutory requirements relating to access for

27  disabled persons.  Such injunctive relief is provided by California Health & Safety Code Section

28  19953 and California Civil Code Section 55, and other applicable law.  Plaintiff further requests

1    that this Court award damages pursuant to Civil Code Section 54.3 and other applicable law,

2    attorneys' fees, litigation expenses, and costs, pursuant to Health & Safety Code Section 19953,

3    Civil Code Section 54.3 and 55, Code of Civil Procedure Section 1021.5 and other applicable

4    law, all as prayed for below.

5         72.    **DAMAGES:** As a result of the denial of equal access to these facilities, and due

6    to the acts and omissions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

7    One through Ten, and each of them, in owning, operating, leasing, constructing, altering, and

8    maintaining this public sidewalk and related facilities, Plaintiff suffered physical, mental and

9    emotional injuries, and general and special damages, and violations of his civil rights, including

10    but not limited to rights under California Civil Code Sections 54 and 54.1, all to his damages

11    pursuant to Civil Code Section 54.3, including statutory treble damages, as set forth below. The

12    actions and/or inactions of Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does

13    One through Ten, and each of them, constitute discrimination against Plaintiff on the sole basis

14    that he was and is physically disabled and unable, because of the architectural barriers created

15    and/or maintained by Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One

16    through Ten, and each of them, in violation of the subject laws, to use this public sidewalk and

17    related facilities on a full and equal basis as other persons.

18         73.    **TREBLE DAMAGES :** Plaintiff is informed and believes and therefore alleges

19    that Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and

20    each of them, have continued to maintain inaccessible premises despite knowledge that their

21    premises denied full and equal access to disabled persons, including Plaintiff. As a result,

22    Defendants 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each

23    of them, are liable for treble damages pursuant to California Civil Code Section 54.3.

24         74.    **FEES AND COSTS:** As a result of the acts, omissions, and conduct of

25    Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley

26    and Does One through Ten, and each of them, Plaintiff has been required to incur attorneys' fees,

27    litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to

28    enforce provisions of the law protecting access for disabled persons and prohibiting

discrimination against disabled persons. As a result, Plaintiff seeks recovery of all reasonable attorneys' fees, litigation expenses, and costs, pursuant to the provisions of California Civil Code Section 54.3 and 55, and California Health & Safety Code Section 19953 *et seq.* Additionally, Plaintiff's lawsuit is intended to require that Defendants 1268 Grant Avenue LLC, Thai Speed, Inc. dba Citizen Thai, Christopher P. Foley and Does One through Ten, and each of them, make this restaurant, public sidewalk and related facilities properly accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs, pursuant to the provisions of California Code of Civil Procedure Section 1021.5 and other applicable law.

75. Wherefore, Plaintiff prays for damages against Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does One through Ten, and each of them, as set forth below.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1. That this Court issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the premises hereinabove described to modify the above described premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. That this Court retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. That this Court award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, special damages, and treble damages, in amounts within the jurisdiction of the Court, all according to proof;

4. That this Court award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

5. That this Court award prejudgment interest pursuant to California Civil Code

1 | Section 3291; and

2 |    6.  For such other, further relief as this Court may deem proper.

3 | Dated: November 27, 2007

4 |            THE LAW OFFICES OF PAUL L. REIN
           MOSLEY & GEARINGER LLP

5 |

6 |            By: /s/_____

7 |            JULIE OSTIL
           Attorneys for Plaintiff CHARLES BLACKWELL

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**DEMAND FOR JURY TRIAL**

Plaintiff Charles Blackwell demands trial by jury in this action.

Dated: November 27, 2007

THE LAW OFFICES OF PAUL L. REIN
MOSLEY & GEARINGER LLP


By: /s/ _____
JULIE OSTIL
Attorneys for Plaintiff CHARLES BLACKWELL
