BRIAN GEARINGER, Esq. (SBN 146125)
GEARINGER LAW GROUP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109-7837
415/440-3102 phone
415/440-3103 fax

PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
510/832-5001 phone
510/832-4787 fax

Attorneys for Plaintiff
CHARLES BLACKWELL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL, | CASE NO. C07-04629 SBA |
| Plaintiff, | Civil Rights |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f)** |
| THAI SPEED, INC. dba CITIZEN THAI; CITY AND COUNTY OF SAN FRANCISCO; 1268 GRANT AVENUE LLC; CHRISTOPHER P. FOLEY; and DOES 1-10, Inclusive, | Heating |
| Defendants. | Date:   March 18, 2008 |
| | Time:   1:00 p.m. |
| | Judge:  Sandra Brown Armstrong |
| | Courtroom 3 (Oakland) |

I.     INTRODUCTION

This case involves the denial of accessible facilities to Plaintiff, a "person with a disability" or "physically handicapped person," whose vision is impaired to the extent that he is legally blind.  Plaintiff is unable to safely, or with full and equal access, use portions of public facilities at 1268 Grant Avenue and the Citizen Thai restaurant located there, including the adjacent sidewalk,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA
          -1-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

paths of travel to and through the restaurant, and the restroom facilities, which are not properly accessible to physically disabled persons with visual disabilities. On one occasion, on February 8, 2007 while attempting to cross an inaccessible portion of the public sidewalk at 1268 Grant Avenue, which sidewalk portion included the slippery metal roof of the restaurant's freight elevator, Plaintiff slipped and fell, suffering a broken arm and violation of his right to equal access under federal and state law.  On a later occasion, while having lunch at the Citizen Thai restaurant, Plaintiff discovered that the restaurant itself was also inaccessible for visually disabled persons, in violation of federal and state law. On October 26, 2007 Defendants made a motion under Federal Rules of Civil Procedure (hereinafter "FRCP") 12(b)(6) and 12(e), complaining that Plaintiff had not alleged any effort to use the restaurant itself.  On November 27, 2007, Plaintiff amended the complaint to add allegations that he had returned to patronize the restaurant and found multiple barriers to access.  But instead of now answering the amended complaint, Defendants have further delayed their obligation to answer by filing another frivolous motion.  Defendants' motion is without merit and should be denied.   Moreover, Defendants should be ordered to immediately answer the amended complaint; the original complaint was served over five months ago, on September 12, 2007.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the original complaint in this case on September 7, 2007, naming the City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Does 1-10.  Plaintiff brought suit under federal law - the Rehabilitation Act of 1973 and Title II and Title III of the Americans with Disabilities Act of 1990, 42 USC § 12101, *et seq.* - and under California law - California Government Code §§ 1135 and 4450, *et seq.*; Health & Safety Code §§ 19955, *et seq.*, including § 19959; Title 24 California Code of Regulations;

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA

-2-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1   and California Civil Code §§ 51, 52, 54(a), and 55 - seeking to make the public

2   sidewalk property accessible to physically disabled persons such as Plaintiff, and

3   to recover damages for the blind plaintiff who fell due to conditions of the

4   sidewalk (which included the metal roof of a freight elevator servicing the

5   restaurant).

6          Defendants 1268 Grant Avenue and Christopher Foley did not

7   answer the complaint.  Instead, on October 26, 2007, Defendants filed, under

8   FRCP 12(b)(6) and 12(e), a "Motion to Dismiss for Failure to State a Claim on

9   Which Relief Can Be Granted or in the Alternative for a More Definate [sic]

10  Statement," contending that although the sidewalk where Plaintiff tripped is

11  adjacent to Citizen Thai restaurant, there was no allegation in the complaint that

12  Plaintiff ever used the sidewalk for the purpose of entering the restaurant.

13  Defendants alleged that Plaintiff therefore lacked "standing" to assert a Title III

14  claim under the ADA.

15         Defendants' initial motion under Rules 12(b)(6) and 12(e) was

16  totally frivolous, as Ninth Circuit cases have made clear that an ADA plaintiff

17  who has encountered even one barrier has suffered an injury in fact for Article III

18  standing and may challenge all barriers affecting his disability at the premises.

19  As stated in *Doran v. 7-Eleven*, 506 F.3d 1191 (9th Cir. 2007), having

20  encountered one barrier, a plaintiff has standing for all barriers that would have

21  been encountered by a person with his or her specific disability at any place of

22  public accommodation:

23         An ADA plaintiff who has encountered or has personal knowledge
          of at least one barrier related to his or her disability when he or she
24        files a complaint, and who has been deterred from attempting to gain
          access to the public accommodation because of that barrier, has
25        suffered an injury in fact for the purpose of Article III. *Pickern*, 293
          F.3d at 1138.   An ADA plaintiff who has Article III standing as a
26        result of at least one barrier at a place of public accommodation
          may, in one suit, permissibly challenge all barriers in that public
27        accommodation that are related to his or her specific disability.
          *Steger*, 228 F.3d at 894. . . .  We hold that Doran has standing to sue
28        for injunctive relief for all barriers in the North Harbor 7-Eleven

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA                   -3-                S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1    store related to his specific disability, including those identified in
     his expert's site inspection.
2    *Doran v. 7-Eleven, supra*, 506 F.3d at 1201-02.

3          However, rather than filing an opposition, the blind plaintiff chose

4    to return to the premises and enter and dine at the restaurant in the company of

5    access consultant Barry Atwood.  As a result Plaintiff discovered multiple access

6    violations at the restaurant itself, and determined to file an amended complaint,

7    which he could do as a matter of right where these two moving Defendants had

8    not answered the complaint.  (See Fed. R. Civ. P. 15(a); *Allwaste, Inc. v. Hecht*,

9    65 F.3d 1523, 1530 (9th Cir. 1995).)

10         On November 22, 2007, Plaintiff filed a "First Amended Complaint"

11   under FRCP 15(a), alleging that Plaintiff had visited the Citizen Thai restaurant's

12   interior and found it to be inaccessible to visually disabled persons in violation of

13   state and federal law in multiple respects.  Plaintiff also added Thai Speed, Inc.,

14   the operators of the Citizen Thai restaurant, as a defendant, as the amended

15   complaint sought injunctive relief not only to make the public sidewalk and the

16   metal plate housing the restaurant's freight elevator accessible, but also to require

17   Defendants to make the paths of travel to, through, and within the restaurant

18   itself, and other interior features including its restroom, accessible to visually

19   disabled persons.

20         Rather than answering the amended complaint, Defendants 1268

21   Grant and Foley filed another motion, this time a motion to strike the complaint

22   under FRCP 12(f), on the grounds that Plaintiff had inappropriately "amended"

23   the complaint under Rule 15(a) rather than "supplemented" the complaint under

24   Rule 15(d).  Defendants contend that the First Amended Complaint was therefore

25   mischaracterized and that this purported mischaracterization constitutes

26   sufficient grounds under Rule 12(f) to dismiss the First Amended Complaint as a

27   "redundant, immaterial, impertinent, or scandalous matter."  (See FRCP 12(f).)

28   In support of their position, Defendants ignore the burden of proof under Rule

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA                    -4-                    S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1 12(f), mischaracterize Plaintiff's complaint as one for personal injury, ignore

2 Plaintiff's civil rights claims, and blatantly mis-cite this and other circuit's cases,

3 all rendering their most recent motion completely frivolous.

4       Defendants' motion should be summarily rejected by this court based

5 on Ninth Circuit case law, which clearly holds that a party's inadvertent

6 mislabeling of a motion to amend a complaint under FRCP 15(d) as one under

7 15(a) is irrelevant.  Plaintiff respectfully requests that the Court deny the motion,

8 and require Defendants to immediately answer the amended complaint.  Now

9 having successfully stalled for five months since they were first served on

10 September 12, 2007, Defendants approach the March 14, 2008 Case Management

11 Conference without having filed an answer.

12

13 **III.    LEGAL STANDARD**

14       The burden of proof in a motion under FRCP 12(f) lies with the

15 moving party, who must show both that the challenged allegations are clearly

16 unrelated to the pleader's claims and that the moving party would be prejudiced

17 by permitting the allegations to remain in the pleading.  (See *Chong v. State*

18 *Farm Mut. Auto. Ins. Co.,* 428 F. Supp.2d 1136, 1139 (S.D. Cal. 2006); *Hart v.*

19 *Bacca,* 204 F.R.D. 456, 457 (C.D. Cal. 2001).)  Defendants have clearly made no

20 showing that the amended complaint is in any way "redundant, immaterial,

21 impertinent, or scandalous" as required for a Rule 12(f) motion.

22

23 **IV.    ARGUMENT**

24     **A. Plaintiff Complied with FRCP 15 in Filing the Amended Complaint**

25       Under FRCP 15(a), a party "may amend a pleading once as a matter

26 of course at any time before a responsive pleading is served."  (See *Allwaste, Inc.*

27 *v. Hecht,* 65 F.3d 1523, 1530 (9th Cir. 1995).)  Motions under Rule 12(f), like

28 Defendants' previous motions under Rules 12(b)(6) and 12(e), are not

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA          -5-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1   "responsive pleadings." (See *Pobursky v. Madera County*, Slip. Op. 2007 WL

2   4557090 (E.D. Cal.) at *18 (Dec. 21, 2007); *Shaver v. Op. Eng. Local* 428, 332

3   F.3d 1198 (9th Cir. 2003); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129,

4   1130, n.3 (9th Cir. 2000).) Since no responsive pleading has yet been filed in

5   this case by Defendants 1268 Grant and Foley, Plaintiff's filing is proper on its

6   face. (See Fed. R. Civ. P. 15(a); *Allwaste, Inc.*, 65 F.3d at 1530.)

7

8       **B.    Defendants' Motion Under FRCP 12(f) Is Frivolous, and Does
             Not Apply to the Circumstances at Bar**

9

10          Defendants responded to Plaintiff's filing of the First Amended

11  Complaint with a motion to strike the First Amended Complaint under FRCP

12  12(f). The text of Rule 12(f) is rather unique. It states that the court "may order

13  stricken from any pleading any redundant, immaterial, impertinent, or scandalous

14  matter." It is difficult to conceive of how Defendants might imagine that

15  Plaintiff's First Amended Complaint falls under any of those categories.

16  Moreover, motions under this rule are generally "viewed with disfavor" and

17  "rarely granted." (See *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.

18  Supp.2d 1095, 1100 (C.D. Cal. 2006).)

19

20      **C.    Defendants Fail to Meet Their Burden to Show That the Claims
             in the First Amended Complaint Are Unrelated to the Original
21           Complaint Because They Frivolously Mischaracterize Plaintiff's
             Complaint as One for Personal Injury Only, Ignoring Plaintiff's
22           Civil Rights Claims**

23          In order to meet their burden under Rule 12(f) to show that the First

24  Amended Complaint added "clearly unrelated" claims to the complaint,

25  Defendants argue that the First Amended Complaint asserts a new and distinct

26  cause of action that was not pled in the original complaint. In support of this

27  argument, they mischaracterize Plaintiff's initial complaint as alleging a

28  "personally injury/slip and fall" claim and "attempting to plead" an ADA Title III

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA                    -6-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1   claim.  Defendants rely on the idea that Plaintiff "attempted" (but purportedly did

2   not succeed in pleading an ADA claim), and on that basis argue that "[w]hile the

3   initial complaint was in essence a slip and fall, the [First Amended Complaint] is

4   a completely different claim that in no way supplements the initial Complaint."

5   This is, of course, inaccurate since the original complaint stated claims under

6   Title II and Title III of the ADA and under California Law for disability

7   discrimination.  (See Complaint, pg. 2, ln. 9-25; Complaint § 7 "Claims for

8   Relief," pg. 5-22.)  There are <u>no new</u> causes of action, just additional facts.

9   Plaintiff's personal injuries, properly compensable under California Civil Code

10  §§ 52 and 54.3, are simply among the compensable damages resulting from

11  Defendants' failure to provide safely accessible facilities at their restaurant's

12  adjoining sidewalk which in fact contained the metal cover of a freight elevator

13  servicing the restaurant.  (See First Amended Complaint, pg. 2, ln. 9-27; First

14  Amended Complaint § 7 "Claims for Relief," pg. 13-17.)

15

16          **D.    If Plaintiff Mischaracterized His Amended Complaint as
                   "Amending" Rather than "Supplementing" the Pleading, the**
17                 **Mischaracterization Is Irrelevant**

18          The crux of Defendants' argument is that the Amended Complaint

19  should be stricken under FRCP 12(f) on the ground that it should have been filed

20  under FRCP 15(d), which requires leave of court prior to filing a supplemental

21  complaint, rather than FRCP 15(a).  Defendants are correct insofar as FRCP

22  15(d) applies to any "supplemental pleading setting forth transactions or

23  occurrences or events which have happened since the date of the pleading to be

24  supplemented."  However, that is the extent to which their argument has any

25  merit.  Defendants go on to assert, relying on *United States ex rel. Wulff v. CMA,*

26  *Inc.,* 890 F.2d 1070, 1073 (9th Cir. 1989), that "the title of a pleading is not

27  determinative; if a pleading alleges facts occurring after the filing date of an

28  initial pleading, Rule 12(d) applies regardless of what the pleading is called."

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA            -7-                S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1   (See Defendants' Motion under FRCP 12(f), pg. 4, ln. 17-19.)   They cite *Wulff* to

2   urge that Plaintiff's amended pleading should be striken under Rule 12(f).  This a

3   gross mis-characterization of the case law and the *Wulff* case itself.  In fact *Wulff*

4   actually supports Plaintiff's position, holding that "[t]he erroneous

5   characterization of the corrected pleading as an 'amended complaint' rather than

6   as a supplemental pleading is **immaterial**." *(Wulff* at 1073, citing *United States*

7   *ex rel. Atkins v. Reiten,* 313 F. 2d 673, 674 (9th Cir. 1963).) (Emphasis added).

8

9       **E.**    **Defendants Lack Standing to Complain that Plaintiff Added**

10          **Defendant Thai Speed, Inc. to the First Amended Complaint, and the Inclusion of Additional Defendants Does Not Prejudice Defendants in Any Way**

11

12  Defendants 1268 Grant and Foley also argue that Plaintiff's First

13  Amended Complaint should be stricken because Plaintiff added a new defendant,

14  Thai Speed Inc.  These moving Defendants lack standing to bring this claim at all

15  since Plaintiff's amended the complaint to add another defendant, and a party

16  may not assert rights of another defendant.  (See *Socorro v. California*, Slip Op.

17  2007 WL 314127 at *2 (9th Cir. 2008).)  This issue aside, Defendants' argument

18  that "a plaintiff's right to amend once as a matter of course does not apply to

19  amendments adding new defendants" fails anyway.  Defendants rely for their

20  argument on a case from the <u>Seventh</u> Circuit, *Moore v. State of Indiana*, 999 F.2d

21  1125 (7th Cir. 1993), which is totally mis-cited for the proposition of law they

22  assert.  The *Moore* case dealt with section 1983 and retaliation claims against the

23  Department of Corrections and those who were responsible for revoking the

24  plaintiff's good-time credits.  The plaintiff attempted to add several additional

25  defendants to the complaint under FRCP 15(d) and sue them in their individual

26  capacities.  The amended complaint was dismissed for many reasons that are not

27  present here including the fact that the damages plaintiff sought were barred

28  under the Eleventh Amendment, the statute of limitations had run, and the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA
-8-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1    proposed amended complaint failed to state a claim.  Thus the case in no way

2    stands for the general proposition that Defendants cite - that new defendants may

3    not be added by an amended complaint.  In fact the Ninth Circuit holds that

4    adding new defendants in an amended complaint is proper.  (See *Pobursky*,

5    *supra*, 2007 WL 4557090 at *18.)

6

7    **F.    Defendants Make No Showing of Prejudice, as Required Under**
     **FRCP 12(f)**

8

9            Defendants have failed to meet their burden of proof to show that

10   they have been unfairly prejudiced by the inclusion of "clearly unrelated" claims

11   by Plaintiff's filing of the First Amended Complaint.  In fact, Defendants fail in

12   their motion to include any argument that relates to prejudice.  They simply assert

13   that, had leave of court been sought to file the First Amended Complaint, as

14   required under Rule 15(d), it would have been denied because "the supplemental

15   pleading asserts new and distinct claims unrelated to the original complaint."

16   But, as noted above in § C, the assertion by Defendants that the claims are

17   unrelated is a fiction that they themselves have created and has no support in the

18   pleadings thus far, as both complaints clearly stated disability rights claims under

19   the ADA and California law.

20           Defendants cite a case from the <u>Fifth</u> Circuit, *United States ex rel.*

21   *Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295 (5th Cir. 2003), in support of

22   their position that the First Amended Complaint should be struck.  They argue,

23   based on this case, that because leave of court should have been sought under

24   Rule 15(d), Plaintiff's amended pleading is "without legal effect."  (See

25   Defendants' 12(f) Motion, pg. 5, ln. 11-23.)  But consistent with Defendants'

26   mis-citing this and other circuits' cases, the *Mathews* case provides no support

27   for Defendants' position.  In *Mathews*, the plaintiff attempted to amend his

28   pleadings under FRCP 15(a), but the court held that that the amended complaint

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA                                    -9-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1   was barred by the statue of limitations.  The case makes no holding about timely

2   motions under Rule 15(d).  In fact, the case suggests that for amended complaints

3   like the one filed by Plaintiff in the subject case, the "exception" mentioned in

4   the practice guide by Defendants *would* apply (and that even "an untimely

5   amended pleading served without judicial permission may be considered as

6   properly introduced when leave to amend would have been granted had it been

7   sought and when it does not appear that any of the parties will be prejudiced by

8   allowing the change.") (See *Mathews*, at 295, 296-97.)

9            Defendants have failed to show how the mislabeling of the motion

10  has prejudiced them in any way, particularly in view of the Ninth Circuit's

11  holding that a party's inadvertent mislabeling of a motion under Rule 15(d) as

12  one under Rule 15(a) is "immaterial." (See *Cabrera v. City of Hunting Park*, 159

13  F.3d 374, 382 (9th Cir. 1998); *Wulff, supra*, at 1073.)  This conclusion is also

14  "supported by the general purpose of the Rules to minimize technical obstacles to

15  determination of the controversy on its merits."  (See *Cabrera*, 159 F.3d at 382.)

16  "The Federal Rules of Civil Procedure were designed, and should be interpreted

17  to avoid such a technicality."  (*Id.*)  Judicial economy would certainly not be

18  furthered by requiring filing of a new action involving the same restaurant, under

19  the identical code sections.  Absent some showing of prejudice, which is a

20  burden the Defendants bear, this Court has no basis for granting Defendants

21  relief.

22

23  **V.    CONCLUSION**

24           In their previous Rule 12(b)(6) motion, Defendants complained that

25  Plaintiff made no attempt to visit the restaurant located at 1268 Grant Avenue.

26  Accordingly, Plaintiff went back to visit the restaurant and discovered that the

27  restaurant itself had been constructed and maintained with access violations that

28  denied proper access to Plaintiff and to other persons with visual disabilities.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA                -10-                S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd

1    Now, instead of answering Plaintiff's amended complaint, Defendants have filed

2    a frivolous motion in which they mis-characterize Plaintiff's original complaint

3    and mis-characterize this Circuit's case law to argue that Plaintiff's motion should

4    be stricken under Rule 12(f).  It is unclear how Plaintiff's amended complaint

5    could be characterized as a "redundant, immaterial, impertinent, or scandalous

6    matter" under FRCP 12(f) because Plaintiff allegedly "should have"

7    characterized the amended complaint as "supplemental" rather than "amended".

8    This "error" does not constitute the showing required under Rule 12(f) that the

9    challenged allegations are clearly unrelated to the pleader's claims, and that the

10   moving party would be prejudiced by permitting the allegations to remain in the

11   pleading.

12        As of the March 18th hearing date on Defendants' motion,

13   Defendants' delaying tactics will have permitted them to stall filing *any* answer

14   for more than six months after Plaintiff first served them on September 12, 2007.

15   Therefore, Plaintiff respectfully requests that this Court deny Defendants' motion,

16   consider imposing sanctions for their filing of this frivolous motion, and order

17   Defendants to immediately answer the First Amended Complaint.

18

19

20   Dated: February 25, 2008              GEARINGER LAW GROUP
                                           LAW OFFICES OF PAUL L. REIN
21

22
                                            /s/
23                                         By ANN WINTERMAN
                                           Attorneys for Plaintiff
24                                         CHARLES BLACKWELL

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE UNDER FRCP 12(f)
CASE NO. C07-04629 SBA                    -11-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(f) MOTION.PL.wpd