P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>　　　　　Defendants. | Case No. C 07-4629-SBA<br><br>**DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' REPLY REGARDING MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))**<br><br>Date:　　　March 18, 2008<br>Time:　　　1:00 p.m.<br>Courtroom:　Courtroom 3 (Oakland) |

## I. ARGUMENT

**A.　LEAVE OF COURT WAS REQUIRED FOR PLAINTIFF TO FILE THE "FIRST AMENDED COMPLAINT"**

　　**1.　FRCP 15(d) clearly requires leave of court.**

　　Plaintiff agrees that FRCP 15(d) "…applies to any supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading to be supplemented." There is no doubt that plaintiff's "First Amended Complaint" is properly considered a supplemental complaint because it alleges events that occurred months after the initial complaint was filed. FRCP 15(d) specifically requires a plaintiff to seek leave based on "…motion and reasonable notice." Plaintiff did not do this and thus the "FAC" is not properly before the court.

-1-

While plaintiff cites to FRCP 15(a) for the proposition that he has a right to amend his complaint once as a matter of course, Rule 15(a) only applies to an amended complaint, something that the "FAC" clearly is not.

## 2. United States ex rel. Wulff v. CMA, Inc. supports defendants' position.

United States ex rel. Wulff v. CMA, Inc. (9th Cir. 1989) 890 F2d 1070, appears to be the main basis of plaintiff's opposition. Plaintiff argues that even if the complaint is considered as a supplemental complaint plaintiff was not required to obtain leave of court. In support plaintiff takes the following quote from Wulff out of context: "[t]he erroneous characterization of the corrected pleading as an 'amended complaint' rather than as a supplemental pleading is immaterial." Id. at p. 1073.

In Wulff plaintiff filed what was entitled an "amended" complaint in an attempt to state a claim under the Miller Act, a claim that was subject to a one-year limitations period. The primary issue in the case was whether the "amended" complaint related back to the filing date of the initial complaint so as to avoid having the claim barred as untimely. It is plainly obvious that the court was discussing that for purposes of the relation back doctrine it is immaterial if a complaint is an amended complaint or supplemental. Id. at p. 1073 – 1074.[1] Indeed, in discussing a previous case the 9th Circuit stated "…we held that the supplemental pleading could relate back to the original complaint." Id. at p. 1073. Nowhere does Wulff discuss or mention leave of court to file a supplemental complaint. It certainly does not hold that leave of court is not required for a plaintiff to file a supplemental complaint as this would be in direct contravention of FRCP 15(d).[2]

---

[1] Plaintiff repeatedly accuses defendants of grossly misrepresenting the law, of filing totally frivolous motions and engaging in delay tactics. Defendants respectfully assert that when the law and facts of this case are properly analyzed it is plaintiff who is misrepresenting the law.

[2] Plaintiff also cites Cabrera v. City of Hunting Park (9th Cir. 1998) 159 F.3d 374 and mentions that Wulff cites United States ex rel. Atkins v. Reiten (9th. Cir. 1963) 313 F.2d 673, 674. Neither Cabrera or Reiten comes close to supporting plaintiff's position that leave of court is not required to file a supplemental complaint. Indeed the court in Reiten stated: "Under the Rule [15(d)] allowance or denial of leave to file a supplemental pleading is addressed to the sound discretion of the District Court…." Reiten at p. 675.

Colombatto Klimenko LLP
130 Sutter Street, Seventh Floor
San Francisco, California 94104

B. **PLAINTIFF DID NOT OBTAIN LEAVE OF COURT AND THUS THE "FIRST AMENDED COMPLAINT" SHOULD BE STRUCK**

Plaintiff argues defendants fail to meet their burden under Rule 12(f). However plaintiff does not present any authority indicating that a Rule 12(f) motion is inapplicable when a plaintiff files a supplemental complaint without obtaining leave of court.

In their moving papers defendants cites Kelly v. Echols, 2007 U.S. Dist. LEXIS 92107 (E. D. Cal. 2007) in support of the proposition that a Rule 12(f) motion to strike is the proper mechanism to challenge a complaint that was filed without required leave of court. The case held:

> "Here, when Plaintiffs filed the TAC on October 17, 2007, the right to amend as a matter of course had been extinguished due to the filing of prior amended complaints and, as to EZRX and the Hernandezes, the filing of their respective answers in June 2007. Further, the scheduling order directed Plaintiffs to file a motion to amend. Plaintiffs were thus required to either obtain leave of court or permission from the Defendants before filing the TAC. Plaintiffs did neither. As a result, the TAC is a nullity and without legal effect and the Court will grant Defendants's Rule 12(f) motion to strike the TAC. n3 However, Plaintiffs may file a motion to amend the complaint with the Magistrate Court. n4"

Id.

Additionally, plaintiff concedes that a Rule 12(f) motion is proper where the new matter is "clearly unrelated" to the initial complaint. In the next section it is demonstrated that the initial sidewalk slip and fall is not at all related to the new matter of plaintiff's entering the restaurant and encountering barriers therein.

C. **DEFENDANTS WERE PREJUDICED BY PLAINTIFF FAILING TO SEEK LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Leave to file a supplemental complaint will be denied where the supplemental pleading asserts new and distinct claims unrelated to the original complaint. Planned Parenthood of So. Arizona v. Neely (9th Cir. 1997) 130 F3d 400, 402.

Defendants contend that had plaintiff sought leave of court the motion should be denied because the allegations concerning plaintiff's visit to the restaurant are new, distinct and unrelated to the original complaint.

While plaintiff describes defendants initial 12(b)(6) motion as "totally frivolous" it was obviously meritorious enough to cause plaintiff not oppose the motion, to actually enter the restaurant,

-3-

DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' REPLY REGARDING MOTION TO STRIKE FIRST AMENDED COMPLAINT (FRCP 12(f))

and to then file the subject "First Amended Complaint." Indeed the authority that plaintiff uses to demonstrate frivolity strongly supports defendants' position that the initial complaint did not state a Title III claim because plaintiff never sought to access the restaurant.

Plaintiff cites <u>Doron v. 7-Eleven</u> (9th Cir. 2007) 506 F.3d 1191, 1201-1202 for the proposition that: "An ADA plaintiff who has encountered or has personal knowledge of at least one barrier related to his or her disability when he or she files a complaint, **and who has been deterred from attempting to gain access to the public accommodation because of that barrier, has suffered an injury in fact for the purpose of Article III.**" (Bold added for emphasis.)

The whole point of the initial 12(b)(6) motion was that plaintiff <u>never attempted to gain access to the restaurant</u> as was abundantly clear from plaintiff's allegations. Rather he was merely walking down a public sidewalk and then slipped and fell on an elevator door cover. Defendants cited on point authority similar to <u>Doron</u> establishing that a plaintiff has no standing when there is no denial of access. Indeed, very point of the ADA is to ensure access.

Simply put the slip and fall that was the basis of the initial complaint was indeed nothing but a personal injury claim. Plaintiff was not attempting to enter defendants' establishment and thus Title III is not implicated. Defendants filed a meritorious motion that if granted would have enabled defendants to move for costs and fees despite the high standard applicable to such a motion. In an

//
//
//
//
//
//
//
//
//
//
//

-4-

obvious response plaintiff visited the restaurant while the motion was pending and then filed an improper supplemental complaint sidestepping the leave of court requirement.

## II. CONCLUSION

For the forgoing reasons defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY respectfully request that the "FAC" be struck so that their previously filed Rule 12(b)(6) motion can be heard. If plaintiff still desires to file a supplemental complaint they should have to follow required procedures and seek leave at which point defendants can have their opposition heard.

Dated: March 4, 2008

COLOMBATTO KLIMENKO LLP

By: /s/ Michael Tcheng
MICHAEL K. TCHENG
Attorneys for Defendants
1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY