**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA
94109-7837
(415) 440-3102

BRIAN GEARINGER (State Bar # 146125)

**LAW OFFICES OF PAUL L. REIN**

200 Lakeside Drive, Suite A
OAKLAND, CALIFORNIA 94612
(510) 832-5001

PAUL L. REIN (State Bar # 43053)
JULIE OSTIL (State Bar # 215202)
ANN WINTERMAN (State Bar # 222257)

Attorneys for Plaintiff CHARLES BLACKWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>    Defendants. | Case No. C 07-04629 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>[Civ. L.R. 16-9]<br><br>Date:    **March 18, 2008**<br>Time:    **1:00 p.m.**<br>Place:   **Courtroom Three**<br>              **(Oakland)**<br><br>The Honorable Saundra Brown Armstrong, Presiding |

Plaintiff Charles Blackwell ("Plaintiff"), Defendants City and County of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley and Thai Speed, Inc. submit this Case Management Statement, pursuant to Civil Local Rule 16-9 as follows:

1.   <u>Jurisdiction and Service</u>:

///

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that this action arises under "the Constitution, laws, or treaties of the United States", specifically the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. This Court also has jurisdiction over state claims in that the additional claims for relief "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

Defendants 1268 Grant Avenue LLC and Christopher P. Foley have filed a motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for a more definite statement, Federal Rule of Civil Procedure 12(e). As a result, Plaintiff filed a First Amended Complaint to address the issues raised by the motion to dismiss filed by defendants 1268 Grant Avenue LLC and Christopher P. Foley. Instead of answering Plaintiff's First Amended Complaint, defendants 1268 Grant Avenue LLC and Christopher P. Foley filed a motion to strike, pursuant to Federal Rule of Civil Procedure 12(f). The motion to strike asserts the First Amended Complaint was improperly filed without leave of court and good cause exists not to grant leave of court. Defendant Thai Speed, Inc. was first named as a defendant to the First Amended Complaint and has filed a pleading purporting to "join" in the motion to strike. The hearing of Defendants' motion to strike is set for March 18, 2008, which is the same date as the Case Management Conference.

Defendant City and County of San Francisco has answered the First Amended Complaint, and filed a Cross-complaint against Defendants 1268 Grant Avenue LLC and Christopher P. Foley. Cross-defendants 1268 Grant Avenue LLC and Christopher P. Foley recently accepted the CCSF's tender and is substituting in as counsel.

2.   Facts:

Plaintiff contends that the relevant facts are as follows:

Plaintiff is visually impaired and, as such, is a "physically disabled person," and a "person with disabilities," as these terms are used under California and Federal law, including but not limited to Section 504 of the Rehabilitation Act and Titles II and III of the Americans with Disabilities Act of 1990.

On February 8, 2007, Plaintiff was walking on the public sidewalk at 1268 Grant Avenue, San Francisco, California, when he slipped and fell on the sidewalk elevator door cover located on the public sidewalk.  As a result, Plaintiff sustained serious personal injuries including, but not limited to a broken left arm.  Plaintiff was denied his rights to full and equal access at this sidewalk, and was denied his civil rights under both California law and federal law because this sidewalk was not, and is not now, properly accessible to physically disabled persons such as Plaintiff.

Defendant City and County of San Francisco is a public entity and municipal corporation organized and existing pursuant to the laws of the State of California, is the owner of the public sidewalk at 1268 Grant Avenue.  Defendant 1268 Grant Avenue LLC was the owner of the real property located at 1268 Grant Avenue on February 8, 2007 and, as such, was responsible in whole or in part for the condition of the sidewalk elevator door cover located on the public sidewalk.  Defendant Christopher P. Foley is the current owner of the real property located at 1268 Grant Avenue and, as such, is responsible in whole or in part for the condition of the sidewalk elevator door cover located on the public sidewalk.

As a result of Defendants' Motion to Dismiss in which Defendants' alleged that Plaintiff lacked standing because he had never visited Citizen Thai, the restaurant at the subject address, Plaintiff thereafter went to the restaurant, encountered additional barriers to his access, and filed a First Amended Complaint in which he added claims that these additional barriers be remedied.  Also in the First Amended Complaint, Plaintiff added Thai Speed, Inc., the operator of the restaurant, as a defendant.

Defendant City and County of San Francisco contends that the relevant facts are as follows:

Defendant City and County of San Francisco contends that it is not responsible under any of the theories pled for the condition of either the sidewalk/elevator door cover or the interior of the restaurant.

Defendants 1268 Grant Avenue LLC and Christopher P. Foley ("1268 Grant Avenue") contend that the relevant facts are as follows:

The sidewalk elevator door cover on which Plaintiff alleges he slipped and fell is located entirely within a public sidewalk and not inside or adjacent to the entrance of the restaurant located at 1268 Grant Avenue. As such defendants are not responsible for the sidewalk elevator door under Title III of the ADA or the related state law claims. Defendants also contend that Plaintiff was not denied his right to full and equal access at this sidewalk because the sidewalk elevator door cover meets all ADA requirements.

As to the interior of the restaurant, defendants assert that the restaurant is currently in substantial compliance with Title III of the ADA or will be shortly.

Defendant Thai Speed, Inc. contends that the relevant facts are as follows:

The restaurant is compliant with the ADA, and has promptly addressed any concerns regarding non-compliance presented by plaintiff. There will be a site inspection on March 17, 2008 at which time Thai Speed will obtain a better understanding of the concerns of Plaintiff. If the concerns of Plaintiff relate to the front entry, a redesign of the entry is not readily achievable, and the entryway was approved and signed off on when ADA work was performed at the subject property during a renovation.

Thai Speed further asserts that the only remedy provided by the ADA is injunctive relief. However, to obtain injunctive relief, a plaintiff has to show that he will be harmed if the relief isn't granted – something that will be difficult if not impossible for the Plaintiff in this case to show. Plaintiff only visited the business once, there is no evidence that he is likely to go back, and it appears that the only reason plaintiff went to the business is so that he could amend his complaint in this pending action and add another defendant (Thai Speed) to the lawsuit.

3. <u>Legal Issues</u>:

Plaintiff contends that the relevant legal issues are as follows:

    a.    Whether Defendant City and County of San Francisco is liable to Plaintiff for violating Plaintiff's rights under Title II of the Americans with Disabilities Act of 1990 ("ADA") for failing to insure that the public paths of travel in and around 1268 Grant Avenue are accessible to disabled persons including Plaintiff.

        b.     Whether Defendants 1268 Grant Avenue LLC and Christopher P. Foley are liable to Plaintiff for violating Plaintiff's rights under Title III of the ADA for creating a dangerous condition for disabled persons such as Plaintiff who attempt to use the public sidewalk at 1268 Grant Avenue and for denying and continuing to deny Plaintiff full and equal access to the premises at 1268 Grant Avenue, which violated Plaintiff's rights to full and equal access and which discriminated against Plaintiff on the basis of his disability.

        c.     Whether the City and County of San Francisco is liable to Plaintiff for violating Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973 for failing to provide an accessible path of travel on the public sidewalk at 1268 Grant Avenue.

        d.     Whether all defendants are liable to Plaintiff for violating Plaintiff's rights under California Civil Code Section 54(a) for denying Plaintiff access to and use of the public sidewalk and premises located at 1268 Grant Avenue.

        e.     Whether all defendants are liable to Plaintiff for violating Plaintiff's rights under California Civil Code Sections 51 and 52 for violating the ADA as described above.

        f.     Whether all defendants are liable to Plaintiff for violating Plaintiff's rights under California Government Code Section 11135 *et seq.* for failing to make their programs, services, and activities readily accessible to and useable by Plaintiff.

        g.     Whether Defendants 1268 Grant Avenue LLC and Christopher P. Foley are liable to Plaintiff for violating Plaintiff's rights under California Health & Safety Code Section 19955 *et seq.*

    Defendants contend that in addition to the above stated issues, the following legal issues are relevant:

        h.     Whether plaintiff has standing to assert ADA claims in federal court.

        i.     Whether this case was appropriately pled as an ADA case and whether it is

1  actually a state-law dangerous-condition claim that has been improperly pled as
2  an ADA claim with a fee-shifting provision.
3    j. The nature and extent of Plaintiff's injuries.
4    k. Whether Plaintiff was comparatively at fault for his injuries.

 4. <u>Motions</u>:

Depending on the progress of the litigation, Plaintiff anticipates filing a motion for summary judgment on liability against all defendants. Defendant 1268 Grant Avenue has filed the Rule 12 motions as described above and anticipates that it will file a motion for summary judgment. Defendant City and County of San Francisco anticipates filing a dispositive motion, either a motion for judgment on the pleadings or a summary judgment motion.

 5. <u>Amendment of Pleadings</u>:

On November 27, 2007, Plaintiff filed a First Amended Complaint in which Plaintiff added Defendant Thai Speed, Inc. dba as Citizen Thai a party.

 6. <u>Evidence Preservation</u>:

Plaintiff requests that all defendants agree to preserve all construction and related documents pertaining to the sidewalk at 1268 Grant Avenue.

 7. <u>Disclosures</u>:

Plaintiff, Defendant City and County of San Francisco and Defendants 1268 Grant Avenue LLC, Christopher P. Foley have completed their Initial Disclosures, pursuant to the September 7, 2007 Scheduling Order for Cases Asserting Denial of Right of Access under Americans with Disabilities Act Title III. Defendant Thai Speed, Inc. has not completed its Initial Disclosures.

 8. <u>Discovery</u>:

Discovery is stayed, subject to General Order 56, except for a mandatory early site inspection of the subject premises which Plaintiff requests take place at the earliest possible date. Plaintiff's expert has already inspected the interior of the subject restaurant upon invitation of the defendants because the restaurant has recently changed owners and there was some minor

1  construction. Plaintiff's inspection was prior to the construction. The parties have agreed to
2  delay the General Order 56 inspection until after the Court rules on the pending motion to strike.
3      9.    Class Actions:
4  Not applicable.
5      10.   Related Cases:
6  On November 19, 2007, Defendant City and County of San Francisco has filed an
7  Administrative Motion to consider whether this case, among others, should be related to *Letcher*
8  *v. City and County of San Francisco, et al.,* Case Number C05-03772 JSW and three other cases,
9  a copy of which is attached as Exhibit A. On December 4, 2007, the Court in *Letcher v. City and*
10 *County of San Francisco, et al.,* Case Number C05-03772 JSW, determined that "no cases are
11 related and no reassignments shall occur." Also on December 4, 2007, the Court in *Chambers, et*
12 *al. v. City and County of San Francisco*, Case Number C06-06346 WHA, determined that "no
13 cases are related and no reassignments shall occur."
14     11.   Relief:
15 Plaintiff seeks the following relief; however, the amounts of monetary damages and costs
16 of suit cannot be determined at this time.
17     a.    For monetary damages against defendants, and each of them, in an amount
18           sufficient to compensate Plaintiff for his injuries and damages.
19     b.    For costs of suit incurred herein, including Plaintiff's reasonable attorneys'
20           fees, expert witness expenses and fees, and other costs and expenses that Plaintiff
21           has been forced to incur to prosecute this action under all applicable statutory
22           bases.
23     c.    For an affirmative injunction ordering defendants to remove all access
24           barriers at the sidewalk and restaurant premises at 1268 Grant Avenue.
25 The City seeks full indemnity and defense from its co-defendants. The City also seeks its
26 costs and attorneys fees. It is noted that the CCSF's tender was recently accepted.
27     12.   Settlement and ADR:
28 The parties will mediate this matter, if necessary, pursuant to General Order 56.

1  13. Consent to Magistrate Judge For All Purposes:

On October 23, 2007, Defendant City and County of San Francisco filed a Declination to Proceed before a Magistrate Judge.

14. Other References:

Not applicable.

15. Narrowing of Issues:

Plaintiff does not anticipate any procedure to narrow the issues at this time outside of the course of conducting the joint inspection, pursuant to General Order 56.  Defendant 1268 Grant Avenue LLC contends the Rule 12 motion may result in a narrowing of issues.

16. Expedited Schedule:

The parties do not believe that an expedited schedule is appropriate at this time.

17. Scheduling:

Plaintiff will request a further Case Management Conference, if necessary, pursuant to General Order 56.

18. Trial:

Plaintiff will request a trial date, if necessary, at a further Case Management Conference.

19. Disclosure of Non-Party Interested Entities or Persons:

On October 17, 2007, Plaintiff filed his Certification of Interested Entities or Persons.

20. Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:

The parties are not aware of any such matters at this time.

Dated:  March 12, 2008

GEARINGER LAW GROUP

By: /s/ Brian Gearinger  
BRIAN GEARINGER  
Attorneys for Plaintiff  
CHARLES BLACKWELL

Dated: March 12, 2008

        DENNIS J. HERRERA  
        City Attorney  
        JOANNE HOEPER  
        Chief Trial Attorney  
        SCOTT D. WIENER  
        Deputy City Attorney


By: /s/ Scott D. Wiener  
SCOTT D. WIENER

Attorneys for Defendant and Cross-Complainant  
CITY AND COUNTY OF SAN FRANCISCO

Dated: March 10, 2008


LAW OFFICES OF JANET BRAYER


By: /s/ Janet Brayer  
Janet Brayer  
Attorneys for Defendant  
THAI SPEED, INC. DBA AS CITIZEN THAI

Dated: March 10, 2008


COLOMBATTO SIMS LLP


By: /s/ Michael K. Tcheng  
Michael K. Tcheng  
Attorneys for Defendants  
1268 GRANT AVENUE LLC and CHRISTOPER P. FOLEY