IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>THAI SPEED, INC. dba CITIZEN THAI, CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY AND DOES ONE THROUGH TEN,<br><br>        Defendants. | No. C 07-4629 SBA<br><br>**ORDER**<br>[Docket No. 22] |

Currently before the Court is defendants 1268 Grant Avenue LLC and Christopher P. Foley's Motion to Strike First Amended Complaint [Docket No. 22]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendants' Motion to Strike First Amended Complaint [Docket No. 22] for the reasons set forth below.

## **BACKGROUND**

**A.    Complaint**

On September 7, 2007, plaintiff Charles Blackwell filed a complaint in this Court seeking damages and injunctive relief as a result of a slip and fall accident. Compl. at ¶2. Blackwell is visually impaired and is unable to safely, or with full and equal access, use portions of public facilities which are not fully accessible to physically disabled persons who have visual disabilities. *Id*. In his complaint, Blackwell states that on February 8, 2007, he was walking on the public sidewalk at 1268 Grant Avenue in San Francisco when he slipped and fell on the sidewalk elevator door cover. *Id*. As a result of the accident, Blackwell claims that he: 1) sustained serious personal injuries, 2) was denied his rights to full

and equal access at this sidewalk, and 3) was denied his civil rights under both California and federal law because the sidewalk was not properly accessible to physically disabled persons such as himself. *Id.*

### B.   First Amended Complaint

On November 27, 2007, Blackwell filed a "First Amended Complaint" with this Court under Federal Rules of Civil Procedure 15(a). First Am. Compl. at ¶1. In his First Amended Complaint, Blackwell states that on approximately November 16, 2007, he and disability access consultant, Barry Atwood returned to the vicinity of 1268 Grant Avenue to inspect the area. *Id*. at ¶3. The two also had lunch at the adjoining restaurant, Citizen Thai, owned by defendant Christopher P. Foley. *Id.* Blackwell states that while dining at the restaurant, he discovered that the restaurant's interior was inaccessible for visually disabled persons, in violation of federal and state law. *Id.* Blackwell also added Thai Speed, Inc., the operators of the Citizen Thai restaurant as a defendant. *Id.* The Amended Complaint sought injunctive relief to make the public sidewalk accessible and to require defendants to make the restaurant itself accessible to visually disabled persons. Pl.'s Opp'n at 4.

In response to Plaintiff's First Amended Complaint, defendants filed a Motion to Strike the First Amended Complaint under Rule12(f), maintaining that what plaintiff filed should be considered a supplemental complaint under Rule 15(d), and thus plaintiff should have requested leave of court prior to filing the complaint. P. & A. Defs. Mot. to Strike at 4.

### **LEGAL STANDARD**

### A.   Motion to Strike

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. Rule Civ. Proc. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983). Where a motion to strike may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of

the action, the motion to strike will be well taken. *California v. United States*, 512 F.Supp. 36, 38 (N.D. Cal. 1981).

### B. Supplemental Pleadings

A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed. Fed. Rule Civ. Proc. 15(d); *Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir. 1988). In contrast, an amended pleading relates to matters existing when the original pleading was filed. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 8:490 (The Rutter Group, 2008). A supplemental pleading is designed to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the original pleading was filed. *Manning v. City of Auburn*, 953 F.2d 1355, 1359-1360 (11th Cir. 1992). Supplemental pleadings can only be filed with leave of court and upon such terms as are just. Fed. Rule Civ. Proc. 15(d). There is no right to supplement as a matter of course as there is with certain amended pleadings. *Glatt v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996). The title of the pleading is not determinative. i.e., a pleading labeled an "amended pleading" will be treated as a supplemental pleading if the new facts alleged occurred after the original complaint was filed. *U.S. ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989)

### ANALYSIS

### A. First Amended Complaint was Actually a Supplemental Pleading

Plaintiff maintains that under Rule 15(a) a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Pl.'s Opp'n at 5. As such, plaintiff argues that because defendants have not yet filed any responsive pleading, plaintiff's filing is proper on its face. *Id*. at 6.

Plaintiff states that if he characterized his amended complaint as "amending" rather that "supplementing," the mischaracterization is irrelevant. Pl.'s Opp'n at 7. Plaintiff argues that *Wulff* supports his position as *Wulff* holds that "[t]he erroneous characterization of the corrected pleading as an 'amended complaint' rather than a supplemental pleading is immaterial." *Id*. at 8; *Wulff v. CMA, Inc.*, 890 F.2d at 1073. However, in *Wulff*, plaintiff filed what was titled an amended complaint in an attempt

3

to state a claim under the Miller Act, a claim that was subject to a one year limitations period. *Wulff v. CMA, Inc.*, 890 F.2d at 1071. The primary issue in the case was whether the amended complaint related back to the filing date of the initial complaint so as to avoid having the claim barred as untimely. *Id.* at 1073. It is evident, as discussed by the court, that for purposes of the relation back doctrine, it is immaterial whether a complaint is amended or supplemental. *Id.* 1073-1074.

While plaintiff may have titled his pleading as an Amended Complaint, it is clearly not. Instead, it is a supplemental pleading. Therefore, plaintiff's mischaracterization is very relevant. It is black letter law that a supplemental pleading is used to allege relevant facts occurring after the original pleading was filed and that an amended complaint relates to matters existing when the original pleading was filed. *Keith,* 858 F.2d at 468; Schwarzer, et al., at ¶ 8:490.

Plaintiff's original complaint alleged a personal injury slip and fall claim occurring on a public sidewalk at 1268 Grant Avenue on February 8, 2007. Compl. at ¶2. In connection with this slip and fall, plaintiff also alleged various violations of his civil rights under California and federal law. *Id.* On November 16, 2007, *approximately nine months* after plaintiff allegedly slip and fell, plaintiff visited the Citizen Thai restaurant at 1268 Grant Avenue. First Am. Compl. at ¶3. It was only at this point that plaintiff became aware that the interior of the restaurant was inaccessible for visually disabled persons. *Id*. The Amended Complaint sought injunctive relief not only to make the public sidewalk and the metal plate housing the restaurant's freight elevator accessible, but to also require defendants to make the paths of travel to, through, and within the restaurant itself, and other interior features, including the restroom, accessible to visually disabled persons. Pl.'s Opp'n at 4.    A supplemental pleading is distinguished from an amended pleading because an amended pleading relates to matters existing when the original pleading was filed. Schwarzer, et al., ¶8:492. At the time of plaintiff's slip and fall accident, plaintiff was not aware of the existing conditions within the restaurant. Plaintiff became aware of these facts months after plaintiff had filed his original complaint. Plaintiff argues that he was justified in filing an amended complaint because the amended complaint contained "<u>no new</u> causes of action, just additional facts." Pl.'s Opp'n at 7. Plaintiff maintains that because he had included claims under the ADA in his original complaint, he was free to allege violations of the ADA in regards to what he witnessed while dining at the restaurant. *Id.* at 6-7. However, plaintiff's contentions lack merit.

4

Plaintiff freely admits that he added new facts in the amended complaint and these facts occurred approximately nine months after the slip and fall accident. First Am. Compl. at ¶3. A supplemental pleading is the mechanism used to allege relevant facts occurring after the original pleading was filed. Fed. Rule Civ. Proc. 15(d). Plaintiff cannot allege violations of his civil rights stemming from his visit to the restaurant, after the original complaint was filed, in an amended complaint but instead should have sought leave of this Court to file a supplemental complaint.

Lastly, plaintiff argues that defendants lack standing to complain that plaintiff added defendant Thai Speed Inc. to the First Amended Complaint and that defendants make no showing of prejudice as required under Rule 12(f). *Id.* at 8-9. However, these arguments do not merit consideration as they do not address the fundamental matter at hand–that is, what plaintiff filed with this Court was a supplemental pleading.

### B. Leave of Court was Required

Because Plaintiff's First Amended Complaint was a supplemental pleading, leave of this Court was required to file the pleading. Fed. Rule Civ. Proc. 15(d). Supplemental pleadings can only be filed with leave of court. *Id.* As such, Plaintiff's First Amended Complaint should be stricken.

Plaintiff argues that defendants motion under Rule 12(f) is frivolous and does not apply to the circumstances at bar because the pleading was not redundant, immaterial, impertinent, or scandalous. Pl.'s Opp'n at 6. However, this contention is confused; courts routinely use motions to strike as a mechanism for striking inappropriate supplemental pleadings. *See e.g. United States v. Avigation Easement Over 40 Acres of Land, More or Less,* 140 F.Supp. 289 (D.Alaska.Terr.3.Div. 1956); *Kinard v. Rubitshin*, Slip Copy, 2006 WL 3302859 (E.D.Mich. 2006).

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike First Amended Complaint. Plaintiff improperly filed a supplemental complaint without first obtaining leave of this Court.

IT IS SO ORDERED.

Dated: 3/20/08                                                                 *Saundra B Armstrong*
                                                                               SAUNDRA BROWN ARMSTRONG
                                                                               United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California