BRIAN GEARINGER, Esq.  (SBN 146125)
GEARINGER LAW GROUP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109-7837
415/440-3102 phone
415/440-3103 fax

PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
510/832-5001 phone
510/832-4787 fax

Attorneys for Plaintiff
CHARLES BLACKWELL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHARLES BLACKWELL,

     Plaintiff,

v.

CITY AND COUNTY OF SAN
FRANCISCO; 1268 GRANT
AVENUE LLC; CHRISTOPHER P.
FOLEY; and DOES 1-10, Inclusive,

     Defendants.

_____/

CASE NO. C07-04629 SBA
Civil Rights

Hearing

Date:   June 10, 2008
Time:  1:00 p.m.
Judge: Sandra Brown Armstrong
        Courtroom 3 (Oakland)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT (FRCP 12(b)(6) and 12(e))**

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

TABLE OF CONTENTS

I.     INTRODUCTION................................................. 1

II.    STANDARDS FOR MOTION TO DISMISS PURSUANT TO
       FRCP RULE 12(b)(6)........................................... 5

III.   PROCEDURAL BACKGROUND................................. 6

IV.    ARGUMENT. .................................................. 8

       A.    PLAINTIFF HAS ADA "STANDING" TO COMPLAIN
             ABOUT THE VERY AREA ON WHICH HE FELL AS A
             RESULT OF DEFENDANTS' VIOLATIONS. ................. 8

       B.    IT IS PROPER TO SEEK ADA INJUNCTIVE RELIEF IN A
             CASE WHERE PLAINTIFF'S "SLIP AND FALL" WAS
             CAUSED BY DEFENDANTS' VIOLATION OF ADAAG
             ACCESS REGULATIONS.................................. 8

       C.    DEFENDANTS' ELEVATOR DOOR COVER IS AN
             ELEMENT OF THE PUBLIC ACCOMMODATION WHICH
             IS REQUIRED TO COMPLY WITH ADA TITLE III,
             ADAAG AND DOJ REGULATIONS...................... 10

       D.    THE CASES CITED BY DEFENDANTS DO NOT
             SUPPORT THEIR POSITION THAT "A SIDEWALK
             ELEVATOR COVER IS NOT PART OF DEFENDANTS'
             PUBLIC ACCOMMODATION"........................... 13

             1.    PICKERN V. PIER 1 IMPORTS, INC. SUPPORTS
                   PLAINTIFF'S POSITION THAT AN ADJOINING
                   LANDOWNER DOES HAVE LIABILITY FOR AN
                   AREA IT CONTROLS AND/OR MAINTAINS......... 14

             2.    THE OREGON DISTRICT COURT'S ALFORD
                   DECISION HAS NO RELEVANCE TO A
                   SITUATION WHERE AN ADA TITLE III
                   BUSINESS' METAL PLATE ELEVATOR COVER
                   WAS INSTALLED IN THE MIDDLE OF A
                   SIDEWALK. ................................... 15

             3.    A "FAVORABLE" DECISION UNDER THE ADA
                   WOULD REMOVE THE DANGER TO PLAINTIFF
                   AND OTHER VISUALLY DISABLED PERSONS....... 16

       E.    PLAINTIFF'S OTHER CAUSES OF ACTION MAY BE
             PROVEN INDEPENDENTLY OF ANY ADA VIOLATION. .... 17

       F.    THERE IS NO BASIS FOR A RULE 12(E) MORE
             DEFINITE STATEMENT. .............................. 18

V.     CONCLUSION................................................. 19

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                                  – i –    S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1

## TABLE OF AUTHORITIES

2

## **CASES**

3    1.____ Alford v. City of Cannon Beach
      (D. Oregon) 2000 US Dist. Lexis 20730. . . . . . . . . . . . . . . . . . . . . . 15, 16
4
5    2.____ Allwaste, Inc. v. Hecht
      (9th Cir. 1995) 65 F.3d 1523. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15
6    3.____ Barden v. City of Sacramento
      (9th Cir. 2002) 292 F.3d 1073. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
7
8    4.____ Cahill v. Liberty Mut. Ins. Co.
      (9th Cir. 1996) 80 F.3d 336. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
9    5.____ Donald v. Sacramento Valley Bank
      (1989) 209 Cal.App.3d 1183. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
10
11   6.____ Donald v. Cafe Royale
      (1990) 218 Cal.App.3d 168. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
12   7.____ Doran v. 7-Eleven, Inc.
      (9th Cir.) 2008 WL 1914751. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 9
13
14   8.____ Hankins v. El Torito Restaurants, Inc., et al.
      (1998) 63 Cal.App.4th 510. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
15   9.____ Jacobson v. Hughes Aircraft Co.
      (9th Cir. 1997) 105 F.3d 1288. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
16
17   10.____ Johnson v. State of California
      (9th Cir. 2000) 207 F.3d 650. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
18   11.____ Pickern v. Pier 1 Imports, Inc.
      (9th Cir. 2006) 457 F.3d 963. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
19
20   12.____ Robinson v. Pioche, Bayerque and Company
      (1855) 5 Cal. 460, 1855 WL 814. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
21   13.____ Rosler v. Stanford University
      (N.D.Cal.) Case No. C03-03579 JF. . . . . . . . . . . . . . . . . . . . . . . . . . 8
22
23   14.____ Skaff v. Meridien North America Beverly Hills, LLC
      (9th Cir. 2007) 506 F.3d 832. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

24

25

## **STATUTES**

26

## **FEDERAL**

27   15.    Americans With Disabilities Act of 1990 (Public Law 101-336). . . . . . . 1
28         ADA §308(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                    -ii-   S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

16.  Americans with Disabilities Act Accessibility Guidelines ("ADAAG")

    ADAAG 3.5 (Definitions).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    ADAAG 4.1.1(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    ADAAG 4.1.2.(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    ADAAG 4.1.3 (3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    ADAAG 4.1.6... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    ADAAG 4.3.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    ADAAG 4.5.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

17.  Department of Justice Regulations

    28 C.F.R. Part 36, Subpart A, Sec 36.101. . . . . . . . . . . . . . . . . . . . . . . 11

    28 C.F.R. Part 36, Subpart A Sec. 36.104. . . . . . . . . . . . . . . . . .  12,13

    28 C.F.R. Part 36 Subpart B Sec. 36.201 (a). . . . . . . . . . . . . . . . . . . . 13

    28 C.F.R. Part 36 Subpart B Sec. 36.211 (a). . . . . . . . . . . . . . . . . . . . 13

    28 C.F.R. Part 36 Subpart B Sec. 36.304 (a). . . . . . . . . . . . . . . . . . . . 13

18.  Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

19.  Fed. R. Civ. P. 15(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20.  Fed. R. Civ. P. 15(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21.   Rehabilitation Act of 1973, Section 504. . . . . . . . . . . . . . . . . . . . . . . 17

**STATE**

22.  Civil Code §51. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

23.  Civil Code §52. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

24.  Civil Code §54(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

25.  Civil Code §54(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26.  Civil Code §55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

27.  Government Code § 4450. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

28.  Government Code §11135. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

29.  Health & Safety Code §19955. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 18

30.  Title 24 California Code of Regulations.. . . . . . . . . . . . . . . . . . . . . . . 6

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-iii-

s:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

# I.    INTRODUCTION

Plaintiff Charles Blackwell, disabled and legally blind, slipped and fell on defendants' restaurant's metal elevator cover, located in a public walkway, and suffered injuries including a broken arm.  On February 8, 2007 plaintiff attempted to cross an "inaccessible" portion of the public sidewalk at 1268 Grant Avenue, San Francisco, adjacent to the Citizen Thai restaurant, hereinafter "Restaurant", which sidewalk portion included the slippery metal cover of the Restaurant's freight elevator.  Because this surface was illegally slippery in violation of ADA standards set up for the protection of disabled persons, plaintiff slipped and fell, suffering a broken arm as a consequence of the violation of his right to "full and equal access" under federal and state law. Plaintiff sued the City and responsible Restaurant owners for violation of their duties under the Americans With Disabilities Act of 1990 and California law to maintain this walkway and elevator cover - which also constitutes part of the sidewalk/walkway - in a safe and accessible condition for use by disabled persons.

Although the defendant restaurant owners that have brought the instant motion (defendants 1268 Grant Avenue LLC and Christopher P. Foley, hereinafter "defendants"), were served with the complaint on <u>September 12, 2007</u>, they have now <u>stalled</u> for eight months in answering the complaint, effectively blocking the parties from proceeding to a Case Management Conference, being assigned to ADR, and commencing discovery.

Defendants initially complained in the October 26, 2007 notice of their first motion to dismiss that plaintiff could not claim an ADA violation because he did not allege an intent to enter the Restaurant itself.  Rather than oppose this motion, plaintiff filed a "First Amended Complaint" on November 27, 2007 alleging that he had patronized the Restaurant itself on November 16, 2007 with access consultant Barry Atwood and had encountered numerous

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-1-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  barriers on entering and patronizing the Restaurant which affected persons with

2  his (visual) disability.  This "First Amended Complaint" named an additional

3  defendant, because the Restaurant had been sold to a new owner, and alleged a

4  subsequent event, plaintiff's personal visit to the Restaurant on November 16,

5  2007.

6       Defendants then filed a motion under FRCP 12(f) objecting to the

7  First Amended Complaint because it was filed *without leave of Court*, as to the

8  subsequent and thereby "supplemental" factual occurrence, and this Court

9  granted defendants' motion to strike the First Amended Complaint by Order of

10  March 24, 2008.

11       Thereafter, because the defendant owners refused to stipulate to

12  plaintiff filing a First Amended Complaint as part of the instant action, plaintiff

13  filed a separate new complaint on April 15, 2008, alleging *only* the new

14  (November 16, 2007) visit and naming as defendants only the owners and

15  operators of the Restaurant as of that date, defendants Christopher P. Foley and

16  Thai Speed, Inc. dba Citizen Thai Restaurant.  (A copy of that complaint,

17  "Charles Blackwell, Plaintiff, v. Christopher P. Foley; Thai Speed, Inc. dba

18  Citizen Thai Restaurant; and Does 1-10, Inclusive, Defendants," Case No. C08-

19  01971 EMC, is attached as **Exhibit 1** to the accompanying Request for Judicial

20  Notice, and the Court is asked to take judicial notice of its own records.)

21       Despite this new filing, defendants 1268 Grant Avenue LLC and

22  Christopher P. Foley (owners of the Restaurant) waited thirty-one (31) days from

23  the Court's Order on their FRCP12(f) motion, then "renoticed" the FRCP

24  12(b)(6) motion they had originally filed back on October 26, 2007.

25       Aside from the untimeliness of defendants' motion, it remains

26  frivolous on its merits.  Plaintiff was injured on a *portion* of the "sidewalk"

27  actually owned, controlled and maintained by the Restaurant defendants: the

28  Restaurant's metal elevator cover.  Plaintiff also named as a defendant the City

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

−2−

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1   and County of San Francisco, which has an independent ADA Title II obligation

2   to maintain safe and accessible sidewalks and walkways (Barden v. City of

3   Sacramento (9th Cir. 2002) 292 F.3d 1073), a non-delegable duty. The City has

4   pled that responsibility for sidewalk defects rests with the "adjacent property

5   owners" - defendants 1268 Grant Avenue LLC and Christopher P. Foley! (See

6   Answer to complaint, ¶¶ 7, 8 and 9, by defendant City and County of San

7   Francisco (hereinafter "the City"), alleging that "The adjacent property owners

8   were responsible for maintaining the sidewalk in a non-dangerous condition."

9   The City also filed a cross-claim against defendants 1268 Grant Avenue LLC and

10  Christopher P. Foley, although these cross-defendants never answered the cross-

11  claim.) The property owners' attorneys, Colombatto Sims, LLP and Michael

12  Tcheng, Esq., have now substituted in as attorneys for the City as well. (The

13  Court's docket reflects the Substitution of Counsel filed March 12, 2008.)

14          As noted, plaintiff has now filed a separate new complaint limited to

15  Charles Blackwell's visit to the Restaurant on November 16, 2007, and limited to

16  the access deficiencies at the entrance to and interior of the Citizen Thai

17  restaurant. Because of the filing of this separate new complaint, it is no longer

18  necessary to address the issue of whether Charles Blackwell would have standing

19  to complain about barriers for visually disabled persons on the *interior* of

20  Restaurant as part of *this* action. However, even plaintiff's standing in that

21  regard has been reaffirmed by the 9th Circuit in Doran v. 7-Eleven, Inc. (9th Cir.

22  2007) (originally published November 9, 2007 as 506 F.3d 1191, but recently

23  modified and reissued (on rehearing) on May 2, 2008 as 2008 WL 1914751, copy

24  attached as **Exhibit 3** to accompanying Request for Judicial Notice. The court

25  held (at p.9) that

26          An ADA plaintiff who has Article III standing as a result of at least
            one barrier at a place of public accommodation may, in one suit,
27          permissibly challenge all barriers in that public accommodation that
            are related to his or her specific disability. Steger, 228 F.3d at 894.
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-3-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1   We hold that Doran has standing to sue for injunctive relief for all
2   barriers in the North Harbor 7-Eleven store related to his specific
    disability, including those identified in his expert's site inspections.

3        For purposes of the instant Rule 12(b)(6) motion, defendants do not

4   deny that they own and control the elevator and the metal elevator cover that

5   plaintiff fell on; nor do they deny that plaintiff has alleged ADA Title III

6   violations in the maintenance and condition of the elevator cover itself.  Instead,

7   they argue that plaintiff has to allege an "intent" to enter the *interior* of the

8   Restaurant in order to have standing to complain about an *exterior* portion of the

9   Restaurant - its exterior elevator and elevator cover.

10       While defendants cite plaintiff's original "government claim" - that

11  he "stepped on a metal plate (5' x 5' square) on the sidewalk and immediately

12  slipped and fell" - this governmental claim related only to the City of San

13  Francisco's separate liability, and did not describe the basis for the Restaurant

14  owner's liability.   Both the City and the owners of a section of the sidewalk are

15  specifically responsible to disabled persons for the slippery and dangerous

16  section of the sidewalk section which caused the subject accident, and continues

17  to constitute such risk to plaintiff and others.  For example, Civil Code § 54(a)

18  specifies that

19       Individuals with disabilities or medical conditions have the same
         right as the general public to the full and free use of the streets,
20       highways, sidewalks, walkways, public buildings... public facilities
         and other public places. [Emphasis added]
21

22  Civil Code § 54(c) specifies that "A violation of the right of an individual under

23  the Americans With Disabilities Act of 1990 (Public Law 101-336) also

24  constitutes a violation of this section."

25       Defendants do not deny that plaintiff, a Bay Area resident, has a

26  right to walk this sidewalk in the future or that the dangerous and illegally

27  "inaccessible" portion of the sidewalk may injure plaintiff (and other visually

28  disabled persons) again if the condition is not corrected.  In fact, the City alleges

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-4-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  that the duty to correct this situation has been delegated to the defendant owners.

2  (City's Answer, ¶¶ 7-9.)  Although defendants argue ingenuously that plaintiff

3  has no "standing" because he hasn't suffered an "injury in fact" at the *interior* of

4  the Restaurant, there is no such requirement.  A broken arm is certainly an

5  "injury" in fact when suffered on a piece of "property" owned, controlled and

6  maintained by the Restaurant, as complained of here.

7  Defendants' motion should be rejected by this Court.  Plaintiff

8  respectfully requests that the Court deny the motion, and require defendants to

9  immediately answer the complaint.  Now having successfully stalled for eight

10  months since they were first served on September 12, 2007, defendants have still

11  never answered the complaint and no Case Management Conference has been

12  held, while plaintiff has thereby been precluded from serving any discovery.

13

14  **II.    STANDARDS FOR MOTION TO DISMISS PURSUANT TO FRCP**
     **RULE 12(b)(6)**

15

16  In opposing a Rule 12(b)(6) motion, the Court must construe the

17  complaint, and the allegations in the complaint, in the light most favorable to the

18  plaintiff; accept well-pleaded allegations as true; and determine whether the

19  plaintiff can provide any set of facts that would merit the relief requested.

20  (Cahill v. Liberty Mut. Ins. Co. (9th Cir. 1996) 80 F.3d 336, 337-338.)  Further,

21  when the complaint alleges civil rights violations, the 9th Circuit has held that

22  special scrutiny should be given before dismissing a complaint under a 12(b)(6)

23  motion. (Johnson v. State of California (9th Cir. 2000) 207 F.3d 650, 653.)  The

24  standard for a 12(b)(6) motion is whether or not the facts as pled would, if

25  established, support a valid claim for relief.   "[The] court's role at the 12(b)(6)

26  stage is not to decide winners and losers or evaluate the strength or weakness of

27  claims." (Jacobson v. Hughes Aircraft Co. (9th Cir. 1997) 105 F.3d 1288, 1292.)

28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA
-5- S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

## III.    PROCEDURAL BACKGROUND

Plaintiff filed the original complaint in this case on September 7, 2007, naming as defendants the City and County of San Francisco and the owners of the subject elevator, 1268 Grant Avenue LLC and Christopher P. Foley.  Plaintiff brought suit under federal law - the Rehabilitation Act of 1973 and Title II and Title III of the Americans with Disabilities Act of 1990, 42 USC § 12101, *et seq.* - and under California law - California Government Code §§ 1135 and 4450, *et seq.*; Health & Safety Code §§ 19955, *et seq.*, including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54(a), and 55.  Plaintiff sought to make the public sidewalk area where he fell safe and accessible to physically disabled persons such as plaintiff, and to recover damages for the injuries suffered when he fell due to conditions of the "sidewalk" (which included the metal cover of the elevator serving the Restaurant).

Defendants 1268 Grant Avenue and Christopher Foley did not answer the complaint.  Instead, on October 26, 2007, defendants filed, under FRCP 12(b)(6) and 12(e), a "Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted or in the Alternative for a More Definate [sic] Statement," contending that although the sidewalk where plaintiff tripped is owned by and adjacent to defendants' Citizen Thai restaurant, there was no allegation in the complaint that plaintiff ever used the sidewalk for the purpose of entering the Restaurant.  Defendants alleged that plaintiff therefore lacked "standing" to assert a Title III claim under the ADA.

Rather than filing an opposition to defendants' October 26, 2007 motion, the blind plaintiff chose to return to the premises and enter and dine at the Restaurant in the company of access consultant Barry Atwood.  As a result plaintiff discovered multiple access violations at the Restaurant itself, and on November 22, 2007 filed a "First Amended Complaint," believing he could do so

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                                   -6-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1    as a matter of right where these two moving defendants had not answered the

2    complaint. (See Fed. R. Civ. P. 15(a); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523,

3    1530 (9th Cir. 1995).) However, this Court subsequently ruled that this was a

4    "supplemental pleading" because it was "used to allege relevant facts occurring

5    after the original pleading was filed. FRCP Rule 15(d)," and granted defendants'

6    motion to strike the First Amended Complaint. (Court Order, 3/24/08, p.4-6.)

7         Plaintiff subsequently requested of defense counsel Tcheng that

8    defendants stipulate to the filing of a first amended complaint, but defendants

9    refused. Therefore, rather than further delay this case by a contested motion to

10    the Court for leave to amend the complaint, and because the new events involved

11    both new facts and a new party defendant, and no longer involved the City as a

12    defendant, plaintiff filed a new and separate complaint limited to the November

13    16, 2007 visit to the Restaurant by plaintiff Charles Blackwell and access

14    consultant Barry Atwood, regarding the access violations they encountered on

15    entering and patronizing the interior of the Restaurant. This complaint was filed

16    on April 15, 2008, and a First Amended Complaint (correcting some minor errors

17    in the complaint) was filed two days later on April 17, 2008, as "Charles

18    Blackwell, Plaintiff v. Christopher P. Foley, Thai Speed, Inc. dba Citizen Thai

19    Restaurant, and Does 1-10, Inclusive, Defendants, Case No. C08-01971 EMC."

20    Both defendants were served with the complaint and all other required

21    documents on May 7, 2008, with their responses now due by May 27, 2008.

22         Plaintiff requests that this Court take judicial notice of this

23    complaint, which is attached as **Exhibit 1** to the accompanying "Plaintiff's

24    Request for Judicial Notice." At p.5, ¶ 12, l.13-16, plaintiff alleges,

25       On or about November 16, 2007, plaintiff Charles Blackwell visited
             1268 Grant Avenue, San Francisco, with access consultant Barry
26       Atwood, to inspect the location of a prior accident he suffered, and
             to have lunch at the Citizen Thai restaurant.

27

28    //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

−7−

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

IV.    **ARGUMENT**

A.    **PLAINTIFF HAS ADA "STANDING" TO COMPLAIN ABOUT THE VERY AREA ON WHICH HE FELL AS A RESULT OF DEFENDANTS' VIOLATIONS**

As discussed hereinbelow, as plaintiff was injured walking on an "element" of the Restaurant, there is no need to allege that he "intended" to enter the interior of the Restaurant.  However, the Ninth Circuit has made clear that an ADA plaintiff who has encountered even one barrier has suffered an injury in fact for Article III standing and may challenge all barriers affecting his disability at the premises.  As stated in *Doran v. 7-Eleven* (initially published as 506 F.3d 1191 (9th Cir. 2007), and then republished on May 2, 2008 after rehearing), having encountered one barrier, a plaintiff has standing for all barriers that "are related to his or her specific disability" at any place of public accommodation:

> An ADA plaintiff who has encountered or has personal knowledge of at least one barrier related to his or her disability when he or she files a complaint, and who has been deterred from attempting to gain access to the public accommodation because of that barrier, has suffered an injury in fact for the purpose of Article III. *Pickern*, 293 F.3d at 1138.  An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability. *Steger*, 228 F.3d at 894. . . .

> We hold that Doran has standing to sue for injunctive relief for all barriers in the North Harbor 7-Eleven store related to his specific disability, including those identified in his expert's site inspection. (*Doran v. 7-Eleven, supra*, 2008 WL 1914751, at p.9.)

B.    **IT IS PROPER TO SEEK ADA INJUNCTIVE RELIEF IN A CASE WHERE PLAINTIFF'S "SLIP AND FALL" WAS CAUSED BY DEFENDANTS' VIOLATION OF ADAAG ACCESS REGULATIONS**

Rosler v. Stanford University (N.D.Cal.) Case No. C03-03579 JF, is an example of using a violation of the ADA to prove liability in a slip-and-fall case with significant injury suffered on the exterior of a public accommodation (the Stanford Memorial Church), not only to obtain damages for an injured

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                                          -8-    S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1    person, but also to obtain a court-approved consent decree which carried out the

2    public interest by obtaining access improvement along the path of travel (where

3    plaintiff tripped and fell on an exposed bollard).  (She also obtained access to the

4    adjoining building's entrances, restrooms, and parking facilities.)  (See Consent

5    Decree and Order, especially ¶ 1, **Exhibit 2** to Plaintiff's Request for Judicial

6    Notice.)

7         The same thing is appropriate in this case, particularly under the

8    compulsion of two recent 9th Circuit decisions, <u>Skaff v. Meridien North America</u>

9    <u>Beverly Hills, LLC</u> (9th Cir. 2007) 506 F.3d 832 and  <u>Doran v. 7-Eleven, Inc.</u>

10   *supra*.  These two cases clearly stand for the proposition broadly set out by both

11   courts that a disabled man or woman sustaining injury, physical and/or denial of

12   access, in one aspect of a property has standing under the ADA for injunctive

13   relief for each other portion of the property that is physically inaccessible to him

14   and which he may encounter on future visits.  This is consistent with the public

15   policy purposes of the ADA as explained in those cases.  (However, plaintiff

16   need not seek injunctive relief as to the interior of the Restaurant as part of the

17   instant case, as he has now filed a separate action for that purpose.  See **Exhibit 1**

18   to Request for Judicial Notice.)

19        In the instant case, plaintiff Charles Blackwell, a legally blind and

20   visually disabled man, seeks by this lawsuit not only to obtain damages for the

21   personal injuries he sustained as the result of a dangerous and slippery condition

22   of defendants' property, specifically in violation of statutes made up to protect

23   disabled persons walking on the slippery surfaces of defendants' property - in

24   this case what defendants agree was the top of a "metal sidewalk elevator door

25   cover" - but also seeks to have the Court make this area of the sidewalk,

26   controlled by the ADA Title III business owner defendants, accessible and safe

27   so that he and other disabled persons aren't injured at the same location.

28        Notwithstanding this clear and continuing danger to the public,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-9-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  defendants have now stalled for eight months in this case with procedural

2  motions instead of proceeding either into discovery or into mediation with the

3  goal of correcting these facilities and working toward settlement of this case.

4  (The City and County of San Francisco filed a <u>Cross-Claim</u> against defendants

5  1268 Grant Avenue LLC and Christopher P. Foley on December 17, 2007

6  (Docket entry No. 20, at p.15-16).  To our knowledge, these defendants have

7  never answered the cross-claim, yet have now had their attorney substitute in as

8  attorney for the City as well!  (Docket entry No. 30).)

9          Defendants' attorneys, while alleging that their business owner

10  clients have "no duty," have now taken over representation of defendant City of

11  San Francisco, thereby presumably indicating that there is no conflict of interest

12  between the defendants and the City of San Francisco, and basically accepting

13  San Francisco's tender of liability and the duty of defense to the adjoining owner

14  of the property who is responsible for maintaining walkways pursuant to San

15  Francisco's delegation of such responsibility to defendants.

16          Defendants further no valid public policy by using their series of

17  motions to stall the parties being able to go into discovery, allowing defendants

18  to avoid their statutory and regulatory duties to repair the dangerous condition

19  they have created and maintained in the middle of a public sidewalk.

20

21  **C.      DEFENDANTS' ELEVATOR DOOR COVER IS AN**
           **ELEMENT OF THE PUBLIC ACCOMMODATION**
22           **WHICH IS REQUIRED TO COMPLY WITH ADA**
           **TITLE III, ADAAG AND DOJ REGULATIONS**
23

24          The defendants argue that the metal elevator cover on which

25  plaintiff slipped and fell is not a part of their "site" and is not part of their public

26  accommodation.  They characterize the elevator door cover as an "adjacent

27  public sidewalk."

28          The Department of Justice Regulations implementing Title III, 28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                    —10—
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  C.F.R. Part 36, requires that public accommodations be designed, constructed,

2  and altered in compliance with the accessibility standards known as the

3  Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). (28

4  C.F.R. Part 36, Subpart A, Sec 36.101.)

5         Under ADAAG, the elevator and its door cover is an "element,"

6  defined under ADAAG as "[a]n architectural or mechanical component of a

7  building, facility, space, or site, e.g., telephone, curb ramp, door, drinking

8  fountain, seating or water closet." ADAAG 3.5 (Definitions.). It is an element of

9  the Restaurant "facility" owned by defendants, defined under ADAAG as "All or

10 any portion of buildings, structures, site improvements, complexes, equipment,

11 roads, passageways, parking lots, or other real or personal property located on a

12 site." (*Id.*) Defendants contest that the elevator door element is not part of the

13 facility or site, but the elevator shaft and its cover is a portion of the "building,

14 structures . . . or other real or personal property located on a site." (*Id.*) While

15 defendants argue that the elevator and its cover are not located on defendants'

16 "site," the elevator is certainly part of their facility, given that it opens into their

17 Restaurant and is owned by them and part of defendants' property, and therefore

18 is located on its "site."

19        A "site" is defined under ADAAG as "[a] parcel of land bounded by

20 a property line <u>or a designated portion of a public right of way</u>." (*Id.*) (Emphasis

21 added). The fact that the elevator cover is on the public sidewalk does not

22 change the fact that it is part of defendants' property and facility, and is located

23 on their site even if the City has granted defendant owners an easement over a

24 public right of way to operate a portion of their facilities. *If* defendants argued

25 that the elevator and the door cover were areas used "only by employees as work

26 areas," they would *still* have an obligation under ADAAG to make it "possible

27 for individuals with disabilities" to "approach, enter, and exit the areas." (See

28 ADAAG 4.1.1(3).) However, the fact that defendants have placed this item

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-11-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  directly in the public sidewalk shows that the area will be used as part of the

2  sidewalk surface by the public.

3           ADAAG requires that in all new construction of exterior elements,

4  at least one accessible route complying with 4.3 shall connect the buildings,

5  facilities, elements, and spaces located on the same site.  (See ADAAG 4.1.2.)

6  Furthermore, ADAAG requires that for all interior and exterior elements of a

7  building, the "ground and floor surfaces" including floors, walks, ramps, stairs,

8  and curb ramps, be made "stable, firm, and slip-resistant." (See ADAAG

9  4.1.2.(4); ADAAG 4.1.3 (3); ADAAG 4.5.)  Therefore whether the elevator and

10  its cover are characterized as interior or exterior elements, defendants would still

11  be required to provide a "stable, firm, and slip resistant" surface on the elevator

12  cover.  Even if the elevator door does not constitute new construction, but rather

13  an alteration, defendants would still be responsible for complying with these

14  same provisions.  (See ADAAG 4.1.6.)

15           If the elevator and elevator door cover were constructed prior to the

16  implementation of Title III and its implementing regulations, defendants would

17  still be required to make the elevator and its door cover accessible to disabled

18  people under the DOJ regulations.  Under the DOJ regulations the elevator door

19  that caused plaintiff to slip and fall is part of defendants' facility and is a public

20  accommodation owned and operated by defendants.  It is part of defendants'

21  facility because section 36.104 defines a facility to include "all or any portion of

22  buildings, structures, sites, complexes, equipment, rolling stock or other

23  conveyances, roads, walks, passageways, parking lots, or other real or personal

24  property, including the site where the building, property structure or equipment is

25  located." (28 C.F.R. Part 36, Subpart A Sec. 36.104.)  The elevator door cover is

26  a portion of the building, a piece of equipment, and part of the site where

27  property structure or equipment is located.  (See id.)  Defendants' facility is a

28  public accommodation because it is a "restaurant or other establishment serving

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-12-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1   food or drink" that is specifically defined as a public accommodation under the

2   act.  (28 C.F.R. Part 36 Subpart A Sec. 36.104.)  Because defendants' facility,

3   which includes any place where equipment such as the elevator cover is located,

4   is a public accommodation, defendants are required to comply with the DOJ

5   regulations (28 C.F.R. Part 36) in its general anti-discrimination provision, in its

6   maintenance provisions, and in its provisions for removal of barriers, regardless

7   of when the facility was constructed.  Specifically, defendants are under a general

8   obligation to ensure that no individual is "discriminated against on the basis of

9   their disability in the full and equal enjoyment of the goods, services, facilities,

10  privileges, advantages, or accommodation" of their facility.  (See 28 C.F.R. Part

11  36 Subpart B Sec. 36.201 (a).)  Defendants are also obligated to "maintain in

12  operable working condition those features of facilities and equipment that are

13  required to be readily accessible to and usable by persons with disabilities by the

14  Act or this part." [Emphasis added]  (See 28 C.F.R. Part 36 Subpart B Sec.

15  36.211 (a).)  And defendants are required to "remove architectural barriers in

16  existing facilities. . . where such removal is readily achievable, i.e. easily

17  accomplishable and able to be carried out without much difficulty or expense."

18  (See 28 C.F.R. Part 36 Subpart B Sec. 36.304 (a).)

19          Especially in light of the purpose of the ADA "to provide a clear and

20  comprehensive national mandate for elimination of discrimination against

21  individuals with disabilities" (42 USC 12101(b)(1)) jurisdiction under the ADA

22  should be interpreted to require compliance by the owners of an element of

23  property which is part of a public accommodation and placed in the middle of a

24  public sidewalk.

25

26      **D.    THE CASES CITED BY DEFENDANTS DO NOT
            SUPPORT THEIR POSITION THAT "A SIDEWALK**
27      **ELEVATOR COVER IS NOT PART OF DEFENDANTS'
            PUBLIC ACCOMMODATION"**
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                    –13–
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1

## 1.   PICKERN V. PIER 1 IMPORTS, INC. SUPPORTS PLAINTIFF'S POSITION THAT AN ADJOINING LANDOWNER DOES HAVE LIABILITY FOR AN AREA IT CONTROLS AND/OR MAINTAINS

2

3

4    <u>Pickern v. Pier 1 Imports, Inc.</u> (9th Cir. 2006) 457 F.3d 963, relied

5    upon by defendants, does not support their position at all, but in fact makes clear

6    that an adjoining property owner would have Title III liability for an area of

7    public property <u>if it had control</u> over maintenance of this area.  In <u>Pickern</u>,

8    plaintiff argued she wished to require a wheelchair accessible route over a

9    "grassy strip" area adjacent to defendant's property.  However, it was undisputed

10    that the defendants "do not own or lease the strip of land, and do not mow,

11    maintain or manage it.  It is undisputed that the City had exclusive control over

12    the design and construction of the sidewalk."  (*Id.,* at 965.)

13    This is the exact opposite to the instant case where the area in

14    question, the metal elevator cover, is part of defendants' Restaurant; they

15    designed/constructed/installed it; they both operate it, control it, and maintain it.

16    In fact, the City has alleged that defendants 1268 Grant Avenue, LLC and

17    Christopher P. Foley have sole responsibility for maintaining the condition of

18    this area.  (See City's Answer, ¶¶ 7-9.)

19    Despite defendants' reference (at p.6, l.14-15 of their Brief) that the

20    <u>Pickern</u> court "rejected" a plaintiff's "'tortured interpretation' of 'site'," the

21    actual quote was rejection "of guidelines that were never adopted by the DOS."

22    Defendants take part of a footnote (fn.2 at p.967) out of context, and leave out

23    that the court, in same footnote, found the argument "irrelevant" <u>because the</u>

24    <u>business had no control of the site:</u> "Regardless of the definition of 'site,' to be

25    liable, the appellees must control the grassy strip."  (*Id.*)

26    <u>If</u> the owner defendants in this case <u>denied</u> that they controlled the

27    elevator and its cover, and the portion of the public walkway which includes the

28    cover, they would pose a *<u>factual</u>* issue not properly addressed by a Rule 12(b)(6)

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-14-

S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  motion.  But defendants apparently do not disagree with the City's position that

2  the property owner defendants are responsible for maintaining this area; indeed,

3  they have by substitution of counsel now taken over the City's representation as

4  well!  (Docket entry No. 30, 12/17/07.)  Further, in the third line of their motion,

5  defendants admit, "The elevator is used by an adjacent restaurant building and is

6  completely contained within a public sidewalk."  (Defendants' Brief, p.1, l.21-

7  22.)

8         Therefore, the issue of plaintiff's "intent" to patronize the

9  Restaurant is irrelevant.  Plaintiff had a right to use the public sidewalk, on

10 February 8, 2007 and in the future, and the complaint alleges defendants

11 maintained this portion of the sidewalk in violation of the ADA's requirements.

12 Public policy supports plaintiff's efforts under the ADA to force the business that

13 maintains this illegally inaccessible area to remove the "barrier" to safe use by

14 disabled persons.

15

16      **2.    THE OREGON DISTRICT COURT'S ALFORD
17             DECISION HAS NO RELEVANCE TO A
               SITUATION WHERE AN ADA TITLE III
18             BUSINESS' METAL PLATE ELEVATOR COVER
               WAS INSTALLED IN THE MIDDLE OF A
19             SIDEWALK**

20         Defendants also cite Alford v. City of Cannon Beach (D. Oregon)

21 2000 US Dist. Lexis 20730 (p.6, l.4-10 of Defendants' Brief), including the

22 proposition "'site' does not include city streets.  The regulation does not

23 requirement blanket construction of new sidewalks along the city streets."

24         First, Alford (an Oregon District Court case not reported in F.Supp.

25 2d and not involving California law), did not involve the instant situation where

26 defendants' metal elevator cover was constructed in the middle of the sidewalk

27 itself.  Second, this year 2000 District Court case was issued two years before

28 the 9th Circuits decision in Barden v. City of Sacramento (9th Cir. 2002) 292 F.3d

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA
−15−
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1    1073, which held that city sidewalks were a service, program or activity of a city,

2    subject to the accessibility regulations under the ADA and Rehabilitation Act.

3        In keeping with our precedent, maintaining public sidewalks is a
         normal function of a city and "without a doubt something that the
4        [City] 'does.' " ...  Maintaining their accessibility for individuals with
         disabilities therefore falls within the scope of Title II.
5        (*Id.*, at 1076)

6            The <u>Alford</u> trial court decision is also of questionable precedential

7    authority in light of some of its other holdings.  For example, the magistrate

8    judge also held that, while it was "disfavored" for a business to "carry the patron

9    him or herself up the steps, independent of their wheelchair," it was <u>okay</u> as an

10   "alternative measure" to providing an accessible entry if "the wheelchair itself,

11   with the patron seated in it, is lifted up the steps." (*Id.*, at p.13) This court also

12   held that it was <u>not</u> improper coercion or intimidation for the owner of a business

13   to tell a wheelchair user "in front of the entrance" to a business that if she

14   "wanted to use a wheelchair she should get out of town;" this was okay because,

15   when this threat was made, the plaintiffs were "not trying to use this restaurant

16   and its services but were showing a photographer the entrance." (*Id.*, at 14-15.)

17           In any event, the portion of the opinion cited by defendants was in a

18   Title II action, not a Title III action as to the sidewalk issue, and simply held that

19   the <u>city</u> had no obligation to construct new sidewalks.  There was no ruling as to

20   whether a <u>portion</u> of a private entity's Title III property actually placed in the

21   middle of a public sidewalk was not still part of the business' "site."

22

23       **3.    A "FAVORABLE" DECISION UNDER THE ADA
                 WOULD REMOVE THE DANGER TO
24               PLAINTIFF AND OTHER VISUALLY DISABLED
                 PERSONS**
25

26           Strangely, defendants allege at p.6, l.23-27, that "Alternatively,

27   Plaintiff Lacks Standing Because Any Injury He Incurred Would Not Be

28   Redressed by a Favorable Decision." (Topic "3").  To the contrary, one purpose

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA
                                                    -16-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1    of this lawsuit, and the remedy made available by ADA Title III, is to require

2    defendants to "remove" the barrier and remedy the situation: provide a proper

3    surface on the elevator cover that is "stable, firm and slip-resistant," per ADAAG

4    4.5.  ADA §308(a)(2) allows injunctive relief, including "an order to alter

5    facilities to make such facilities readily accessible to and usable by individuals

6    with disabilities..."

7            Defendants (at p.7 of their Brief) cite inapplicable cases that, at

8    summary judgment and after evidentiary hearings, found certain plaintiffs were

9    unlikely to be affected by barrier removal because they lived 100 miles away,

10   280 miles away, or in another state from the sites in question.  There is, of

11   course, no such "evidence" at all in the instant case.  Plaintiff in fact lives in

12   Berkeley, and would support by declaration - if this became necessary - that he

13   frequently walks in the area of San Francisco where his subject accident

14   occurred.

15

16           E.    PLAINTIFF'S OTHER CAUSES OF ACTION MAY BE
                   PROVEN INDEPENDENTLY OF ANY ADA
17                 VIOLATION

18           At p.7-8 of their Brief, defendants claim that *all* of plaintiff's other

19   causes of action are (1) state law claims, and (2) dependent on incorporating

20   violations of the ADA for violation.  Neither assertion is correct:

21           The cause of action for violation of Section 504 of the

22   Rehabilitation Act of 1973 is a <u>federal</u> statutory violation, not one of state law.

23   This statute also preceded the Americans With Disabilities Act of 1990 by 17

24   years and operates independently of the ADA.

25           The cause of action for violation of "California Government Code

26   Section 4450 and Resulting Violation of California Civil Code § 54(a)" is based

27   on California laws enacted in 1968 and are not based on violations of the ADA.

28   Sections 4450*ff*, which originally applied to governmental facilities, were

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-17-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

1  incorporated in 1970 into California Health & Safety Code §§ 19955*ff* to apply to
2  privately owned public accommodations.  (See § 19956.)  <u>James Donald v.</u>
3  <u>Sacramento Valley Bank</u> (1989) 209 Cal.App.3d 1183, and <u>James Donald v. Cafe</u>
4  <u>Royale</u> (1990) 218 Cal.App.3d 168, upheld these causes of action before the
5  ADA was even enacted.

6          Government Code § 11135 depends on the factual issue of whether
7  the defendant has received governmental assistance - which can be explored as a
8  factual matter during discovery - but is not dependent on incorporation of the
9  ADA.

10          Violations of Health & Safety Code § 19955 and Civil Code §§ 54
11  and 51-52 (Unruh Act) *may* be violated without incorporation of the ADA.
12  (<u>Hankins v. El Torito Restaurants, Inc., et al.</u> (1998) 63 Cal.App.4th 510; <u>James</u>
13  <u>Donald v. Sacramento Valley Bank</u>, *supra*, and <u>James Donald v. Cafe Royale</u>
14  *supra* (all cases handled by plaintiff's counsel Paul Rein).

15

16     **F.     THERE IS NO BASIS FOR A RULE 12(E) MORE**
                **DEFINITE STATEMENT**
17

18          At p.8 of their Brief, defendants ask the Court to require plaintiff to
19  "Provide a More Definate [sic] Statement of Case" in order to "clarify: 1) where
20  the accident occurred and/or 2) plaintiff's intend [sic] to access defendant's
21  building."  These requests can hardly be done in "good faith" where defendants
22  have previously been served with, and successfully filed a Rule 12(f) Motion to
23  Strike plaintiff's first amended complaint alleging an actual November 16, 2007
24  patronization of the subject restaurant, and where defendants, in the third line of
25  their instant Brief, agree that plaintiff fell on the "metal elevator door cover" of
26  an "elevator" (<u>their</u> elevator) "used by an adjacent restaurant building...."
27  //
28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA                                      -18-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd

## V.    CONCLUSION

It should not be surprising that the ADA requires anyone who actually controls a portion of the public sidewalk to maintain it in a manner that is safe and therefore "accessible" to a blind and disabled person, including "ground and floor surfaces" which "shall be stable, firm and slip-resistant and shall comply with 4.5." (ADAAG 4.5.1)   More than 150 years ago, in the famous California case (David G. Robinson v. Pioche, Bayerque and Company (1855) 5 Cal. 460, 1855 WL 814), the California Supreme recognized that every member of the public, even an intoxicated member, had a right to a safe path of travel on the sidewalk of a public street:

> If defendants were at fault in leaving an uncovered hole in the sidewalk of a public street, the intoxication of the plaintiff cannot excuse such gross negligence.  A drunken man is as much entitled to a safe street as a sober one, and much more in need of it." (Id.)

A sober blind man is also so entitled.

Plaintiff's complaint alleged on its face that plaintiff fell on a portion of the public sidewalk which was also a portion of defendants' public accommodation.  Defendants have asserted a *factual* issue which is whether the cover of their own elevator was part of their public accommodation, and then asserted that plaintiff - who had fallen and broken his arm - had not suffered any "injury in fact."  Defendants have now stalled for eight months without answering the complaint.  Defendants' motion should be overruled and defendants ordered to promptly answer the complaint.

Dated: May 20, 2008                    GEARINGER LAW GROUP
                                       LAW OFFICES OF PAUL L. REIN


                                          /s/ Paul L. Rein
                                       By PAUL L. REIN
                                       Attorneys for Plaintiff
                                       CHARLES BLACKWELL

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS UNDER FRCP 12(b)(6) and 12(e)
CASE NO. C07-04629 SBA

-19-
S:\SLR\BLACKWELL\PLEADINGS\OPPOSITION TO 12(b)(6)-12(e) MOTION.PL.wpd