PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:   510/832-5001
Facsimile:   510/823-4787

BRIAN GEARINGER, Esq.  (SBN 146125)
GEARINGER LAW GROUP
825 Van Ness Ave., 4th Floor
San Francisco, CA 94109-7837
415/440-3102 phone
415/440-3103 fax

Attorneys for Plaintiff
CHARLES BLACKWELL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER P. FOLEY; THAI SPEED, INC. dba CITIZEN THAI RESTAURANT;  and DOES 1-10, Inclusive,<br><br>　　　　Defendants.<br>_____ / | CASE NO. C08-01971 EMC<br><u>Civil Rights</u><br><br>FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, and §55; and HEALTH & SAFETY CODE §§19955, *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff CHARLES BLACKWELL complains of defendants CHRISTOPHER P. FOLEY, THAI SPEED, INC. dba CITIZEN THAI RESTAURANT, and DOES 1-10, Inclusive, and each of them, and alleges as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC            -1-            S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

1. **INTRODUCTION:** This case involves the denial of accessible facilities, in violation of federal and state law, at the Citizen Thai restaurant, located at 1268 Grant Avenue in San Francisco, to plaintiff, a qualified "person with a disability" or "physically handicapped person," who is visually impaired and is unable to safely or with full and equal access use portions of public facilities that are not fully accessible to physically disabled persons with visual disabilities.

2. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons under the standards of the Americans With Disabilities Act of 1990 and California law, and to ensure that any disabled person who attempts to use the Citizen Thai restaurant will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experiences and denial of access and civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of Government Code §4450*, et. seq.*; Health & Safety Code §19955, *et seq*., including §19959; Title 24 California Code of Regulations; and Civil Code §§ 51, 52, 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC                -2-                S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

6. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk and who requires use of a motorized wheelchair for locomotion. Defendants Christopher P. Foley, Thai Speed, Inc. dba Citizen Thai Restaurant, and Does 1-10, Inclusive, are the owners, operators, lessors, and lessees of the business, property, buildings and/or portions thereof located at 1268 Grant Ave., San Francisco, California. This Restaurant is a "public accommodation and business establishment" subject to the requirements of California Health & Safety Code §19955 *et seq.* and of California Civil Code §§ 51, 54, *et seq*. On information and belief, this Restaurant and its facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq*. Construction and alterations since July 1, 1982 also subjected these facilities to the requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990.

7. The true names and capacities of Defendants Does 1 through 10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants Christopher P. Foley, Thai Speed, Inc. dba Citizen Thai Restaurant, and Does 1-10, Inclusive, are and were the owners, operators, lessors and lessees of the subject business, property and/or building at all times relevant

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC        -3-        S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
**(California Health & Safety Code §§ 19955, *et seq.*, Civil Code §§54.1, *et seq.*)**

9. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

10. Plaintiff Charles Blackwell and other similarly situated physically disabled persons who are visually impaired are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

11. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the Citizen Thai restaurant, 1268 Grant Ave., San Francisco, California. The code relating to such public accommodations also requires that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC                -4-                S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject premises during the period Title 24 has been in effect.  On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code §§ 4450*ff.*

12. **FACTUAL STATEMENT:**   On or about November 16, 2007, plaintiff Charles Blackwell visited 1268 Grant Avenue, San Francisco, with access consultant Barry Atwood, to inspect the location of a prior accident he suffered, and to have lunch at the Citizen Thai restaurant.  Plaintiff is informed and believes and thereupon alleges that the Citizen Thai restaurant (hereinafter sometimes "Restaurant"), is and, at all relevant times, was owned and operated by defendants Christopher P. Foley, Thai Speed, Inc., and Does 1-10.  When plaintiff came to the Restaurant's front entrance he had some difficulty entering because of the extreme steep slope of the entry ramp at the front door, as well as the excessive cross-slope, which poses a barrier to persons with visual disabilities.  In addition, the vestibule at the entrance lacked a level landing, and the two entry doors did not provide sufficient space for entry for disabled persons because one of the doors was locked.  Inside the Restaurant plaintiff, either directly or through his access consultant luncheon companion, found multiple additional barriers to access by visually disabled persons, including but not limited to improper nosing on treads of stairs going up to the second floor dining area; improper handrails on

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC                    -5-                    S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

several sets of stairs with excessively wide cross-sections making gripping difficult; lack of contrast striping at the nose of the top and bottom stairs; excessively narrow paths of travel through the Restaurant to the restrooms creating a tripping hazard; and lack of any menu available for visually disabled persons in large print or in Braille.  Further, while dining in the Restaurant, plaintiff used the restroom and discovered that the toilet's grab bars in the "disabled accessible" men's restroom stall were not properly configured or located at the standard and legally required position that could be relied upon by visually disabled persons.  On information and belief, additional barriers to visually disabled persons existed, and continue to exist, which may affect plaintiff on any future visits.  All facilities at these premises must be brought into compliance with all applicable federal and state code requirements.

13. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

14. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiff in that these actions continue to treat plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities.  Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve equal access to and use of these public facilities, and cannot

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC            -6-            S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

return to use the Restaurant and its facilities until they are made properly accessible to disabled persons. Plaintiff alleges that he intends to do so, once legally required access has been provided. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by this Court. As to those of the defendants that currently own, operate, and/or lease (from or to) the subject Restaurant, plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable attorney fees.

15. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code §55, and other law. Plaintiff further requests that the Court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

16. **DAMAGES:** As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered a violation of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the defendants in violation of the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC      -7-      S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

subject laws, to use the public facilities on a full and equal basis as other persons.

17. **TREBLE DAMAGES -** Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1, and 54.3.  At all times herein mentioned, defendants were fully aware that significant numbers of potential users of their public facilities are and will be physically disabled persons.  Further defendants knew and know that some of the Restaurant's patrons would be and were physically disabled persons, including visually disabled and mobility-impaired persons, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge, defendants installed and/or maintained the physical barriers complained of, and have failed to provide properly accessible restrooms and other accessible facilities as required by state and federal law.  Defendants have continued their illegal and discriminatory policies and practices despite actual knowledge that people with physical disabilities attempt to patronize the subject Restaurant and encounter illegal barriers when they do so.

18. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have refused to rectify the violations, and presently continue a course of conduct that discriminates against plaintiff and similarly situated disabled persons.

19. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC                -8-                S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code §§ 54.3 and 55.  Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### SECOND CAUSE OF ACTION:
### VIOLATION OF UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY

20.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 19, above, and incorporates them herein by reference as if separately repled hereafter.

21.   At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

> A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

22.   Plaintiff suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled.  California Civil Code §52(a) provides that each such violation entitles plaintiff to "the actual damages, and any amount

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC         -9-         S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

23.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint, and incorporates them herein as if separately repled.

24.    Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

25.    Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC        -10-        S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

26. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per § 301(7)(B), which includes "a restaurant, bar, or other sales or rental establishment serving food or drink."

27. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

28. Among the specific prohibitions against discrimination were included:

<u>§302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

<u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC       -11-       S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

1  §302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff*.

29. The removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA, as well as per California Health and Safety Code §19959.

30. On information and belief, as of the date of plaintiff's efforts to dine at the Citizen Thai restaurant, and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiff on the basis of his disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

31. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC        -12-        S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

1 the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected
2 to discrimination on the basis of disability in violation of this title or has
3 reasonable grounds for believing that he is about to be subjected to discrimination
4 in violation of §302 and §303.  On information and belief, defendants have
5 continued to violate the law and deny the rights of plaintiff and other disabled
6 persons access to this public accommodation since on or before plaintiff's
7 encounters, as previously noted.  Pursuant to §308(a)(2), "In cases of violations of
8 §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter
9 facilities to make such facilities readily accessible to and usable by individuals
10 with disabilities to the extent required by this title."
11     32.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the
12 Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal
13 Regulations adopted to implement the Americans with Disabilities Act of 1990.
14 Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is
15 being subjected to discrimination on the basis of disability in violation of Title III
16 and who has reasonable grounds for believing he will be subjected to such
17 discrimination each time that he may attempt to use the property and premises.
18     WHEREFORE, plaintiff prays for damages and injunctive relief as
19 hereinafter stated.
20
21 **PRAYER**
22     Plaintiff prays that this Court:
23     1.    Issue a preliminary and permanent injunction directing defendants as
24 current owners, operators, lessors, and/or lessees of the subject property and
25 premises to modify the above described property and premises and related
26 facilities to provides full and equal access to all persons, including persons with
27 physical disabilities; and issue a preliminary and permanent injunction pursuant
28 to ADA § 308(a) and state law directing defendants to provide facilities usable by

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC     -13-     S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

1  plaintiff and similarly situated persons with disabilities, and which provide full
2  and equal access, as required by law;

3      2.     Retain jurisdiction over the defendants until such time as the Court is
4  satisfied that defendants' unlawful policies, practices, acts and omissions, and
5  maintenance of inaccessible public facilities as complained of herein no longer
6  occur, and can not recur;

7      3.     Award to plaintiff all appropriate damages, including but not limited
8  to statutory damages, general damages and treble damages in amounts within the
9  jurisdiction of the Court, all according to proof;

10      4.     Award to plaintiff all reasonable statutory attorney fees, litigation
11  expenses, and costs of this proceeding as provided by law;

12      5.     Award prejudgment interest pursuant to Civil Code § 3291; and

13      6.     Grant such other and further relief as this Court may deem just and
14  proper.

17  Dated: April 17, 2008                  LAW OFFICES OF PAUL L. REIN
                                                 GEARINGER LAW GROUP

20                                                    /s/ Paul L. Rein
                                                By PAUL L. REIN
21                                                  Attorneys for Plaintiff
                                                CHARLES BLACKWELL

23  //
24  //
25  //
26  //
27  //
28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC    -14-    S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  April 17, 2008
                                LAW OFFICES OF PAUL L. REIN
                                GEARINGER LAW GROUP

                                 /s/ Paul L. Rein
                                By PAUL L. REIN
                                Attorneys for Plaintiff
                                CHARLES BLACKWELL

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

FIRST AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C08-01971 EMC          -15-          S:\SLR\FOLEY\FOLEY AMENDED.CMP.wpd