```
 1  PAUL L. REIN, Esq. (SBN 43053)
    PATRICIA BARBOSA, Esq. (SBN 125865)
 2  JULIE A. MCLEAN, Esq. (SBN 215202)
    LAW OFFICES OF PAUL L. REIN
 3  200 Lakeside Dr., Suite A
    Oakland, CA 94612
 4  (510) 832-5001
 5  Attorneys for Plaintiffs
    ROCHELLE ROSLER and LAWRENCE ROSLER
 6
    DONALD GALINE, ESQ.
 7  LAW OFFICES OF DONALD GALINE
    411 Borel Ave., Suite 500
 8  San Mateo, CA 94402
    (650) 345-8484
 9
    Attorneys for Plaintiffs:
10  ROCHELLE ROSLER and LAWRENCE ROSLER

11  MICHAEL T. LUCEY (SBN 99927)
    MICHAEL D. BRUNO (SBN 166805)
12  GORDON & REES LLP
    Embarcadero Center West
13  275 Battery Street, Suite 2000
    San Francisco, CA 94111
14  (415) 986-5900

15  Attorneys for Defendants:
    THE BOARD OF TRUSTEES OF THE LELAND
16  STANFORD JUNIOR UNIVERSITY and THE
    PHILHARMONIA BAROQUE ORCHESTRA
17
18
                   UNITED STATES DISTRICT COURT
19                NORTHERN DISTRICT OF CALIFORNIA

20  ROCHELLE ROSLER and           CASE NO. C03-3579 JF
    LAWRENCE ROSLER
21                                Civil Rights
            Plaintiffs,
22                                CONSENT DECREE AND ORDER
    v.
23
    STANFORD UNIVERSITY;
24  LELAND STANFORD JR.
    UNIVERSITY BOARD OF
25  TRUSTEES; PHILHARMONIA
    BAROQUE ORCHESTRA; and
26  DOES 1-35, Inclusive,

27          Defendants.
                                      /
28
```

Filed AUG 2 7 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Consent Decree and Order:
Case No. C03-3579 JF

1

1.     1. Plaintiffs ROCHELLE ROSLER and LAWRENCE ROSLER filed this action to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JR. UNIVERSITY and THE PHILHARMONIA BAROQUE ORCHESTRA ("Defendants"). Plaintiffs have alleged that Defendants violated Title III of the ADA, sections 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of California Health and Safety Code by failing to provide full and equal access to the facility known as the Stanford Memorial Church located in the City of Palo Alto, County of Santa Clara, California, and related facilities, including accessible parking, an accessible entrance into the facility and accessible restroom facilities when plaintiffs visited the subject facilities on October 9, 2002. Plaintiff ROCHELLE ROSLER further alleges that as the result of defendants' failure to remove access barriers at the subject facilities that she fell and was severely injured due to the lack of an accessible path of travel to the Stanford Memorial Church on October 9, 2002.

2. Defendants have answered Plaintiffs' Complaint, denying all of plaintiff's allegations, and by entering into this Consent Decree and Order do not admit liability for the matters alleged in Plaintiffs' Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief claim in this lawsuit without the need for protracted litigation, and without the admission of any liability.

JURISDICTION:

3. The parties agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation over the issue of plaintiffs' claims for injunctive relief, plaintiffs ROCHELLE ROSLER and LAWRENCE ROSLER and defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JR. UNIVERSITY ("STANFORD") agree to entry of this Consent Decree and Order to resolve all allegations raised in the Complaint concerning claims for injunctive relief. Accordingly, the parties agree to entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning plaintiffs' request for injunctive relief at the subject property. Plaintiffs' demand for damages, and attorney fees, litigation expenses and costs will be resolved by settlement or through litigation and are not resolved in this Consent Decree and Order.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

SETTLEMENT OF INJUNCTIVE RELIEF:

5. This Consent Decree and Order shall be a full,

complete, and final disposition and settlement of Plaintiffs' claims for injunctive relief that have arisen out of the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such. The Parties jointly request that the Court enter the Consent Decree and Order set forth herein with respect to plaintiffs' claims to injunctive relief. The Court shall retain jurisdiction over this action to enforce provisions of this Consent Decree and Order for eighteen (18) months from the date of this Consent Decree and Order.

INJUNCTIVE RELIEF:

6. The parties agree and stipulate that all of the modifications set forth in **Exhibit 1** hereto will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

TIMING OF MODIFICATIONS AND BARRIER REMOVAL:

7. STANFORD agrees to submit building permit applications for all modifications and barrier removal that require a building permit within 60 days of entry of this Consent Decree and Order, and will complete all modifications and barrier removal required by this Consent Decree and Order by January 31. 2005. In the event that STANFORD is unable to

complete the corrective work as contemplated by this Consent Decree and Order, notwithstanding a good faith effort to complete the work, STANFORD will notify Plaintiffs' counsel of any delay and the cause for the delay. Plaintiffs will not unreasonably withhold consent for a short extension of time to complete the modifications and barrier removal, but maintain the right to seek a motion to enforce this Order in the event the modifications and barrier removal are not completed by January 31, 2005.

TERMS OF THE INJUNCTIVE RELIEF:

8. For purposes of settlement, the parties have reached an agreement on plaintiffs' claims for injunctive relief. STANFORD agrees to modify and add accessible parking, directional signage to the accessible entrance, accessible paths of travel to the accessible entrances, and to create an accessible unisex restroom inside the Church as depicted in **Exhibit 1**, which is a drawing of the required modifications, and addition of accessible parking, including the standards and location for the reconfiguration and installation of accessible parking, signage, paths of travel, entrance to the Memorial Church, and creation of an accessible unisex restroom inside the Memorial Church. Exhibit 1 is hereby incorporated by reference as part of this Consent Decree and Order settling the injunctive relief portion of this matter. The parties further agree that STANFORD has already removed the "bollard" over which plaintiff ROCHELLE ROSLER alleges she tripped, and have paved over the surface where the "bollard" was located.

9.  In addition to the modifications and barrier removal depicted in **Exhibit 1**, STANFORD agrees to modify its policies and procedures to permit public parking by persons with disabilities to use the modified accessible parking spaces as identified in **Exhibit 1**. The modification of policies and procedures for public parking is set forth in **Exhibit 2**, and incorporated herein by reference.

DAMAGES AND ATTORNEY FEES:

10. Plaintiffs and Defendants have not reached an agreement regarding Plaintiffs' claims for damages, attorney fees, litigation expenses and costs that have arisen in this matter in regards to Plaintiffs' Complaint. The parties agree to continue negotiation of Plaintiffs' claims for damages and attorney fees, litigation expenses and costs. Such claims will be resolved through settlement or litigation by the parties and no resolution of said claims is intended by this Consent Decree and Order.

ENTIRE CONSENT DECREE AND ORDER:

11. This Consent Decree and Order, and any appendices attached, constitutes the entire agreement between the parties on the matters of injunctive relief and claims for statutory damages, attorneys fees, litigation expenses and costs, for claims under the ADA and California civil rights laws, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order,

shall be enforceable regarding the matters described herein.

CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

12. Concerning the modifications and barrier removal described herein, this Consent Decree and Order shall be binding on ROCHELLE ROSLER and LAWRENCE ROSLER and on STANFORD and on any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this consent decree.

TERM OF THE CONSENT DECEREE AND ORDER:

13. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months from the date of this Order. The Court shall retain jurisdiction of this action to enforce provisions of this Order for eighteen (18) months from the date of this Order.

SEVERABILITY:

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542

15. Except for all obligations required in this Consent Decree and Order, and Plaintiffs' remaining claims for damages

1  and attorney fees, litigation expenses and costs, each of the
2  parties to this Consent Decree and Order, on behalf of each,
3  their respective agents, representatives, predecessors,
4  successors, heirs, partners and assigns, releases and forever
5  discharges each other party and all officers, directors,
6  shareholders, subsidiaries, joint venturers, stockholders,
7  partners, parent companies, employees, agents, attorneys,
8  insurance carriers, heirs, predecessors, and representatives of
9  each other Party, from all claims, demands, damages, actions,
10 and causes of action of whatever kind or nature, presently
11 known or unknown, arising out of or in any way connected with
12 the Lawsuit.

13    16.  Each of the parties to this Consent Decree and Order
14 understands and agrees that there is a risk and possibility
15 that, subsequent to the execution of this Consent Decree and
16 Order, any or all of them will incur, suffer, or experience
17 some further loss or damage with respect to the lawsuit which
18 are unknown or unanticipated at the time this Consent Decree
19 and Order is signed.  Except for all obligations required in
20 this Consent Decree and Order, the parties intend that this
21 Consent Decree and Order apply to all such further loss with
22 respect to the lawsuit, except those caused by the parties
23 subsequent to the execution of this Consent Decree and Order.
24 Therefore, except for all obligations required in this Consent
25 Decree and Order, and plaintiff's remaining claims for damages,
26 attorney fees, litigation expenses and costs, this Consent
27 Decree and Order shall apply to and cover any and all claims,
28 demands, actions and causes of action by the parties to this

Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

SIGNATORIES BIND PARTIES:

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: July 30, 2004

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
ROCHELLE ROSLER and LAWRENCE ROSLER

Dated: August 12, 2004

_____
Plaintiff
ROCHELLE ROSLER

Dated: August 12, 2004

_____
Plaintiff
LAWRENCE ROSLER

Consent Decree and Order:
Case No. C03-3579 JF

8

1  Dated: ~~May~~ July 27, 2004         MICHAEL T. LUCEY
2                                        MICHEL D. BRUNO
                                         GORDON & REES LLP
3
4                                        _____
                                         By Attorneys for Defendants
5                                        THE BOARD OF TRUSTEES OF THE
                                         LELAND STANFORD JUNIOR
6                                        UNIVERSITY; PHILHARMONIA BAROQUE
                                         ORCHESTRA
7
8  Dated: ~~May~~ July 26, 2004
                                         _____
9                                        Defendant
                                         THE BOARD OF TRUSTEES OF THE
10                                       LELAND STANFORD JUNIOR UNIVERSITY
11
12                    CONSENT DECREE AND ORDER
13         Pursuant to stipulation, and for good cause shown, IT
14  IS SO ORDERED.
15
16  Dated: ~~May~~ August 26, 2004
                                         _____
17                                       HON. JEREMY FOGEL
                                         U.S. DISTRICT JUDGE
18

Consent Decree and Order:                                              9
Case No. C03-3579 JF