P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendants
1268 GRANT AVENUE LLC,
CHRISTOPHER P. FOLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, 1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. C 07-4629-SBA<br><br>**DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and 12(e))**<br><br>Date:       June 10, 2008<br>Time:      1:00 p.m.<br>Courtroom: Courtroom 3 (Oakland) |

## I. ARGUMENT

### A. DORAN V. 7-ELEVEN DOES NOT AID PLAINTIFF

Plaintiff cites Doran v. 7-Eleven, Inc. (9th Cir. 2007)(as modified and re-issued on May 2, 2008 as 2008 WL 1914751) but the opinion is irrelevant to the issue at hand. Doran holds that a disabled plaintiff who has encountered or has personal knowledge <u>of at least one barrier</u> related to his disability when he files a complaint under the Americans with Disabilities Act and who has been deterred from attempting to gain access to the public accommodation because of that barrier has suffered an injury in fact for the purpose of showing standing under Article III of the Constitution and that plaintiff may, in one suit, permissibly challenge all barriers in that public accommodation related to his specific disability even if located by an expert witness.

-1-

Doran has no application to the instant motion for the simply reason that plaintiff has not encountered any barriers to accessing defendant's public accommodation. The only barrier alleged in this action is a sidewalk elevator door cover that is entirely enclosed within a public sidewalk. Further plaintiff fails to allege that he was trying to access defendant's restaurant or that the sidewalk elevator door cover prevented him from entering the restaurant. Rather plaintiff alleges in his Exhibit to Complaint entitled "Basis of Claim" that he was walking downhill, away from Grant and Vallejo (the location of the restaurant), and towards Columbus Street.

Below it is argued that an elevator door cover in a public sidewalk is not within the scope of a Title III site. As such plaintiff's citation to Doran is unavailing. Actually Doran strongly supports defendants' position because it makes clear that a Title III claim must be based on an attempt to access a public accommodation, something that plaintiff alleges he did not do.

## B. THE SUBJECT SIDEWALK ELEVATOR DOOR IS NOT WITHIN THE SCOPE OF TITLE III

Plaintiff offers a very strained interpretation of what constitutes a "site" within the meaning of Title III.

Plaintiffs initially agree that a "site" is "[a] parcel of land bounded by a property line or a designated portion of a public right of way." Indeed, defendants' restaurant building is bounded by the public sidewalk. Thus under Title III the "site" ends where the sidewalk begins and thus does not include the subject elevator door cover. Given that Title III does not require a building owner to provide accessible routes outside the "site" there is no duty for a private building owner to provide accessible routes along sidewalks and streets. Title III only requires accessible routes from a public sidewalk into the "site." (28 C.F.R. pt. 36, app. A, stand. 4.3 - 4.3.2 (with bold added).) See also Alford v. City of Cannon Beach (D. Or. 2000) 2000 U.S. Dist. LEXIS 20730; Pickern v. Pier 1 Imps. (U.S.), Inc. (9th Cir. 2006) 457 F.3d 963, 967.

However plaintiff goes on to argue that the subject sidewalk elevator door cover is an "element" but then fails to offer any authority that a Title III defendant has the duty to meet the ADAAG accessible route requirements with regard to an element that is not located on the site. Indeed Title III clearly has no such requirements.

-2-

Under ADAAG an *Accessible Element* is defined as:

> An element specified by these guidelines (for example, telephone, controls, and the like).

An *Accessible Route* is defined as:

> "A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts."

And the Accessible Site requirements are as follows:

> **4.1.2 Accessible Sites and Exterior Facilities: New Construction.** An accessible site shall meet the following minimum requirements:
>
> **(1)** At least one accessible route complying with 4.3 shall be provided within the boundary of the site from public transportation stops, accessible parking spaces, passenger loading zones if provided, and public streets or sidewalks, to an accessible building entrance.
>
> **(2)** (a) At least one accessible route complying with 4.3 shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces <u>that are on the same site</u>."

(28 C.F.R. pt. 36, app. A, stand. 3.5, 4.1.2, with underline added)

Based on these definitions defendant has no duty to make a route accessible when the route is not located on the site. The elevator door cover is not an "accessible element" because an elevator door cover is not specified in the guidelines. Even if it were section 4.1.2 only requires an owner to provide an accessible route between "accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site" and that is not the case here.

## C.    CIVIL CODE SECTION 54(c) DOES AID PLAINTIFF

Plaintiff argues that an elevator door cover is actionable under California Civil Code section 54. However section 54(c) refers to the ADA Act as the standard and as argued above the ADA is not implicated. It is true that section 54(a) states that a disabled person has the same right to use a sidewalk as a member of the general public but plaintiff offers no authority that this provides standing to sue an adjacent landowner.

-3-

DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and 12(e))

## II. CONCLUSION

For the forgoing reasons defendants 1268 GRANT AVENUE LLC and CHRISTOPHER P. FOLEY respectfully request the court to dismiss the Complaint. Plaintiff's allegation that the accident occurred on a public sidewalk outside the confines of moving defendant's "site" takes this case outside the scope of Title III. Each cause of action relies on the subject elevator door cover being considered part of the "site" within the meaning of Title III. Based on the forgoing this is not the case.

Dated: May 27, 2008

COLOMBATTO KLIMENKO LLP

By: _____
MICHAEL K. TCHENG
Attorneys for Defendants
1268 GRANT AVENUE LLC, CHRISTOPHER P. FOLEY

-4-

DEFENDANTS 1268 GRANT AVENUE LLC AND CHRISTOPHER P. FOLEYS' REPLY REGARDING MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE FOR A MORE DEFINATE STATEMENT (FRCP 12(b)(6) and 12(e))