PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
CHARLES BLACKWELL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; 1268 GRANT AVENUE LLC; CHRISTOPHER P. FOLEY; and DOES 1-25, Inclusive,<br><br>　　　　Defendants.<br>_____/ | CASE NO. C07-4629 SBA<br><u>Civil Rights</u><br><br>**PLAINTIFF CHARLES BLACKWELL'S OPPOSITION TO RELATED CASE MOTION** |

TO THIS HONORABLE COURT AND TO DEFENDANTS, including THE CITY AND COUNTY OF SAN FRANCISCO: Plaintiff Charles Blackwell files this Opposition to the "Administrative Motion to Consider Whether Cases Should Be Related" (hereinafter "Motion" or "Related Case Motion") filed by defendants to relate *Blackwell v. City and County of San Francisco, et al.*, N. Dist. Cal. Case No. C07-4629 SBA with *Blackwell v. Foley et al.*, N. Dist. Cal. Case No. C08-1971 MHP.

1. **INTRODUCTION**

　　In this case, defendants have improperly alleged that the current action, which is limited to one section of city sidewalk in San Francisco, is "related" to an action involving only the entrance and interior of a privately owned restaurant. The supposed basis for the motion is

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Plaintiff Charles Blackwell's Opposition to Related Case Motion:
Case No. C07-4629 SBA — 1 —
s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc

that the "parties" are the same and that "the property" is the same, although these allegations are patently untrue. In fact, it is at defendants' insistence and legal maneuvering that these two cases have been filed separately; defendants now attempt to have it both ways. Defendants first (successfully) moved to strike plaintiff's first amended complaint on the basis that the newly-added claims were *not* related to the initial claims in plaintiff's complaint, thus forcing plaintiff to file a totally separate action. Then, these same defendants disingenuously claim to the court that the cases *are* in fact "related" within the meaning of the local rule. This type of gamesmanship with the court's resources should not be tolerated.

2.    **FACTUAL AND PROCEDURAL BACKGROUND**

On February 8, 2007, plaintiff Charles Blackwell, a legally blind individual, fell and was injured at an improperly inaccessible portion of city sidewalk in front of the Thai Speed Restaurant in San Francisco. Mr. Blackwell filed suit against the City and County of San Francisco (hereinafter "City") and against the owners of the restaurant property, 1268 Grant Avenue LLC ("1268 Grant") and Christopher P. Foley ("Foley"). Plaintiff alleged that all named defendants are *jointly* liable for the condition of the sidewalk fronting the restaurant, and that the portion of the walkway plaintiff fell on was the metal cover of a freight elevator owned by defendants 1268 Grant and Foley, and used to service the restaurant.

Defendants 1268 Grant and Foley thereafter moved to dismiss the complaint on the basis that Mr. Blackwell had no standing to complain against them since he had not been attempting to visit "the restaurant" at the time of his fall. These defendants further claimed that plaintiff had not alleged that he had ever visited the restaurant or ever intended to, making his pleading of standing insufficient. Rather than spend time and attorney's fees fighting a frivolous motion, plaintiff addressed the so-called deficiency in the pleading by filing a First Amended Complaint which included allegations that he actually had been to the restaurant at a later date, nine months subsequent to his subject injury issue and planned to return. He additionally pled facts relating to the condition of the restaurant itself, as discovered during his visit on November 16, 2007. Thereafter, defendants 1268 Grant and Foley again filed a motion

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff Charles Blackwell's Opposition to Related Case Motion:**
**Case No. C07-4629 SBA** — 2 —

s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc

to strike the First Amended Complaint, this time on the basis that plaintiff had not sought and received court permission for such a filing (despite the fact that all defendants had not yet filed a responsive pleading) and on the basis that such claims were not properly part of the first action because they involved a different transaction.

Judge Sandra Armstrong granted defendants' motion to strike on March 24, 2008. Thereafter, because defendants 1268 Grant Ave and Foley refused to stipulate to allow plaintiff to add the new factual incident to the "first" complaint, plaintiff had no choice but to file a separate complaint in order to bring his claims regarding his visit to the restaurant itself. Plaintiff named Foley in his second-filed complaint as well as the restaurant operator, Thai Speed Inc. dba Citizen Thai ("Thai Speed"). Now, as a result of defendants' legal maneuvering, there are *two* separate pending federal court actions. One involves the inaccessible sidewalk which caused Mr. Blackwell's fall and includes the City of San Francisco as a defendant, and the second involves the inaccessible Citizen Thai restaurant which Mr. Blackwell visited after filing his first complaint.

Further, Foley and 1268 Grant have maintained and continue to maintain that plaintiff has no standing to assert *any* ADA Title III claims relating to the sidewalk, and that his only ADA injunctive relief remedy as to the dangerous metal elevator cover lies in a Title II suit against the City. This makes their related case motion especially ludicrous, given that these same defendants are now alleging as a basis for relating the cases that both involve "Title III" ADA claims – claims which the moving defendants continue to maintain are invalid as to at least the first-filed case!

Defendants should not be rewarded for their gamesmanship in taking one position when it benefits them in one motion and a completely opposite position in another motion, again simply because it benefits them.

3. **LEGAL STANDARD**

Under Local Rule 3-12(b), two actions are related when both concern "(1) Substantially the same parties, property, transaction, event or question of law; and (2) when it

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff Charles Blackwell's Opposition to Related Case Motion:**
**Case No. C07-4629 SBA**
— 3 —
s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc

appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Both prongs must be satisfied for the actions to be "related" within the meaning of the rule.

    a)    **First Prong of LR 3-12(b)**

        i)    **"Same Parties" Element**

Looking to the "same parties" element of the first prong, in the instant case, while plaintiff has brought two separate disability access claims, only one of the four defendants, in the two actions, Foley, is a defendant in both actions. The mere fact that one plaintiff has brought two access suits (in this case, plaintiff has filed only two access suits in his life) does not serve to make these two complaints related, any more than the fact that one plaintiff has filed more than one federal claim of any other type.

One of plaintiff's cases involves a portion of city sidewalk (which plaintiff alleges that Foley is jointly responsible for, along with two other defendants). The second case involves a restaurant premises, which again, plaintiff alleges that Foley is jointly responsible for, along with one other defendant who is not at all involved in the first action. In fact, there are more parties which are not in common between the two cases (defendants City and County of San Francisco, 1268 Grant Avenue LLC and Thai Speed Inc.) than there are in common (plaintiff Blackwell and Foley). This overlap is not sufficient to make the parties the "same" for purposes of the local rule.

        ii)    **"Same Property" Element**

Looking to the "same property" element of the first prong, it is clear that "substantially" the same property is *not* at issue in the allegedly related cases. Mr. Blackwell's first case deals with one specific section of a city sidewalk which is under the responsibility of both the City and County of San Francisco as well as the property owner whose property fronts on the sidewalk. The first action does not attempt to make the restaurant accessible. The second case involves the premises and amenities of the Citizen Thai Restaurant, including entrance, interior, tables, menus, restrooms. The two premises at issue border on each other, but are not the same.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff Charles Blackwell's Opposition to Related Case Motion:**
**Case No. C07-4629 SBA** — 4 —

s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc

1  Thus it is clear that the second element of the first prong, that the cases deal with "substantially the same property" is not satisfied.

### iii) **"Same Transaction or Event" Element**

Looking to the "transaction" or "event" element of the first prong, it is even clearer that the transaction or events covered by the various complaints are not "substantially the same;" Charles Blackwell's February 8, 2007 event as alleged in the first-filed complaint involves a broken arm and other personal physical injuries suffered because of the inaccessibility to persons with visual impairments of one portion of the City sidewalk containing the metal cover owned by defendants Foley and 1268 Grant; this event is not part of the second action at all, which involves the restaurant patronage on November 16, 2007. The second action involves a visit to a restaurant which, as defendants themselves point out, occurred *after* the first complaint was filed. At defendants' insistence, this event is not part of the first complaint at all. *The two cases involve completely different events and transactions and cannot be considered related within the meaning of the rule.*

### iv) **"Same Question of Law" Element**

The questions of law in the various cases will *not* be substantially the same, any more than any other two "ADA" disability access cases are related: Mr. Blackwell's first action involves complex questions of apportionment of liability between the City and the private property owner whose property abuts the adjacent sidewalk. In fact, the City cross-claimed against the adjacent property owner claiming that the property owner and *not* the City is responsible for this portion of sidewalk, while the property owner has claimed that plaintiff's only proper remedy is in a Title II action against the City, and not under Title III at all. These issues of law are completely unique to the first-filed Blackwell case.

Mr. Blackwell's second case is a typical ADA case involving the entrance and interior of a private restaurant. There is no question as to City involvement, apportionment of liability, which Title of the ADA is the correct one, or any of the other issues which may bog down the first-filed case. Mr. Blackwell's straightforward claims involving the accessibility restaurant should not have to wait upon the resolution of the complex issues (and upon the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff Charles Blackwell's Opposition to Related Case Motion:**
**Case No. C07-4629 SBA** — 5 —

s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc

constant game-playing by defendants) in the first-filed case.

      b)   **Second Prong of LR 3-12(b)**

The second prong of LR 3-12(b) requires that "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." This prong is not satisfied.

Again, the first-filed case involves the interplay of Titles II and III of the ADA, apportionment of liability between a City entity and a private entity, and resolution of multiple 12(b)(6) motions brought by defendants. This case has already been a waste of judicial resources given the gamesmanship indulged in by defendants. There is no judicial economy that would be served in forcing the second, straightforward ADA case to be related to the first case. Instead, the second case would be delayed by defendants' successful stalling tactics, and provision of access would be put off even more. There are no facts which overlap, the properties do not overlap, only two parties out of five overlap, and no judicial economy would be served by relating the cases.

The first-filed Blackwell case involves only one small portion of City sidewalk (the metal covering of a restaurant's sidewalk elevator). The second-filed Blackwell case involves only the inaccessible facilities at a private restaurant. The discovery and motion work in each of these cases will be very different, with the scope of the cases completely different, as well as the legal issues presented.

In fact, the second-filed case is subject to General Order 56, which imposes specific timelines on inspection, settlement procedures, and imposes strict limits on discovery. The first-filed case, since it involves both Titles II and Title III of the ADA, is not eligible to be a General Order 56 case: it is likely that extreme confusion would result for two such procedurally different cases to be related.

Finally, each of the cases presents such different issues of fact and law that there is no chance of conflicting results or judgments.

4.   **CONCLUSION**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff Charles Blackwell's Opposition to Related Case Motion:**
**Case No. C07-4629 SBA**
— 6 —
s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc

1  It is respectfully submitted that defendants have not fulfilled any of the requirements for a "related case," and are simply trying to twist a Court procedure intended to provide for greater judicial economy to in fact *delay* any protections for disabled persons. Defendants' Motion for Related Case does not meet *any* of the requirements of Local Rule 3-12(b), and should be denied in its entirety.

Dated: June 11, 2008                    Respectfully Submitted,

                                        PAUL L. REIN
                                        JULIE A. OSTIL
                                        ANN WINTERMAN
                                        LAW OFFICES OF PAUL L. REIN


                                        /s/ Julie Ostil
                                        Attorneys for Plaintiffs
                                        CHARLES BLACKWELL

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Plaintiff Charles Blackwell's Opposition to Related Case Motion:**
**Case No. C07-4629 SBA**                                                        — 7 —

s:\jo\cases\c\city and county of san francisco (blackwell)\pleadings\opp to related case motion2 - with plr edits.doc