1

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

3

4
CHARLES BLACKWELL,                           No.  C 07-4629 SBA

5
              Plaintiff,                      **ORDER**

6
    v.                                        [Docket No. 8]

7
CITY AND COUNTY OF SAN
FRANCISCO, *et al.*,

8
              Defendants.

9
_____

10          Currently before the Court is Defendants 1268 Grant Avenue LLC's and Christopher P.

11   Foley's motion to dismiss for failure to state a claim upon which relief can be granted or in the

12   alternative for a more definite statement [Docket No. 8].  In a complaint filed September 7, 2007

13   (the "complaint") [Docket No. 1], plaintiff Charles Blackwell ("Blackwell") alleges that 1268 Grant

14   Avenue LLC, Christopher P. Foley, and Does One through Ten violated Title III of the ADA ("Title

15   III"), Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), and related state

16   laws.  (Compl. ¶¶ 28, 37, 43, 52, 57, 64.).  Blackwell also alleges that the City and County of San

17   Francisco violated Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act,

18   and related state laws. (Compl. ¶¶  17, 37, 43, 52, 57, 64.)

19                                    **BACKGROUND**

20          In his complaint, Blackwell, who is visually impaired (Compl. ¶ 1.), alleges that on February

21   8, 2007, he was walking on the public sidewalk at 1268 Grant Avenue in San Francisco when he

22   slipped and fell on a sidewalk freight elevator door cover.  (Compl. ¶ 2.)  Blackwell states that

23   "while walking across the street at Grant and Vallejo walking towards Columbus on a downhill

24   grade I stepped on a metal plate . . . on the sidewalk & [sic] immediately slipped and fell."  (Compl.

25   Ex. A 2:9.)  As a result of the accident, Blackwell claims that he: 1) sustained serious personal

26   injuries, 2) was denied his rights to full and equal access of the sidewalk, and 3) was denied his civil

27   rights under both California and federal law because the sidewalk was not properly accessible to

28   physically disabled persons such as himself.  (Compl. ¶ 2.)  Blackwell brought claims against 1268

1  Grant Avenue LLC and Christopher P. Foley ("defendants"), who own the restaurant building

2  adjacent to the public sidewalk. (Def.'s Mem. Supp. Mot. 2:1-3.)

3       The defendants filed the Motion to Dismiss currently before the court on October 26, 2007.

4  On November 27, 2007, Blackwell filed a First Amended Complaint [Docket No. 14], which

5  defendants moved to strike [Docket No. 22].  In Blackwell's Opposition to Defendant's Motion to

6  Dismiss, Blackwell explained that his amended complaint alleged that he had patronized the

7  restaurant located at 1268 Grant Avenue (the "restaurant") on November 16, 2007 (after filing his

8  initial complaint) and, at that time, encountered barriers to access due to his disability.  (Pl.'s Opp'n

9  1:23-2:5; Pl.'s Req. Jud. Notice Ex. 1) [Docket No. 34-35]  However, Blackwell's First Amended

10  Complaint was stricken from the record on March 24, 2008 because it was held to be a supplemental

11  pleading and filed without leave of the Court.  (Order granting Mot. to Strike Am. Compl. 5:12-6:5)

12  [Docket No. 32]

13  **LEGAL STANDARDS**

14       Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if it does not

15  "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a

16  motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-

17  pleaded facts are taken as true.  *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007).  The

18  rule of liberal construction before dismissing a complaint under 12(b)(6) is especially important in

19  civil rights cases. *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000).

20       The court cannot consider new facts alleged in plaintiff's opposition papers.  *See Schneider*

21  *v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998).  In order to survive a Rule 12(b)(6)

22  motion to dismiss, a plaintiff's complaint must allege facts, which, if taken to be true, would

23  establish standing.  *See Sacks v. Off. of Foreign Assets Control,* 466 F.3d 764, 771 (9th Cir. 2006).

24       A Rule 12(b)(6) dismissal is warranted only when there is either a "lack of [a] cognizable

25  legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v.*

26  *Riverside Healthcare Sys.*, 516 F.3d 759, 763 (9th Cir. 2008).  Conclusory allegations of law,

27  unwarranted deductions of fact, or unreasonable inferences, however, are insufficient to defeat a

28  motion to dismiss.  *See Fields v. Legacy Health Sys*., 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell*

2

1    *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

2        Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement

3 of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response."

4 Fed. R. Civ. P. 12(e).  A Rule 12(e) motion is proper only where the complaint is so indefinite that

5 the defendant cannot ascertain the nature of the claim being asserted and cannot reasonably be

6 expected to frame a proper response.  *Id.*

7 **ANALYSIS**

8 **A. Title III of the ADA**

9        Title III of the ADA prohibits discrimination against individuals on the basis of disability in

10 the full and equal enjoyment of the goods, services, facilities, privileges, advantages or

11 accommodations of any place of public accommodation. 42 U.S.C. § 12182(a).  In order to state a

12 cause of action for discrimination under Title III, an individual must allege that (1) he is disabled as

13 that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a

14 place of public accommodation; and (3) the defendant discriminated against the plaintiff based upon

15 the plaintiff's disability.  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

16        Blackwell has alleged with sufficient particularity that he is disabled and that the defendants

17 are private entities operating a place of public accommodation.  However, Blackwell fails to state a

18 claim for discrimination under Title III because he has not alleged that defendants discriminated

19 against him based on his disability.

20        **1. Qualified Disability**

21        A disability under Title III of the ADA means "a physical or mental impairment that

22 substantially limits one or more of the major life activities" of the individual alleging discrimination.

23 28 C.F.R. § 36.104 (2007).  Blackwell alleges that he is visually impaired (Compl. ¶ 1), and,

24 therefore, sufficiently alleges that he is disabled under Title III of the ADA.  28 C.F.R. § 36.104.

25        **2. Place of Public Accommodation**

26        The phrase "public accommodation" should be construed liberally in order to provide

27 persons with disabilities equal access to the broad range of privileges and accommodations afforded

28 to non-disabled individuals.  *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001).  A private

3

entity is a "public accommodation" if it falls into one or more of twelve categories specified in the ADA.  A restaurant, bar, or establishment serving food and drinks is a place of public accommodation.  42 U.S.C. § 12181(7)(B).

While the defendants do not dispute that their restaurant is a place of public accommodation under the ADA, they argue that the freight elevator door cover on the public sidewalk is not part of their place of public accommodation.  That is because, according to defendants, the elevator door cover is not part of their "site," (Def.'s Mem. Supp. Mot. 5:27-6:3) which is defined by the Department of Justice Regulations as "[a] parcel of land bounded by a property line or a designated portion of a public right of way."  28 C.F.R. pt. 36, app. A, 3.5.  Defendants argue (Def.'s Mem. Supp. Mot. 5:12-26) that a building owner is only required to provide "stable, firm, slip-resistant" floor surfaces along an "accessible route *within the boundary of the site*."  28 C.F.R. pt. 36, app. A, 4.3.2, 4.5.1 (emphasis in original).  In response, Blackwell argues that the elevator door cover is part of the "facility" owned by defendants (Pl.'s Opp'n 11:5-18), which includes "[a]ll or any portion of buildings, structures . . . or other real or personal property located on a site."  28 C.F.R. pt. 36 app. A, 3.5.  Moreover, Blackwell argues that the elevator door cover is part of the site owned by defendants because, even though it is located on a public sidewalk, it is a "designated portion of a public right-of-way" and included in the definition of "site."  *Id.* (Pl.'s Opp'n 11:19-24.)

The Ninth Circuit has clarified that the real question in determining what qualifies as a public accommodation under Title III is which party controls the portion of the property at issue.  *See Pickern v. Pier 1 Imports, Inc.*, 457 F.3d 963, 967 n.2 (9th Cir. 2006) ("Regardless of the definition of 'site,' to be liable, the [defendant] must control the grassy strip."); *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 877-78 (9th Cir. 2004) (whether Title III applies depends on whether the private entities exercise sufficient control so that they can be said to "operate" the facilities); 42 U.S.C. § 12182(a) (emphasis added) (The ADA prohibits discrimination on the basis of disability "by any person who owns, leases (or leases to), or *operates* a place of public accommodation.").  In the context of Title III, "operate" means "to put or keep in operation," "to control or direct the functioning of," or "to conduct the affairs of; manage."  *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 949 (9th Cir. 2004) (internal quotations omitted).

4

Blackwell alleges that defendants are responsible in whole or in part for the condition of the elevator door cover and that they have violated the standards of Title III by the manner in which they have constructed, altered, and maintained the public sidewalk.  (Compl. ¶¶ 8-9, 30.)  Because a 12(b)(6) motion requires that a court construe the complaint in the light most favorable to the nonmoving party, Blackwell sufficiently alleges that defendants control and operate the elevator door cover.  As such, Blackwell has sufficiently alleged that the elevator door cover is part of defendant's place of public accommodation.  *See Disabled Rights*, 375 F.3d at 877-78.

**3. Discrimination in Enjoyment of Goods and Services**

The Ninth Circuit has interpreted Title III to mean that "whatever goods or services the place [of public accommodation] provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000).  Discrimination under Title III includes a failure to remove architectural barriers in facilities where the removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Although Blackwell alleges that he was physically injured as a result of walking on defendants' elevator door cover, he has not alleged any facts to establish a nexus between his physical injury on the sidewalk and the goods or services offered by defendants to the public.  As a result, Blackwell fails to allege that defendants *discriminated* against him as that term is construed under Title III of the ADA.  *See id.*

In *Weyer*, a plaintiff sued an insurance company for offering an insurance policy that allegedly discriminated against the mentally disabled because it provided greater benefits for physical disabilities than for mental ones.  *Id.* at 1108.  Holding that the insurance company had not discriminated against the plaintiff under Title III of the ADA, the Ninth Circuit explained that there was "no nexus between the disparity in benefits [in the policy itself] and the services which . . . [the company] offers to the public from its insurance office."  *Id.* at 1115.  The *Weyer* court explained that the plaintiff had not established a Title III claim because he "did not seek the goods and services of [the] insurance office."  *Id.*

Blackwell contends that he was "denied his rights to full and equal access of [the] sidewalk" because the sidewalk is allegedly not accessible to disabled persons, and that as a result, he slipped

and fell, sustaining personal injuries.  (Compl. ¶ 2.)  However, as argued by defendants  (Def.'s

Mem. Supp. Mot. 5:1-3.), Blackwell does not allege that he was injured while seeking access to the

goods or services provided by the place of public accommodation.  Rather, he was physically injured

while walking over defendants' elevator door cover on the public sidewalk, neither attempting to

enter nor exist defendants' restaurant.  (Compl. Ex. A 2:9.)  However, the mere use of the sidewalk,

where the elevator door cover is located, does not constitute a good or service provided by

defendants to the public.  Therefore, although Blackwell alleges that he fell on the elevator door

cover, he fails to state a claim for discrimination *under the ADA* because he does not allege that he

was discriminated against in his enjoyment of any goods or services provided to the public by

defendants' restaurant.  *See Weyer*, 198 F.3d at 1115.

A court properly exercises its discretion in denying leave to amend if amendment would be

futile.  *Centerprise Int'l, Ltd. v. Micron Tech., Inc.*, 538 F.3d 1107 (9th Cir. 2008).  The Court's

ruling dismissing Blackwell's ADA claim is based on the lack of any allegation that Blackwell ever

entered, intended to enter, or attempted to enter defendants' restaurant.  Indeed, even after

defendants filed the present motion to dismiss, Blackwell did not allege in a subsequent amended

complaint [Docket No. 14][1] that he entered, intended to enter, or attempted to enter the restaurant.

Under these circumstances, defendants' motion to dismiss Blackwell's ADA claim is GRANTED

without leave to amend.

**B.  Constitutional Standing**

To establish standing, a plaintiff must have suffered an injury in fact, there must be a causal

link between the injury and the conduct complained of, and it must be likely that a favorable

decision will redress the plaintiff's injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

(1992).  The plaintiff must have suffered an injury that is concrete, particularized, and actual or

imminent.  *Id.* at 560.  Although the Court holds that Blackwell lacks standing for the same reason

that he fails to state a claim under Title III, Ninth Circuit case law often addresses Title III liability

in the context of standing, and therefore, it merits additional discussion.

---

[1]Upon defendants' Motion to Strike [Docket No. 22], Blackwell's amended complaint [Docket No. 14] was struck by the Court [Docket No. 32].

1    **1. Injury in Fact**

2    The Ninth Circuit has interpreted the requirement of a concrete and particularized injury in

3    the context of Title III of the ADA to mean that a plaintiff must personally suffer an injury as a

4    result of the defendant's noncompliance with the ADA.  *Pickern v. Holiday Quality Foods, Inc.*,  293

5    F.3d 1133, 1137 (9th. Cir. 2002).  Moreover, the court explained in another Title III case that an

6    injury is actual or imminent if a plaintiff can allege that he or she has previously visited a public

7    accommodation and is currently deterred from visiting that accommodation by accessability barriers.

8    *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).

9    Defendants argue that Blackwell did not suffer a particularized, actual, or imminent injury

10   because he never attempted to access their restaurant.  (Def.'s Mem. Supp. Mot. 5:1-3.)  Blackwell

11   argues, relying entirely on *Doran*, that regardless of an ADA plaintiff's intent to access the public

12   accommodation, a plaintiff who has encountered one barrier to access has standing for *all* barriers

13   related to the plaintiff's disability at *any* place in the public accommodation.  (Pl.'s Opp'n  8:9-20.)

14   Blackwell misunderstands and misapplies *Doran*, a case which addresses circumstances where a

15   plaintiff has already established standing due to an ADA-cognizable injury suffered from a barrier at

16   a place of public accommodation and wishes to conduct discovery to determine if there are other

17   barriers at the same facility unknown at the time of the complaint.  *See Doran*, 524 F.3d at 1043-44.

18   But here, Blackwell has not suffered an initial injury under the ADA because he has not alleged, as

19   is required by the Ninth Circuit, that he has "personally encountered barriers that bar his access" to

20   the public accommodation.  *Holiday Quality Foods*, 293 F.3d at 1138.  Thus, he has yet to get his

21   foot in the door for purposes of invoking *Doran*.  *See Doran*, 524 F.3d at 1043-44.  Blackwell's fall

22   allegedly resulted from a slippery surface on the public sidewalk.  But since he was not attempting

23   to access the restaurant, he did not encounter barriers to such access.  As a result, he did not suffer a

24   concrete and particularized injury under Title III of the ADA.  *See id.*

25   Blackwell also fails to allege that an injury under the ADA is actual or imminent.  Other than

26   stating that he "has a need to and wishes to return" to *the public sidewalk* (Compl. ¶ 39) (emphasis

27   added), Blackwell fails to allege that he visited the restaurant prior to filing his complaint or that he

28   is currently deterred from visiting it due to the condition of the elevator door cover.  Whether a

plaintiff has standing turns on the facts as they existed at the time the plaintiff filed the complaint, so visits subsequent to his complaint (Pl.'s Opp'n 2:23-3:5) are irrelevant to establishing an injury in fact. *Lujan*, 504 U.S. at 569 n.4. Further, new allegations or facts filed in a plaintiff's opposition papers alleged to establish standing (Pl.'s Opp'n 17:11-14) will not be considered. *Schneider*, 151 F.3d at 1197. Accordingly, Blackwell's allegation in his complaint, that he needs to and wishes to return to the public sidewalk, is insufficient to establish an actual or imminent injury under the ADA.

Because he has failed to allege an injury attributable to defendants' noncompliance with the ADA, Blackwell has not alleged an injury in fact and therefore lacks standing to bring the Title III ADA claims. *Lujan*, 504 U.S. at 560-61.

**2. Causal Link and Redressability of Injury**

Defendants argue that Blackwell lacks standing because any injury he incurred would not be redressable by a decision in his favor. (Def.'s Mem. Supp. Mot. 6:23-26.) Because the Court holds that Blackwell has not alleged an injury in fact under the ADA, it is unnecessary to consider whether there is a causal link between the injury and the conduct complained of or whether a favorable decision will redress his injury.

**C. The Rehabilitation Act**

Although defendants incorrectly refer to Blackwell's Rehabilitation Act claim as a state disability claim (Def.'s Mem. Supp. Mot. 7:20-23), they are correct in asserting that it can be dismissed along with Blackwell's ADA claim. The Rehabilitation Act prohibits discrimination on the basis of disability under programs or activities receiving federal financial assistance. 29 U.S.C. § 794(a). However, the Rehabilitation Act does not cover discrimination outside of the employment context. 29 U.S.C. § 705 (defining "qualified individual with a disability" under § 794 as "an individual who . . . can benefit in terms of an employment outcome . . ."); *Shiring v. Runyon*, 90 F.3d 827, 830 (3d Cir. 1996) ("The Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq., is applicable only to federal employers and employers who receive federal funding."); *Wells v. Shalala*, 228 F.3d 1137, 1144 (10th Cir. 2000) ("To qualify for relief under § 794(a) . . . [a] [p]laintiff must demonstrate that (1) he is a disabled person within the meaning of the law, (2) he is

1   qualified for the job, and (3) he was discriminated against because of his disability.").  Blackwell

2   does not allege that he is a current or former employee of defendants, nor that he has ever sought

3   employment with defendants or was discriminated against by defendants with respect to an

4   employment outcome.  Thus, he has failed to state a discrimination claim under the Rehabilitation

5   Act.  *Shiring v. Runyon*, 90 F.3d at 830.

6            If a claim is dismissed for failure to state a claim, leave to amend should not be granted if the

7   court determines that the allegation of other facts consistent with the challenged pleading could not

8   possibly cure the deficiency.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,

9   1401 (9th Cir. 1986).  Over the course of two pleadings, Blackwell has not alleged that he was an

10  employee or prospective employee of defendants.  The Court therefore finds that granting him leave

11  to amend to cure this deficiency in his Rehabilitation Act claim would be futile and a waste of

12  judicial resources.  Accordingly, defendants' motion to dismiss Blackwell's Rehabilitation Act claim

13  is granted without leave to amend.  *Id.*

14  **D.  State Law Claims**

15           Blackwell includes several discrimination claims based on state law.  (Compl. ¶ 41-66)

16  Defendants sole argument in support of their motion to dismiss such claims is that "[g]enerally, each

17  of [such claims] refers to or adopts Title III ADA standards as a minimum standard relating to

18  accessibility."  This contention is vague at best and its implication, that a violation of the ADA is a

19  predicate to a violation of the state laws, is incorrect.  For example, California Civil Code, Section

20  54 provides that "[a] violation of the right of an individual under the Americans with Disabilities

21  Act of 1990 also constitutes a violation of this section."  Cal Civ. Code § 54(c).  However, this does

22  not mean that a violation of the ADA is a predicate to violation of § 54.  Rather, logic and case law

23  establish that reference to the ADA means that § 54 imposes, at the very least, the same

24  requirements as the ADA.  Thus, it is entirely possible that a defendant can violate § 54 without

25  violating the ADA.  *See, e.g, Hankins v. El Torito Rests.*, 63 Cal. App. 4th 510, 523-524 (Cal. App.

26  1st Dist. 1998) ("[S]ection 54.1 was amended to state that a 'violation of the right of an individual

27  under the [ADA] also constitutes a violation of this section . . .'  We interpret this amendment as an

28  acknowledgment by the Legislature of its intent that Civil Code section 54.1 impose at least the

1   same requirements as are imposed by the Americans with Disabilities Act . . .").  Likewise,

2   California Government Code, Section 11135 provides "[w]ith respect to discrimination on the basis

3   of disability, programs and activities subject to subdivision (a) shall meet the protections and

4   prohibitions contained in [the ADA], *except that if the laws of this state prescribe stronger*

5   *protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject*

6   *to the stronger protections and prohibitions*."  Cal Gov Code § 11135 (emphasis added).

7   Defendants leave the Court speculating as to what their argument consists of.  Accordingly,

8   defendants' motion to dismiss Blackwell's state law claims is DENIED.

9                                          CONCLUSION

10         For the foregoing reasons, defendants' motion to dismiss [Docket No. 8] is GRANTED in

11  part and DENIED in part.  Blackwell's claims against defendants for past discrimination under Title

12  III of the ADA and the Rehabilitation Act are dismissed with prejudice.

13         It is further ORDERED that, pursuant to Civil Local Rule 16-10(c), a case management

14  conference is scheduled for November 19, 2008 at 3:30 p.m.  The parties shall **meet and confer**

15  prior to the conference and shall prepare a joint Case Management Conference Statement which

16  shall be filed no later than ten (10) days prior to the Case Management Conference that complies

17  with the Standing Order For All Judges Of The Northern District Of California and the Standing

18  Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging

19  the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above

20  indicated date and time.

21         IT IS SO ORDERED.

22

23  September 30, 2008                    _Saundra B Armstrong_
                                          Saundra Brown Armstrong
24                                        United States District Judge

25

26

27

28