IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL, | CASE NO. C07-04629 SBA |
| Plaintiff, | |
| v. | **ORDER** |
| CITY AND COUNTY OF SAN FRANCISCO; 1268 GRANT AVENUE LLC; CHRISTOPHER P. FOLEY; and DOES 1-10, Inclusive, | [Docket No. 45] |
| Defendants. | |

Before the Court is plaintiff's Motion for Reconsideration of Order Granting in Part and Denying in Part Motion to Dismiss. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiff's Motion for Reconsideration for reasons set forth below.

## BACKGROUND

The plaintiff, Charles Blackwell, is a visually impaired man. There are two sets of defendants: the City and County of San Francisco ("City") and 1268 Grant Avenue LLC and Christopher Foley ("Owners"). On February 8, 2007, Blackwell allegedly slipped and fell on an elevator door cover on the public sidewalk outside 1268 Grant Avenue in San Francisco, California and was injured.

## DISCUSSION

On October 26, 2007, Owners filed a motion to dismiss "each cause of action" for the reason "specifically that Title III of the Americans With Disabilities Act and the related state claims do not apply because the elevator door cover mentioned in the Complaint is not located within defendant's public facility but rather within a public sidewalk." [Docket No. 8, Motion].

On page 7 of the Motion, Owners referred to the Rehabilitation Act claim as one of the related *state* disability claims. The Rehabilitation Act of 1973 is a *federal* statute designed to

1  eliminate discrimination on the basis of handicap in any program or activity receiving Federal
2  financial assistance. 29 U.S.C. § 794.
3        On September 30, 2008, the Court granted in part and denied in part the defendants'
4  motion to dismiss. [Docket No. 44, Order entered on October 6, 2008]. The Court dismissed
5  Blackwell's claims for past discrimination under Title III of the ADA Act because he had not
6  alleged an injury in fact under the ADA. The motion was denied as to the state law claims.
7  And the Court dismissed, *sua sponte*, the claim under § 504 of the Rehabilitation Act ("Section
8  504").
9  The Court stated:

> The Rehabilitation Act prohibits discrimination on the basis of disability under programs or activities receiving federal financial assistance. 29 U.S.C. § 794(a). *However, the Rehabilitation Act does not cover discrimination outside of the employment context*. 29 U.S.C. § 705 (defining "qualified individual with a disability" under § 794 as "an individual who . . . can benefit in terms of an employment outcome . . ."); *Shiring v. Runyon*, 90 F.3d 827, 830 (3d Cir. 1996) ("The Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq., is applicable only to federal employers and employers who receive federal funding."); *Wells v. Shalala*, 228 F.3d 1137, 1144 (10th Cir. 2000) ("To qualify for relief under § 794(a) . . . [a] [p]laintiff must demonstrate that (1) he is a disabled person within the meaning of the law, (2) he is qualified for the job, and (3) he was discriminated against because of his disability."). *Blackwell does not allege that he is a current or former employee of defendants, nor that he has ever sought employment with defendants or was discriminated against by defendants with respect to an employment outcome*. Thus, he has failed to state a discrimination claim under the Rehabilitation Act. *Shiring v. Runyon*, 90 F.3d at 830.

[emphasis added].

      The gravamen of Plaintiff's motion is that the Court entered its Order on grounds that were not alleged by defendants and on which the plaintiff has no opportunity to respond.

      Defendant Owners correctly state that a court may grant a 12(b)(6) motion *sua sponte*. However, the standard in the Ninth Circuit requires notice to the plaintiff.  "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its *sua sponte* intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).

      In this case, however, the Court did not give notice of its *sua sponte* intention and the plaintiff had no opportunity to respond. Moreover, Plaintiff is correct that Section 504 applies

to more than employment practices.

Section 504 states:

> *No otherwise qualified individual with a disability* in the United States, as defined in section 705 (20) of this title, *shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance* or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. §794(a) (emphasis supplied).

The statute clearly is not limited to employment discrimination. Employment discrimination is specifically addressed in 29 U.S.C. §794(d).

Section 504 applies to disability claims relating to housing, education and even the accessibility of a public sidewalk by an individual with a vision disability. *See, e.g. Barden v. City of Sacramento*, 292 F.3d 1073 (9th Cir. 2002).

The question of whether any defendants in this case are subject to § 504 of the Rehabilitation Act is one for another day, but a dismissal of the claim without an opportunity to be heard, prejudices this plaintiff.

Accordingly, the Court GRANTS the motion for reconsideration and VACATES the specific portion of the September 30, 2008, order which dismisses the claims for past discrimination under the Rehabilitation Act.

The Case Management Conference scheduled for January 27, 2009, at 1:00 p.m. is CONTINUED to March 11, 2009, at 2:45 p.m. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for all Judges of the Northern District of California and the Standing Order of this Court.

**IT IS SO ORDERED.**

Dated: 1/23/09

Saundra Brown Armstrong
United States District Judge