UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES BLACKWELL,

    Plaintiff,

v.

CITY & COUNTY OF SAN FRANCISCO, *et al.*,

    Defendants.

No. C-07-4629 SBA (EMC)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION AND 30(b)(6) DEPOSITION**

**(Docket No. 91)**

_____/

Currently pending before the Court is Plaintiff's motion to compel the production of documents and a 30(b)(6) deposition. Having considered the parties' briefs and accompanying submissions, the oral argument or counsel, and all other evidence of record, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion.

**I. DISCUSSION**

A.   Production of Documents

This portion of the order largely memorializes the Court's oral rulings made at the hearing on Plaintiff's motion. More specifically, the Court ordered as follows.[1]

---

[1] These rulings reflect, *inter alia*, that the City's objection to production of documents related to any self-evaluation or transition plan is without merit. It is true that, in *Lonberg v. City of Riverside*, 571 F.3d 846 (9th Cir. 2009), the Ninth Circuit held that an ADA regulation which requires public entities to develop a transition plan for achieving the ADA's accessibility requirements is not privately enforceable. *See id.* at 847-48 (reversing district court decision ordering city to prepare a transition plan that complied with ADA regulation). But just because Plaintiff does not have a private right of action to compel the City to prepare a transition plan does not mean that any transition plan is irrelevant to his case for disability discrimination.

United States District Court
For the Northern District of California

(1) The City shall provide a declaration from the individual who checked the "ADA Deficiency Survey," certifying that the survey did not include the block at issue in the instant action.

(2) The City shall produce the sample form used by the surveyors.

(3) The City shall produce the letter and/or amicus brief that it submitted in conjunction with the *Barden* lawsuit.

(4) The City shall produce the policies and procedures related to its enforcement of Public Works Order 176,112.

(5) The City shall produce the "screen shot" or other document showing that the notice of repair was closed. If there is no such document, then the City shall submit a declaration certifying such.

These documents are relevant and their production is not burdensome. The above documents and/or declarations shall be served within two weeks of the date of this order.

B. <u>30(b)(6) Deposition</u>

As a preliminary matter, the Court notes its agreement with the City that, under Federal Rule of Civil Procedure 30(a)(2), Plaintiff should have asked for leave to take a second 30(b)(6) deposition, having already noticed and taken one 30(b)(6) deposition. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (providing that leave must be granted to take the deposition of a deponent who "has already been deposed in the case"). While there are some courts that have held otherwise, the Court agrees with the reasoning of the district court in *State Farm Mutual Automobile Insurance Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234-35 (E.D. Pa. 2008).

The question thus becomes whether, under Rule 30(a)(2), the court should now give leave to Plaintiff to take a second 30(b)(6) deposition. Rule 30(a)(2) provides that a "court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2) in turn provides that a court must limit discovery where, *e.g.*, "the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

1  importance of the issues at stake in the action, and the importance of the discovery in resolving the
2  issues." Fed. R. Civ. P. 26(6)(2)(C).

3　　　　Although, as indicated above, neither Rule 30(a)(2) nor Rule 26(b)(2) states that a party
4  seeking to take a second deposition must show good cause to take that deposition, some courts have
5  effectively imposed a good cause requirement. *See, e.g.*, *Presidio Components, Inc. v. American*
6  *Tech. Ceramics Corp.*, No. 08cv335 IEG (NLS), 2009 U.S. Dist. LEXIS 25562, at *14 (S.D. Cal.
7  Mar. 25, 2009) (stating that, "[a]bsent a showing of good cause, generally the court will not require a
8  witness to appear for another deposition"); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D.
9  Kan. 1996) (stating that, "[a]bsent some showing of a need or good reason for doing so, 'the court
10 will generally not require a deponent to appear for a second deposition'"); *Graebner v. James River*
11 *Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (noting that "repeat depositions are disfavored, except
12 in certain circumstances," *e.g.*, "long passage of time with new evidence, new theories added to the
13 complaint, etc."). This Court, however, declines to take such an approach. The language of Rule
14 30(a)(2) is clear. Whether a second deposition is to be permitted should be based on the factors
15 identified in Rule 26(b)(2), none of which is good cause.

16　　　　Of course, Rule 26(b)(2) does specify that a court must limit discovery if "the party seeking
17 discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R.
18 Civ. P. 26(6)(2)(C). Thus, for instance, second depositions have been allowed where there is new
19 evidence since the first deposition or new theories added to the complaint. *See Graebner*, *supra*;
20 *Harris v. New Jersey*, 259 F.R.D. 89, 94-95 (D. N.J. 2007). Here, it is clear that Plaintiff had an
21 opportunity to obtain the information now sought through the first deposition. At the hearing,
22 Plaintiff's counsel explained that she sought a second deposition on new subject matters not because
23 of new evidence that came to light after the first deposition, but because she came across a 2008
24 court decision which suggested a new theory to support his claim for disability discrimination. That
25 decision preceded the first deposition. Plaintiff should have been able to cover the subject matters
26 identified in the notice for the second deposition at the time of the first deposition.

27
28

1     Accordingly, the Court denies Plaintiff's request for leave to take a second 30(b)(6)
2  deposition.
3     This order disposes of Docket No. 91.

5     IT IS SO ORDERED.

7  Dated: June 25, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge